**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TRANSCARE CORPORATION, | Case No.: 16-10407 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TRANSCARE NEW YORK, INC., | Case No.: 16-10408 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TRANSCARE ML, INC., | Case No.: 16-10409 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TC AMBULANCE GROUP, INC., | Case No.: 16-10410 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TRANSCARE MANAGEMENT SERVICES, INC., | Case No.: 16-10411 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
|     TCBA AMBULANCE, INC., | Case No.: 16-10412 (SMB) |
|                     Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| ------------------------------------------------------------x | |
| In re: | Chapter 7 |
|     TC BILLING AND SERVICES CORPORATION, | Case No.: 16-10413 (SMB) |
|     Debtor. | |
| ------------------------------------------------------------x | |
| In re: | Chapter 7 |
|     TRANSCARE WESTCHESTER, INC., | Case No.: 16-10414 (SMB) |
|     Debtor. | |
| ------------------------------------------------------------x | |
| In re: | Chapter 7 |
|     TRANSCARE MARYLAND, INC., | Case No.: 16-10415 (SMB) |
|     Debtor. | |
| ------------------------------------------------------------x | |
| In re: | Chapter 7 |
|     TC AMBULANCE NORTH, INC., | Case No.: 16-10416 (SMB) |
|     Debtor. | |
| ------------------------------------------------------------x | |
| In re: | Chapter 7 |
|     TRANSCARE HARFORD COUNTY, INC., | Case No.: 16-10417 (SMB) |
|     Debtor. | |
| ------------------------------------------------------------x | |

**MOTION FOR THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTORS' BUSINESSES AND PAY CERTAIN OPERATING EXPENSES OF THESE ESTATES**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

    Salvatore LaMonica, as interim Chapter 7 Trustee (the "Trustee") of the estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc.

2

and TransCare Harford County, Inc. (collectively, the "Debtors"), by his proposed counsel, LaMonica Herbst & Maniscalco, LLP, seeks the entry of an Order, pursuant to §§ 105(a) and 721 of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Trustee to operate the Debtors' businesses and pay certain expenses on an interim basis solely to wind down and Debtors' operations, *nunc pro tunc* to February 25, 2016 through and including March 27, 2016 (without prejudice to seek further extensions of such authority), and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On February 24, 2016 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

3. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Debtors' cases and is currently acting in that capacity.

4. Debtor TransCare Corporation is the 100% owner, either directly or indirectly, of the other Debtor entities. It is the Trustee's understanding that, prior to the Petition Date, the Debtors operated as an integrated entity.

5. Prior to the Petition Date, the Debtors had extensive operations in New York State, with a large concentration in the New York City area. The Debtors' corporate offices are located at 1 MetroTech Center, Brooklyn, New York 11201. The Debtors also operated out of leased premises located at 25 14th Street, Brooklyn, New York 11215, 800 Bank Street,

3

Brooklyn, New York 11236, 718 South Fulton Avenue, Mt. Vernon, New York 10550 and 295 Stanley Avenue, Brooklyn, New York 11207.

6. The Debtors' business was to provide emergency medical transportation services to hospitals and communities in New York, including 911/EMS services, basic life support, advanced life support, critical care transport, ambulette and wheelchair van, and special venue transportation services, as required by the particular situation. The Debtors also provided non-emergency response services and critical care transfers to and between health care facilities, hospitals, nursing homes and other specialty care facilities at the request of the patient. As of the Petition Date, the Debtor had approximately 700 employees.

7. The Debtors primarily provide emergency response services under contracts with municipalities, counties and other governmental agencies. The contracts require ambulances to respond to emergency calls in a specific area within a set amount of time. The contracts also provide specifications for performance criteria such as staffing levels, response times, service levels, types of vehicles, quality assurance, indemnity and insurance coverage.

8. Upon his appointment, the Trustee took immediate steps to determine whether the Debtors' business could be operated pending a going concern sale. Despite extensive negotiations with various interested parties in these cases, the Trustee was unable to secure the necessary financial commitments to operate the Debtors' business. Without funds to operate and, inter alia, pay employees on a going forward basis, the Trustee was left with no alternative but to shut down the Debtors' operations. Accordingly, as of approximately 11:00 p.m. on February 25, 2016, the Debtors' operations were shut down and the Trustee began taking all steps necessary to secure the Debtors' assets and wind down the Debtors' business.

9. The Trustee has negotiated a temporary budget with one of the Debtors' secured lender, Wells Fargo Bank, N.A., in the amount of $50,000.00, which Wells Faro Bank, N.A. has agreed to immediately wire to the Trustee. The Trustee has also, among other things, arranged for 24-hour security at each of the Debtors' premises, taken steps to secure assets at each of the Debtors' premises, contacted hospitals and regulatory authorities and arranged for the return of narcotic substances in accordance with applicable law. The Trustee's wind down efforts are ongoing and essential.

## RELIEF REQUESTED AND BASIS FOR RELIEF

10. By this Motion, the Trustee seeks authority to operate the Debtors' business and pay certain necessary expenses on an interim basis solely to wind down the Debtors' operations, *nunc pro tunc* to February 25, 2016 through and including March 27, 2016 (without prejudice to seek further extensions of such authority). A proposed Order is annexed as **Exhibit A**.

11. Pursuant to Bankruptcy Code § 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The Trustee submits that it is in the best interests of the Debtors' estates for the Trustee to continue to operate the Debtors' business solely to complete an orderly and responsible wind down of the Debtors' operations. The Debtors' had extensive operations throughout New York as of the Petition Date and employed approximately 700 people; such operations cannot be shut down overnight and, accordingly, cause exists to grant the Trustee the authority he seeks.

13. The Trustee should be also authorized to pay certain reasonable and necessary expenses in connection therewith. Wells Fargo Bank, N.A., one of the Debtors' secured creditors, has agreed to wire transfer the sum of $50,000.00 to the Trustee to fund the wind down on a preliminary basis, without prejudice to a future wind down budget to be agreed to by the parties. There is no other source of funding for the wind down. The $50,000.00 advanced by the Wells Fargo Bank, N.A. shall be: (a) afforded super-priority administrative claim treatment; and (b) secured by replacement liens on all post-petition assets recovered by the Trustee. Wells Fargo Bank, N.A. will reserve its rights to seek additional adequate protection.

14. A line of well-established cases support the relief requested herein. See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.), 713 F.2d 534 (9th Cir. 1983); Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

15. For these reasons, the Trustee respectfully submits that the Court authorize him to operate the Debtors' business and pay certain necessary expenses on an interim basis solely to

wind down the Debtors' operations, *nunc pro tunc* to February 25, 2016 through and including March 27, 2016 (without prejudice to seek further extensions of such authority).

## **NOTICE AND NO PRIOR REQUEST**

16. By separate application, the Trustee will seek the entry of an Order scheduling a hearing on shortened and limited notice of this Motion.

17. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: February 26, 2016
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Proposed Counsel to Salvatore LaMonica, as
Chapter 7 Trustee

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500