UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                  Chapter 7

TRANSCARE CORPORATION, et al.,                           Case No.: 16-10407 (SMB)
                                                                                        (Jointly-Administered)

                    Debtors.
---------------------------------------------------------------x

**ORDER: (I) APPROVING THE STIPULATION RESPECTING THE SALE OF CERTAIN PERSONAL PROPERTY; (II) AUTHORIZING THE PUBLIC AUCTION SALES OF CERTAIN PERSONAL PROPERTY; (III) APPROVING THE SALE AND NOTICE TERMS FOR THE PUBLIC AUCTION SALES OF CERTAIN PERSONAL PROPERTY; (IV) APPROVING THE SALE OF CERTAIN PERSONAL PROPERTY, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS TO THE SUCCESSFUL BIDDERS AT THE PUBLIC AUCTION SALES; (V) APPROVING THE EMPLOYMENT OF MALTZ AUCTIONS, INC. AS AUCTIONEER TO MARKET AND PUBLICLY AUCTION CERTAIN PERSONAL PROPERTY; (VI)AUTHORIZING THE TRUSTEE TO DONATE OR OTHERWISE DISPOSE OF CERTAIN *DE MINIMUS* PERSONAL PROPERTY; AND (VII) GRANTING RELATED RELIEF**

Upon the motion dated March 17, 2016 (the "Sale Procedures Motion")[1] of Salvatore LaMonica, as interim Chapter 7 Trustee (the "Trustee") for the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order: (i) approving the *Stipulation Respecting the Sale of Certain Personal Property* (the "Stipulation") between the Trustee, Patriarch Partners Agency Services LLC, on behalf of itself and as Administrative Agent ("PPAS"), and Transcendence Transit, Inc.; (ii) authorizing the Trustee to proceed with public auction sales of

---

[1]     Defined terms not otherwise defined herein shall have the same meanings ascribed to them in the Sale Procedures Motion.

certain personal property; (iii) approving the terms and conditions of sale (the "Sale Terms") and noticing for the public auction sales (the "Notice of Sale"); (iv) approving the sales of certain personal property, free and clear of all liens, claims and encumbrances, security interests and other interests, to the successful bidder(s) at the public auction sales; (v) approving the Trustee's employment of Maltz Auctions, Inc. as his auctioneer to market and publicly auction certain personal property; (vi) authorizing the Trustee to donate or otherwise dispose of certain *de minimus* personal property; and (vii) approving and granting such other, further and different relief as this Court deems just and proper (the "Sale Procedures Motion") [Dkt. No. 37]; and upon the Order scheduling a hearing on shortened and limited notice of the Sale Procedures Motion (the "Scheduling Order") [Dkt. No. 39]; and upon the Affidavit of Service evidencing proof of service of the Sale Procedures Motion and the Scheduling Order [Dkt. No. 42]; and upon the Response of PPAS to the Sale Procedures Motion [Dkt. No. 49]; and no objections or other responses having been filed with the Court; and the matter having come on to be heard before the Court on March 24, 2016 (the "Hearing"), the transcript of which is incorporated by reference herein; and no additional notice or hearing being required; and, based upon the Sale Procedures Motion and the representations made to the Court at the Hearing, it now appearing that the relief requested in the Sale Procedures Motion is in the best interests of the Debtors' estates; and after due deliberation thereon and good cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT**:[2]

    A.    This Court has jurisdiction over the Sale Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. See FED. R. BANKR. P. 7052.

2

B.      Consideration of the Sale Procedures Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

C.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Sale Procedures Motion, including this Court's approval of: (i) the Stipulation; (ii) the public auction sales of the Tangible Personal Property Assets on the terms set forth in the Sale Procedures Motion; (ii) the Sale Terms for the public auction sales of the Tangible Personal Property Assets; (iii) the Notice of Sale for the public auction sales of the Tangible Personal Property Assets; and (iv) the public auction sales of the Tangible Personal Property Assets free and clear of all liens, claims and encumbrances, security interests and other interests to the successful bidder(s) at the public auction sales, with the same to attach to the proceeds thereof pursuant to 11 U.S.C. § 363.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Sale Procedures Motion is approved **to the extent indicated [SMB 3/25/16]** and the Trustee is authorized to proceed with the Auction Sales of the Tangible Personal Property Assets.

2.      The Stipulation annexed to this Order as **Exhibit A** is hereby authorized and approved ~~in all respects~~ **[SMB 3/25/16]**.

3.      In accordance with the Stipulation, the following costs and expenses shall be carved-out of and paid from the gross proceeds from the sale of the Foreclosed Personal Property Assets (the "Carve Out"): (a) sums sufficient to satisfy, in full, any and all reasonable costs incurred by the Trustee directly in connection with the preservation and protection of the Foreclosed Personal Property Assets until the commencement of the auction for such assets; (b)

3

sums sufficient to satisfy, in full, any and all reasonable costs incurred by the Trustee in connection with the sale of the Foreclosed Personal Property Assets, and as such costs relate specifically and solely to the Foreclosed Personal Property Assets, including the reasonable fees and expenses of the Trustee's retained counsel (as approved by the Court).

4. In accordance with the Stipulation, upon clearance of the gross proceeds from the sale of the Foreclosed Personal Property Assets, and following the segregation of sums sufficient to satisfy the Carve Out, 20% of the net proceeds from the sale of the Foreclosed Personal Property Assets will be carved-out for the benefit of the Debtors' estates (the "Creditor Carve Out"); and (b) the Trustee shall be authorized to immediately pay to PPAS 80% of the net sale proceeds from the sale of the Foreclosed Personal Property Assets without further Order of the Court.

5. The Trustee is authorized to segregate 10% of the Creditor Carve Out solely for the payment of for the payment of pre-petition claims entitled to priority under Bankruptcy Code § 507(a)(4).

6. Pursuant to Bankruptcy Code §§ 327(a) and 328 and Bankruptcy Rule 2014, the Trustee is authorized to employ and retain Maltz Auctions, Inc. as his auctioneer to conduct the Auction Sales of the Tangible Personal Property Assets on the terms set forth in the Sale Procedures Motion and the Maltz Affidavit.

7. Maltz Auctions, Inc.'s compensation shall be limited to a 12.5% buyer's premium, which shall be collected and retained by Maltz Auctions, Inc. and shall not be collected by the Trustee or calculated as part of the Tangible Personal Property Assets' sale proceeds **or the amounts disbursed or turned over under 11 U.S.C. § 326 [SMB 3/25/16]**. Maltz Auctions, Inc. shall not be entitled to further compensation or reimbursement of out-of-pocket expenses from the Debtors' estates.

8.  In accordance with Local Rule 6004-1(f), within 21 days of the last Auction Sale, Maltz Auctions shall file a report with the Court and transmit a copy of the report to the United States Trustee.

9.  The Sale Terms annexed to this Order as **Exhibit B** are hereby approved ~~in all respects~~ **[SMB 3/25/16]** and shall govern the Auction Sales of the Tangible Personal Property Assets, provided, however, that the Trustee may, in the exercise of his business judgment, modify non-material terms of the Sale Terms as may be reasonably necessary to effectuate the sale of the Tangible Personal Property Assets.

10. The Tangible Personal Property Assets will be sold: (a) "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such personal property; and (b) free and clear of any and all liens, claims, encumbrances, interests or adverse claims to title, of whatever kind or nature (collectively, the "Liens"), with any such Liens, claims or encumbrances to attach to the net proceeds of sale in the same amount and priority as they existed as of the date the Debtors filed their petitions for relief with this Court.

11. The revised Notice of Sale, substantially in the form annexed to this Order as **Exhibit C**, is hereby approved.

12. The Trustee shall cause a copy of the revised Notice of Sale to be served on not less than twenty-one (21) days prior to the first scheduled Auction Sale on April 20, 2016 (i.e., by March 30, 2016) upon the following parties:

    a. the Debtors, through their counsel

    b. the non-Debtors (TC Hudson Valley Ambulance Corp., TC Ambulance Corp. and TransCare Pennsylvania Inc.);

    c. the United States Trustee;

5

    d. entities who have requested notice under Bankruptcy Rule 2002;

    e. entities who filed proofs of claim with the Court in the Debtors' cases;

    f. all entities known or reasonably believed to have asserted a lien, encumbrance or claim or other interest in any of the Tangible Personal Property Assets;

    g. all affected federal, state and local regulatory and taxing authorities, including the Internal Revenue Service; and

    h. all entities known or reasonably believed to have expressed an interest in the Tangible Personal Property Assets.

Such notice shall constitute good and sufficient notice of the Auction Sales, and no other or further notice of the Auction Sales shall be necessary or required.

13. To the extent subsequent Auction Sales are scheduled by the Trustee at Maltz Auctions, Inc., not less than twenty-one (21) days' notice of such Auction Sales shall be provided in the same manner provided herein. Such notice shall constitute good and sufficient notice of such Auction Sales, and no other or further notice of such Auction Sales shall be necessary or required.

14. The Trustee is authorized, in his sole business discretion, to donate or otherwise dispose of Tangible Personal Property Assets the Trustee determines to be of *de minimus* value to the estates, without further Order of the Court, in connection with, and in furtherance of, the wind down of the Debtors' businesses.

15. The rights of First Financial Corporate Leasing, LLC d/b/a First Financial Healthcare Solutions with respect to certain leased equipment at the Premises are hereby fully reserved and none of the leased equipment of First Financial Corporate Leasing, LLC d/b/a First Financial Healthcare Solutions at the Premises shall be sold by the Trustee without further Order of this Court.

16. The Trustee is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements

6

established by this Order, including expending such reasonable funds as may be necessary to effectuate service of the Notice of Sale.

17. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

18. Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.

Dated: March 25, 2016
      New York, New York

                                           /s/STUART M. BERNSTEIN
                                           Honorable Stuart M. Bernstein
                                           United States Bankruptcy Judge