| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Gary F. Herbst, Esq.<br>Holly R. Holecek, Esq. | Relates to Hearing Scheduled for:<br>April 12, 2016 at 10:00 a.m. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                         Chapter 7

TRANSCARE CORPORATION, et al.,                                 Case No: 16-10407 (SMB)
                                                               (Jointly Administered)

       Debtors.
-------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S RESPONSE TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO TERMINATE GROUP VISION AND DENTAL POLICIES**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE

      Salvatore LaMonica, the interim Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this response (the "Response") to the motion (the "Motion") of UnitedHealthcare Insurance Company of New York ("UHIC") for relief from the automatic stay under section 362 (d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") in order to permit UHIC to retroactively terminate the Policies (as defined below), and respectfully represents and alleges as follows:

**BACKGROUND**

    1.    On February 24, 2016 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

2. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtors' cases and is currently acting in that capacity.

3. Pursuant to Orders dated March 1, 2016, the Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

4. As set forth in the Motion: (a) the Debtors and UHIC are parties to a Group Dental Policy under Group No. 716488 pursuant to which UHIC provided group dental insurance to the Debtors' eligible employees (the "Dental Policy"); and (b) the Debtors and UHIC are parties to a Group Vision Care Insurance Policy under Policy No. 716488 pursuant to which UHIC offered group vision insurance to the Debtors' eligible employees (the "Vision Policy" and, together with the Dental Policy, the "Policies"). See Motion at 1-2, ¶¶ 1-2.

5. According to UHIC, the Debtors failed to pay required premiums due under the Policies prior to the Petition Date and, as a result, UHIC maintains that the Dental Policy is terminable as of January 31, 2016 and the Vision Policy is terminable as of December 31, 2015. See Motion at 4, ¶ 12.

6. The Debtors' cases were filed on an emergency basis and, as of the Petition Date, the Debtors employed more than 1,700 employees, certain of whom were covered under the Policies.

## THE TRUSTEE'S RESPONSE

7. By the Motion, UHIC seeks an Order of the Court granting it relief from the automatic stay to terminate the Policies pursuant to Bankruptcy Code § 362(d)(1) and Rule 4001(d)(1) of the Federal Rules of Bankruptcy Procedure.

8. The automatic stay imposed by Bankruptcy Code § 362(a) may be terminated, annulled, modified, or conditioned:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

9. It is well settled that "[t]he automatic stay provision is considered one of the fundamental debtor protections provided by the bankruptcy laws." Church Mut. Ins. Co. v. Am. Home. Assurance Co. (In re Heating Oil Partners, LP), 422 F. App'x 15, 17 (2d Cir. 2011) (quotation and citation omitted). Consequently, the burden with respect to lifting the automatic stay is a heavy one.

10. By the Motion, UHIC seeks to retroactively terminate the Policies as of dates prior to the Petition Date without notice to the Debtors' employees covered by the Policies. In support of the Motion, UHIC contends that the Policies terminated prior to the Petition Date in accordance with their own terms.

11. The Trustee submits that the Policies either: (a) terminated prior to the Petition Date and, accordingly, no Order granting UHIC relief from the stay is necessary or warranted; or (b) the Policies were in effect as of the Petition Date and UHIC needs relief from the automatic stay imposed by Bankruptcy Code § 362(a) to terminate the Policies. To the extent that (b) applies and the Policies were in effect as of the Petition Date, then the earliest date that the Policies should be deemed terminated is the Petition Date, i.e., February 24, 2016.

12. The Trustee is mindful that a retroactive termination of the Policies to dates prior to the Petition Date will likely affect certain employees who visited providers prior to the Petition Date and had no notice that their Dental and Vision Policies may be subject to cancellation or terminated. According to the Certificate of Service filed on behalf of UHIC, only limited notice of the Motion was provided to certain interested parties in these cases. See Dkt. No. 46. It does not appear that any former employees of the Debtors were provided notice of the

Motion. Moreover, based upon the Motion and the Declaration submitted in support of the Motion, UHIC did not and has not provided separate notice to the Debtors' former employees that the Policies were subject to cancellation or terminated. <u>See</u>, <u>generally</u>, Motion.

13. If the Court is inclined to grant the relief requested in the Motion, the earliest date that the Policies should be deemed terminated is the Petition Date, <u>i.e.</u>, February 24, 2016.

Dated: April 6, 2016
      Wantagh, New York

                            **LaMONICA HERBST & MANISCALCO, LLP**
                            Counsel to Salvatore LaMonica, Chapter 7 Trustee

                By:    <u>*s/ Gary F. Herbst*</u>
                           Gary F. Herbst, Esq.
                           Holly R. Holecek, Esq.
                           3305 Jerusalem Avenue, Suite 201
                           Wantagh, New York 11793
                           Telephone: (516) 826-6500