UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 7

TRANSCARE CORPORATION, et al.,                                      Case Nos.: 16-10407 (SMB)
                                                                    (Jointly Administered)
                Debtors.
---------------------------------------------------------------x

**STIPULATION AND ORDER RESPECTING SALE OF CERTAIN LEASED
PERSONAL PROPERTY AND CARVE OUT FROM SALE PROCEEDS**

WHEREAS, on February 24, 2016 (the "Petition Date"), TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 7 of the title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, pursuant to Orders of the Court, the Debtors' cases are being jointly administered for procedural purposes under TransCare Corporation [Case No. 16-10407];

WHEREAS, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtors' cases and is currently acting in that capacity (the "Trustee");

WHEREAS, prior to the Petition Date, Kin Leasing Corp. and the Debtors and their non-debtor affiliates TC Hudson Valley Ambulance Corp. and TC Ambulance Corp. entered into agreements pursuant to which certain vehicles, including ambulances and sport utility vehicles, were leased (collectively, the "Kin Leasing Vehicles") in exchange for monthly payments (the "Leases");

WHEREAS, pursuant to an Order dated March 25, 2016 (the "Sale Procedures Order") [Dkt. No. 52], the Court authorized, inter alia, the Trustee's public auction sales (the "Auction Sales") of certain personal property, free and clear of all liens, claims and encumbrances, security interests and other interests and the employment of Maltz Auctions, Inc. to conduct the Auction Sales in late April and early May 2016;

WHEREAS, the Trustee and Kin Leasing Corp. have agreed to include the Kin Leasing Vehicles in the Auction Sales;

WHEREAS, the Trustee and Kin Leasing Corp. believe that it is in the best interests of all parties-in-interest in these cases to include the Kin Leasing Vehicles in the Auction Sales pursuant to the terms set forth in this Stipulation.

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by and between the Trustee and Kin Leasing Corp. as follows:

1. Kin Leasing Corp. consents to the sale of the Kin Leasing Vehicles by the Trustee at the Auction Sales. Each Kin Leasing Vehicle is subject to a reserve amount (the "Reserve"). The proceeds of the sale of any Kin Leasing Vehicle will be distributed first to Kin Leasing Corp., up to the Reserve, for the sold vehicle without further Order of the Court. Any funds remaining from the sale of the Kin Leasing Vehicles after satisfaction of all Reserves on the Kin Leasing Vehicles sold shall be aggregated and distributed as follows: (a) first to the estates to reimburse for Kin Leasing Corp.'s pro rata share of the actual, reasonable expenses incurred in securing, protecting and storing all vehicles owned by Kin Leasing Corp. (the "Storage Fees") (to the extent that Kin Leasing Corp. and the trustee are unable to agree upon the amount of Storage Fees, the parties may seek to have the amount resolved by the Court); and (b) any funds

remaining after payment of the Storage Fees will be distributed equally (50/50) between Kin Leasing Corp. and the Debtors' estates.

2. If a Reserve is not reached on any applicable Kin Leasing Vehicle, such vehicle will not be sold, and the Lease for such vehicle shall be deemed immediately rejected by the Trustee and estates without further order from this Court. Kin Leasing Corp. shall have 60 days from the date of such rejection to file a claim for rejection damages, if any.

3. The commission for Maltz Auctions, Inc. relating to the sale of the Kin Leasing Vehicles shall be limited to a 12.5% buyer's premium. Maltz Auctions, Inc. may not seek compensation or reimbursement from the Debtors' estates or from Kin leasing Corp. relating to the sale of the Vehicles.

4. The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and shall be binding upon any party executing the same and all of which together shall constitute one and the same document. Signatures delivered by electronic mail or facsimile shall have the same force and effect as delivery of an original signature.

5. This Stipulation is contingent upon approval of the Court. Should the Court decline to approve the Stipulation, the Stipulation shall have no force or effect.

6. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York.

7. This Stipulation may not be modified except by a writing signed by both the Trustee and Kin Leasing Corp.

8. The Bankruptcy Court shall retain jurisdiction to determine any dispute which may arise under the terms of this Stipulation

9. The Trustee and Kin Leasing Corp. consent to the entry of this Stipulation as an Order.

Dated: April 7, 2016
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Trustee

By: *s/ Gary F. Herbst*
    Gary F. Herbst, Esq.
    3305 Jerusalem Avenue
    Wantagh, New York 11793
    Telephone: (516) 826-6500

Dated: April 7, 2016
      New York, New York

**MORRISON COHEN LLP**
Counsel to Kin Leasing Corp.

By: *s/ David J. Kozlowski*
    David J. Kozlowski, Esq.
    909 Third Avenue
    New York, New York 10022
    Telephone: (212) 735-8825

SO ORDERED this ___ day of April 2016

_____
Hon. Stuart M. Bernstein
United States Bankruptcy Judge