LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

Hearing Date: June 21, 2016 at 10:00 a.m.
Objection Due: June 14, 2016

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                              Chapter 7

      TRANSCARE CORPORATION, et al.,                Case No.: 16-10407 (SMB)
                                                                  Jointly Administered

                                   Debtors.
-------------------------------------------------------------x

**NOTICE OF CHAPTER 7 TRUSTEE'S MOTION SEEKING THE ENTRY OF A CONSENT ORDER, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, RESOLVING THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SEZ FOSTER LLC AND SETTLING OTHER CLAIMS OF THE DEBTORS' ESTATES AND SEZ FOSTER LLC**

      **PLEASE TAKE NOTICE,** that on **June 21, 2016 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, Southern District of New York, at One Bowling Green, New York, New York 10004, on the motion (the "Motion") of Salvatore LaMonica, as the Chapter 7 Trustee (the "Trustee") of the estates of: i) TransCare Corporation; ii) TransCare New York, Inc.; iii) TransCare ML, Inc.; iv) TC Ambulance Group, Inc.; v) TransCare Management Services, Inc.; vi) TCBA Ambulance, Inc.; vii) TC Billing and Services Corporation; viii) TransCare Westchester, Inc.; ix) TransCare Maryland, Inc.; x) TC Ambulance North, Inc.; and xi) TransCare Harford County, Inc.; and the interim Trustee of the estates of: i) TransCare Pennsylvania, Inc.; ii) TC Ambulance Corporation; and iii) TC Hudson Valley Ambulance Corp., by his counsel, LaMonica Herbst & Maniscalco, LLP, seeks the entry of the Consent Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by and between the Trustee and Sez Foster LLC (the "Landlord") resolving the motion for relief of the automatic stay filed by the Landlord and settling other claims of the estates and the Landlord.

1

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with Title 11 of the United States Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., **no later than June 14, 2016** as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: May 18, 2016
       Wantagh, New York

                                  **LaMONICA HERBST & MANISCALCO, LLP**
                                  Counsel to the Trustee

By:   *s/ Gary F. Herbst*
       Gary F. Herbst, Esq.
       Jacqulyn S. Loftin, Esq.
       3305 Jerusalem Avenue, Suite 201
       Wantagh, New York 11793
       Tel: 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                              Chapter 7

      TRANSCARE CORPORATION, et al.,            Case No.: 16-10407 (SMB)
                                                    Jointly Administered

      Debtors.
---------------------------------------------------------------x

**MOTION OF CHAPTER 7 TRUSTEE FOR THE ENTRY OF A CONSENT ORDER, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, RESOLVING THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY SEZ FOSTER LLC AND SETTLING OTHER CLAIMS OF THE DEBTORS' ESTATES AND SEZ FOSTER LLC**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

      Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the estates of TransCare Corporation, TransCare New York, Inc. ("TransCare New York"), TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the interim Trustee of the estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Subsequent Debtors", along with the Initial Debtors are referred to herein as the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, files this motion (the "Motion") seeking the entry of the Consent Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by and between the Trustee and Sez Foster LLC (the "Landlord", along with the Trustee are collectively referred to herein as the "Parties") resolving the motion for relief of the automatic stay (the "Lift Stay Motion") filed by the Landlord and settling other claims of the estates and the Landlord (the "Consent Order") and respectfully represents:

3

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 9019.

## PROCEDURAL BACKGROUND

3. On February 24, 2016 (the "Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' cases, has duly qualified and is the permanent Trustee of the Initial Debtors' cases.

5. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

6. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in this Court.

7. Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases and is currently acting in that capacity.

## FACTUAL BACKGROUND

8. On or about October 1, 2002, TransCare New York entered into a lease with the Landlord whereby TransCare New York agreed to occupy the real property located at 106-15 Foster Avenue, Brooklyn, New York (the "Real Property") for a 10 year term through

September, 2012, which was later amended on or about August 20, 2009 to extend the term of the lease through October 30, 2019 (the "Lease"). The currently monthly rental obligation under the Lease was approximately $74,000 a month.

9. The Landlord asserts that there is currently approximately $400,000 in arrears owed under the Lease, which is made up of approximately $250,000 of pre-petition rental obligations (the "Pre-Petition Arrears") and $150,000 post-petition rental obligations owed to the Landlord by TransCare New York (the "Post-Petition Arrears", along with the Pre-Petition Arrears are collectively referred to herein as the "Arrears"). The amount of the Post-Petition Arrears is disputed by the Trustee.

10. As a result, on or about March 21, 2016, the Landlord, through its counsel, filed the Lift Stay Motion seeking, inter alia, to permit the Landlord to evict TransCare New York from the Real Property.

11. Shortly after his appointment, the Trustee, with the assistance of his retained professionals, analyzed the transfers received by the Landlord from TransCare New York within the 90 day period prior to the Petition Date. According to the Trustee's analysis, the Landlord had approximately $150,000 in exposure for payments received during the 90 day period prior the Petition Date (the "Avoidable Transfers"), evidence of which the Trustee provided to the Landlord.

12. The Parties, through their counsels, then engaged in settlement negotiations in an effort to resolve the pending Lift Stay Motion, the Arrears and the Avoidable Transfers and to avoid unnecessary litigation. As a result, the Parties resolved their respective claims pursuant to the terms of the proposed Consent Order, the salient terms of which are set forth below. A copy of the proposed Consent Order is annexed hereto as Exhibit "A".

## THE PROPOSED CONSENT ORDER

13. Upon entry of the Consent Order, the Lift Stay Motion shall be deemed settled and withdrawn. Further, within three (3) business days of entry of the Consent Order, the Trustee is directed to pay the Landlord a sum of $10,000 in full and final satisfaction of any and all administrative claims of any kind or nature against the estates. Similarly, the Trustee agreed to waive and release any and all claims he may have against the Landlord under Chapter 5 of the Bankruptcy Code, including, but not limited to, the Avoidable Transfers.

14. On April 4, 2016, the Trustee surrendered the Real Property, together with all personal property remaining in the Real Property, and the Debtors' estates are responsible for all utility costs in connection with the Real Property through such date.

15. The Consent Order also provides for a reservation of rights by the Landlord to file a proof of claim for a general unsecured claim against the Debtors' estates for outstanding monies owed and to pursue claims against the Debtors' insurance policies for any personal injury claims and/or damage caused to the Real Property while the Debtors occupied the Real Property. The Consent Order, however, provides for a release of the Trustee, on behalf of the estates, by the Landlord from any obligation the Trustee may have to pay a deductible to the insurance provider to pursue such claims.

## BASIS FOR RELIEF

16. The Trustee respectfully requests that the Court enter the proposed Consent Order resolving the Lift Stay Motion and settling the potential claims for Arrears and the Avoidable Transfers asserted by the Landlord and the Trustee, respectively.

17. As the Court is aware, there were a number of exigent circumstances that the Trustee had to address immediately upon his appointment. A primary focus of the Trustee was taking possession and control of the Debtors' various premises in New York, Pennsylvania and

Maryland. During this endeavor the Trustee learned that there were more than a hundred vehicles owned by New York City's Metropolitan Transportation Authority (the "MTA") located inside the Real Property. Prior to the Petition Date, certain Debtors were party to an agreement with the MTA, whereby, among other things, certain Debtors operated Access-A-Ride vehicles owned by the MTA and located at the Real Property. Indeed, hundreds of the Debtors' "para-transit" employees reported to and were dispatched from the Real Property on a daily basis.

18. Given the substantial rental obligation of approximately $74,000 a month, the Trustee moved quickly to arrange for the removal of the MTA vehicles, servers, computers and other office equipment located inside the Real Property. The Trustee also arranged for the Debtors' former "para-transit" employees to have access to the Real Property to retrieve their personal items. Although the Trustee completed these tasks in an efficient manner, it took weeks to coordinate all the efforts of the necessary parties. During this period, the Trustee was in constant communication with the Landlord's counsel advising her of the status of the vacatur and surrender of the Real Property. Through the coordinated effort of many parties, the Trustee was able to surrender the property within about 6 weeks of the Petition Date.

19. Shortly after his appointment, the Trustee began his investigation into the Debtors' books and records and determined that the Landlord had exposure of approximately $150,000 for Avoidable Transfers prior to the filing date. The Trustee advised the Landlord, through counsel, of the Avoidable Transfers and the estates' possible pursuit of such claims.

20. In an effort to avoid unnecessary litigation, however, the Parties engaged in negotiations and entered into a global settlement resolving all claims and the pending Lift Stay Motion. The terms of which are set forth in the Consent Order.

21. The Trustee submits that the proposed settlement is in the best interest of the Debtors, the estates and their creditors, represents the sound business judgment of Trustee, and is fair and reasonable under the circumstances. Specifically, a mutual release of the claims for Post-Petition Arrears and the Avoidable Transfers was in the best interest of the estates given the possibility of the sizeable administrative claim for the Post-Petition Arrears in an estate that is already burdened with costly administrative expenses. In addition, the Trustee asserts that the Termination Fee of $10,000 is a fair and reasonable sum for the 4 days in April in which the Debtors occupied the Real Property. The per diem rate was approximately $2,466.00 under the terms of the Lease, thus amounting to approximately $9,864.00.

22. Accordingly, pursuant to Bankruptcy Rule 9019, the Trustee submits that the Consent Order resolving the Lift Stay Motion and the respective claims for the Arrears and the Avoidable Transfers should be entered.

23. Bankruptcy Rule 9019(a), which governs the approval of compromises and settlements, provides as follows:

> On motion by the trustee and after a hearing on notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

*See* Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). In fact, settlements and compromises are "a normal part of the process of

reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Accordingly, the Bankruptcy Court is authorized to approve the settlement as set forth in the proposed Stipulation.

24. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *TMT Trailer Ferry*, 390 U.S. at 424; *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham*, 134 B.R. at 505. In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (a court may consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 31 (Bankr. S.D.N.Y. 1998); *see also Shugrue*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

25. The elements that a court should evaluate in considering whether a proposed settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success in the litigation; (b) the difficulty in collecting after obtaining a judgment in the litigation; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the interest of creditors and a proper deference to their reasonable views of the settlement; and (e) the extent to which the settlement is truly the product of arms'

length bargaining, and not of fraud or collusion. *See, e.g., TMT Trailer Ferry*, 190 U.S. at 424; *In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983); *Ionosphere Clubs*, 156 B.R. at 426-27. The Trustee submits that the instant settlement satisfies each and every one of the above elements and thus the settlement should be approved.

26. Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *In re Adelphia Commc'n Corp.*, 327 B.R. 143, 159 (S.D.N.Y. 2005) ("The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.").

27. Accordingly, the Trustee is satisfied that the settlement terms of the proposed Consent Order are well above the "lowest rung on the ladder" of reasonableness, and respectfully requests that the Court enter the Consent Order.

## SERVICE OF THIS MOTION

28. This Motion will be served upon the following parties: i) the Debtors' counsel; ii) the Landlord's counsel; iii) Well Fargo's counsel; iv) all parties that filed a notice of appearance; v) the Debtors' twenty largest creditors; vi) Office of the United States Trustee; and vii) other interested parties.

29. The Trustee respectfully submits that the proposed service is fair and reasonable in this instance. The Debtors' creditor matrix has more than 4,000 creditors, and such a mailing to all creditors would be a costly burden to the estates. Such a burden seems unnecessary given

that the terms of the proposed Consent Order only resolve the claims of the Trustee and the Landlord in connection with the Real Property.

30. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the proposed Consent Order resolving the Lift Stay Motion and the claims for the Arrears and Avoidable Transfers, together with such other and further relief as the Court deems just and proper.

Dated: May 18, 2016
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to the Trustee

By: *s/ Gary F. Herbst*
    Gary F. Herbst, Esq.
    Jacqulyn S. Loftin, Esq.
    3305 Jerusalem Avenue, Suite 201
    Wantagh, New York 11793
    Tel: 516.826.6500