**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Gary F. Herbst, Esq.
Holly R. Holecek, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al., | Case No.: 16-10407 (SMB) (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| TC AMBULANCE CORPORATION, | Case No.: 16-11058 (SMB) |
| Debtor. | |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| TC HUDSON VALLEY AMBULANCE CORP., | Case No.: 16-11059 (SMB) |
| Debtor. | |

-----------------------------------------------------------------x

### *EX PARTE* APPLICATION TO FURTHER EXTEND CHAPTER 7 TRUSTEE'S AUTHORIZATION TO OPERATE THE DEBTORS' BUSINESSES AND PAY CERTAIN OPERATING EXPENSES OF THESE ESTATES

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, et al. (the "Initial Debtors") and as Chapter 7 Trustee of TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (the "Additional Debtors" and, together with the Initial Debtors, the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeks the entry of an ex parte Order further extending the Trustee's authorization under the 721 Order (as defined herein) to operate and/or designate an operator to

maintain certain Ambulance Service Certificates issued by the New York State Department of Health and to pay reasonable and necessary expenses required in connection therewith from June 24, 2016 to September 22, 2016 (without prejudice to seek further extensions of such authority), and respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Application include 11 U.S.C. §§ 105 and 721 (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 9077-1.

**BACKGROUND**

**I. The Bankruptcy Cases and 721 Authorization**

4. On February 24, 2016 (the "Initial Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

5. Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' cases and, by operation of law, is the permanent Chapter 7 Trustee of the Initial Debtors' cases.

6. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

7. By Order dated March 25, 2016, the Trustee was authorized to, inter alia, operate and/or designate an operator to maintain certain Ambulance Service Certificates issued by the New York State Department of Health and to pay reasonable and necessary expenses required in

connection therewith for an interim period, nunc pro tunc to February 25, 2016 through and including April 25, 2016, without prejudice to the Trustee's right to seek further extensions of such authority (the "721 Order") [Dkt. No. 51].

8. On April 25, 2016 (the "Additional Petition Date" and, together with the Initial Petition Date, the "Petition Dates"), the Additional Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

9. Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Additional Debtors' cases and, by operation of law, is the permanent Chapter 7 Trustee of the Additional Debtors' cases.

10. By Order dated April 29, 2016 [Dkt. No. 125], the Trustee's authorization under the 721 Order was extended through and including June 24, 2016, without prejudice to the Trustee's right to seek further extensions of such authority.

**II. The CONs**

11. Initial Debtor TransCare Corporation is the 100% owner, either directly or indirectly, of the Additional Debtors. It is the Trustee's understanding that, prior to the Petition Dates, all of the Debtors operated as an integrated entity under TransCare Corporation.

12. Prior to the Petition Date, the Debtors operated in accordance with certain Ambulance Service Certificates issued by the New York State Department of Health and identified as follows: (i) no. 0164 issued to debtor TransCare New York, Inc. d/b/a TransCare for Bronx, Kings, Nassau, New York, Queens, Richmond, Suffolk and Westchester counties; (ii) no. 0470 issued to debtor TransCare Westchester, Inc. for Westchester county; (iii) no. 0508 issued to debtor TC Ambulance Group, Inc., d/b/a Mount Sinai Beth Israel for Kings, Queens, Richmond, Bronx, New York counties; (iv) no. 0509 issued to debtor TC Ambulance North, Inc.,

d/b/a TransCare for Bronx, New York, Queens, Kings and Richmond counties; (v) no. 0574 issued to TCBA Ambulance, Inc., d/b/a St. Barnabas Hospital Emergency Services for Bronx, Kings, New York, Queens and Richmond counties; (vi) no. 0667 issued to TC Hudson Valley Ambulance Corp., d/b/a TransCare for Rockland, Orange, Ulster, Sullivan, Dutchess, Putnam, Westchester and Delaware counties; and (vii) no. 0510 issued to TC Ambulance Corp., d/b/a Metro EMS for Bronx, New York, Queens, Kings, Richmond and Westchester counties (collectively, the "CONs").[1]

13. The CONs have tremendous value but must be preserved in order maintain that value and their transferability. Specifically, Article 30, section 3010(4) of the Public Health Law of New York State provides as follows:

> No ambulance service certificate of an ambulance service which has discontinued operations for a continuous period in excess of thirty days shall be transferable without the approval of the appropriate regional council.

NY PUB HEALTH § 3010(4).

14. Thus, after conferring with his counsel and special healthcare and regulatory counsel, the Trustee determined that, in order to ensure the transferability of the CONs, it was necessary to operate each of the CONs at least one time every thirty days.

15. In accordance with the 721 Order, the Trustee entered into a services agreement with SeniorCare EMS Inc., d/b/a SeniorCare ("SeniorCare"). Pursuant to the services agreement, SeniorCare, a licensed ambulance operator in New York State, agreed to operate certain ambulances of the Debtors under the CONs a minimum of one call every thirty days within the designated license area. Pursuant to the services agreement, each of the vehicles must be insured

---

[1] By Order dated March 25, 2016, the Court approved a stipulation between the Trustee, Patriarch Partners Agency Services LLC (on behalf of itself and as Administrative Agent) and Transcendence Transit, Inc. that, inter alia, provides for their consent to the Trustee's sale of the CONs. See Dkt. No. 52.

by the Debtors' estates and the Debtors' estates are responsible for certain out-of-pocket costs and expenses incurred by SeniorCare to maintain and stock the vehicles.

16. The CONs were each operated in March 2016, April 2016, May 2016 and June 2016 in accordance with the services agreement and the 721 Order.

17. The Trustee received a stalking horse offer from Maler Group LLC for all of the CONs and filed a motion to approve, inter alia, the terms and conditions of the sale of the CONs to Maler Group LLC, subject to higher or better offers. By Order dated June 3, 2016 [Case Nos.: 16-10407, Dkt. No. 159; 16-11058, Dkt. No. 16; 16-11059, Dkt. No. 17], the Court approved the Trustee's motion and, inter alia, certain terms and conditions of sale for the CONs, scheduled a date and time for the solicitation of higher or better offers for the CONs (June 28, 2016) and scheduled a hearing to confirm the sale of the CONs (July 6, 2016). Assuming the Court approves the sale of the CONs, the transfer of the CONs to the successful purchaser(s) is also subject to approval by the New York State Department of Health and the applicable Regional Emergency Medical Services Council in accordance with Article 30 of the Public Health Law.

18. To ensure the transferability of the CONs to the successful bidder(s) from the sale scheduled for June 28, 2016, the Trustee's authorization under the 721 Order must be further extended for an interim period and until the sale and transfer of the CONs is approved.

## RELIEF REQUESTED AND BASIS FOR RELIEF

19. By this Application, the Trustee seeks entry of an ex parte Order further extending the Trustee's authorization under the 721 Order to operate and/or designate an operator to maintain the CONs and to pay reasonable and necessary expenses required in connection therewith from June 24, 2016 to September 22, 2016 (without prejudice to seek further extensions of such authority). A proposed Order is annexed as **Exhibit A**.

20. Pursuant to Bankruptcy Code § 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code § 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21. Bankruptcy Rule 9006, entitled "*Computing and Extending Time*" provides authority for the Court to enlarge the time limits imposed under the Bankruptcy Rules. Bankruptcy Rule 9006(b) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b).

22. Even absent "cause," the Court still has discretion to extend the time period. Indeed, bankruptcy courts are invested with broad authority and discretion to implement procedures that are necessary to enforce the provisions of the Bankruptcy Code. Pursuant to Bankruptcy Code section 105(a), a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

23. By the 721 Order, the Court previously authorized the Trustee to operate and/or designate an operator to maintain the CONs through and including April 25, 2016, which authorization was extended by Court Order to June 24, 2016. In accordance with the 721 Order, the Trustee designated an operator and has taken all steps necessary to maintain the CONs. To ensure the transferability of the CONs, the CONs must continue to be operated at least once every thirty days pursuant to Article 30 of the New York Public Health Law. Accordingly, the

6

Trustee submits that the further extension of the Trustee's authorization granted in the 721 Order for an interim period is in the best interests of the Debtors' estates.

24. The Trustee should also be authorized to pay certain reasonable and necessary expenses in connection therewith. The expenses include, but are not limited to, a monthly fee to SeniorCare in connection with the operation of the Debtors' vehicles under the CONs, maintenance costs for the Debtors' vehicles, supply costs to keep the vehicles fully stocked in accordance with, inter alia, State Emergency Medical Services Code Part 800, and certain insurance premiums.

25. This Application is being filed prior to the expiration of the Trustee's authorization in the 721 Order, which was extended by Order of the Court to June 24, 2016.

26. A line of well-established cases support the relief requested herein. See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends doctrine for payment of prepetition claims beyond railroad reorganization cases); B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.), 713 F.2d 534 (9th Cir. 1983); Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); In re Ionosphere Clubs, Inc., 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

27. For these reasons, the Trustee respectfully requests that the Court enter an Order further extending the Trustee's authorization under the 721 Order to operate and/or designate an operator to maintain the CONs and to pay reasonable and necessary expenses required in connection therewith from June 24, 2016 to September 22, 2016 (without prejudice to seek further extensions of such authority).

## *EX PARTE* RELIEF

28. The 721 Order previously authorized the Trustee to operate and/or designate an operator to maintain the CONs. The relief requested herein is consistent with the 721 Order and does not raise any novel issues of fact or law. As set forth above, the continued operation and/or designation of an operator for an interim period to maintain the CONs is in the best interests of the Debtors' estates and their creditors. The prior application to extend the Trustee's authorization under the 721 Order was filed ex parte.

29. Except as set forth herein, no previous request for the relief sought herein has been made by the Trustee to this or any other Court.

30. For these reasons, and in accordance with Local Rule 9077-1(b), the Trustee submits that ex parte relief with respect to the Application is warranted.

31. To the extent the Court is not inclined to grant the Trustee ex parte relief, the Trustee respectfully requests that the Court schedule a hearing on this Application for July 6, 2016 at 10:00 a.m.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 21, 2016
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                        Counsel to Salvatore LaMonica, as Chapter 7 Trustee

                          By:    *s/ Holly R. Holecek*
                                    Holly R. Holecek, Esq.
                                    3305 Jerusalem Avenue
                                    Wantagh, New York 11793
                                    Telephone: (516) 826-6500