**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al., | Case No: 16-10407 (SMB) (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

**APPLICATION OF THE CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY <u>WELLS FARGO BANK F/K/A WACHOVIA BANK</u>**

**TO THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE**

Salvatore LaMonica, the Chapter 7 Trustee (the "<u>Trustee</u>") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "<u>Initial Debtors</u>") and TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "<u>Subsequent Debtors</u>", together with the Initial Debtors are referred to as the "<u>Debtors</u>"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "<u>Motion</u>") seeking the entry of an Order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), directing the production of documents by Wells Fargo Bank f/k/a Wachovia Bank ("<u>Wells Fargo</u>") as set forth in the proposed Order (the

1

"Proposed Order") annexed hereto as **Exhibit "A"**, and for such other, further and related relief as this Court may deem just and proper, and respectfully represents and alleges as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334 This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought in this Motion is Bankruptcy Rule 2004.

## PROCEDURAL BACKGROUND

3. On February 24, 2016, the Initial Debtors each filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in United States Bankruptcy Court, Southern District of New York (the "Court").

4. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Initial Debtors' cases, has since duly qualified and is the Trustee administering the Initial Debtors' estates.

5. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

6. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Court.

7. Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has since duly qualified and is the Trustee administering the Subsequent Debtors' estates.

8. Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

## RELIEF REQUESTED AND BASIS THEREOF

9. This Application is made pursuant to Bankruptcy Rule 2004 for the entry of an Order directing the production of documents by Wells Fargo as set forth in the Proposed Order and for related relief.

10. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); *see In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); *Martin v. Keybank of New York*, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)).

11. The District Court for the Eastern District of New York described Bankruptcy Rule 2004 as follows:

> The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred. . . . In addition, *FRBP 2004* is used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt.

*In re Corso*, 328 B.R. at 383 (citation omitted); *see In re CENA's Fine Furniture, Inc.*, 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and

unearthing frauds." (citation omitted)); *In re Atlantis B.V.*, Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); *In re Parikh*, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

12. As the Court is aware, the Trustee has been working to collect and liquidate the Debtors' assets for the benefit of the creditors. After taking possession of and inventorying the Debtors' books and records from their various locations, the Trustee discovered that almost all of the Wells Fargo bank statements are missing. It is imperative that the Trustee track all the funds channeled to and from the Debtors' multiple accounts so that he is able to perform a thorough investigation into the Debtors' pre-petition operations. To accomplish this, the Trustee must be afforded access to these records maintained by Wells Fargo. Therefore, the Trustee submits that this Motion is necessary and appropriate for the administration of these estates.

13. In addition, the Trustee seeks the Court's authority to access Wells Fargo's online banking system to download the bank statements and other related information for the accounts identified in the Proposed Order. After discussions with Wells Fargo, through its counsel, it is unclear for how long Wells Fargo maintains such information online. Therefore, the Trustee respectfully requests that the Court authorize the Trustee, through his retained professionals, to access and download all requested information for the identified accounts as set forth in the Proposed Order that is currently maintained on Wells Fargo's online banking system. Wells Fargo can then produce the remaining requested information in hardcopy form for the accounts

identified in the Proposed Order. This will allow for a more efficient production and will also reduce the cost.

14. Under the Proposed Order, responsive documents are to be turned over to the Trustee's counsel in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 9016 and 2004(c). The Trustee intends to issue the subpoena and shall provide Wells Fargo no less than twenty (20) days for the production of documents following service of a subpoena.

15. Furthermore, the Trustee respectfully requests that service of the annexed Proposed Order and the subpoena in accordance with Federal Rule of Civil Procedure 45 Wells Fargo, through its counsel, be deemed good and proper service of such Order and Subpoena.

16. By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the annexed Order and for such other and further relief as this Court deems just and proper.

Dated: August 17, 2016
      Wantagh, New York

      **LAMONICA HERBST & MANISCALCO, LLP**
      Attorneys for the Chapter 7 Trustee

      By:   *s/ Gary F. Herbst*
           Gary F. Herbst, Esq.
           Jacqulyn S. Loftin, Esq.
           3305 Jerusalem Avenue, Suite 201
           Wantagh, New York 11793
           Ph. 516.826.6500