# Exhibit "A"

# LaMonica Herbst & Maniscalco, LLP
*Moving Forward. Staying Ahead.®*

**Gary F. Herbst, Esq.**
**Member**
p: 516.826.6500 x223
gh@lhmlawfirm.com

October 3, 2016

***Via Electronic & Overnight Mail***
Randy Creswell
Perkins Thompson
One Canal Plaza, 9th Floor
Portland, ME 04101

In re    **TransCare Corporations,** *et al.*
**Case No. 16-10407**
**<u>Chapter 7</u>**

Dear Randy:

I was quite surprised to get your motion that was just filed given that we have provided you with detailed information that demonstrates that the amount due your client is likely di minis and the fact that we were sending you this instant letter today with respect to a more formal response to your September 7th letter as you had requested.

Again, so that we are clear, we have given you both in writing and telephonically the information that demonstrates the breakdown of the sale amount of the "Patriarch Partners Agency Services LLC" ("<u>PPAS</u>") assets and the attributable expenses in accordance with the Order approving, among other things, the Stipulation Respecting the Sale of Certain Personal Property dated March 25, 2016. The purpose of this letter is to put in writing again the information we have provided, which will necessitate the withdrawal of your motion.

The Trustee conducted 6 public auction sales to liquidate the Debtors' assets that yielded total sales of $2,354,435.45 (the "<u>Total Sales</u>"). The Total Sales included not only the PPAS assets, but also included the assets of Kin Leasing Corp. ("<u>Kin</u>"), First Financial Corporate Leasing LLC d/b/a First Financial Healthcare Solutions ("<u>First Financial</u>") and Integrated Services.

The total Kin sale proceeds were $515,200.00 leaving a balance from the Total Sales of $1,839,235.45. Additionally, the Trustee also sold assets that belong to First Financial. The total amount of the sale proceeds represented by the First Financial assets was $73,500, leaving a balance of $1,765,735.45 of the sale proceeds. This stipulation was sent to you via email on September 9, 2016. Further, the Trustee also sold certain Integrated Services assets in which the Trustee paid $8,000.00 to Integrated Services. Thus, the balance of sales is $1,757,735.45.

Out of the total vehicles sold, 67 vehicles did not have any existing liens on them. The total sales from those vehicles are $244,400. As reflected in my September 9, 2016 email to you, to the extent there is any dispute as to PPAS asserting a lien on these vehicles we had requested that you immediately advise us with any updated information (we have been requesting this

LaMonica Herbst & Maniscalco, LLP

Page 2

information for a long time without any response). Furthermore, there were 33 vehicles in which the lien holder was unable to be determined. While PPAS may have a lien into some or all of these remaining vehicles, again we have not been provided with any information for the Trustee to make such a determination. The total amount of sale proceeds from these vehicles is $74,700.00. Accordingly, the sale proceeds of the PPAS assets are $1,438,635.45. To the extent PPAS is able to provide the Trustee with information that demonstrates liens on the above vehicles, the Trustee will take it into consideration.

With respect to the expenses incurred in connection with the sale, the Trustee previously provided to PPAS a schedule of disbursements related to the sale, which total $236,816.14. In addition the Trustee has estimated that the legal fees and expenses incurred in connection with these sales is approximately $175,000 subject to final analysis, which is currently being conducted.

In addition, the Hamilton landlord has asserted an administrative claim in the amount of $318,000.00 for its use and occupancy. As you and your client are well aware, the Trustee had to secure the Hamilton premises and sold the assets from the Hamilton premises. The Trustee was able to have Wells Fargo agree to pay approximately $130,000.00 toward that administrative claim and costs. Thus, the balance due on account of the Hamilton landlord's administrative claim and sale expense is $188,000.00.

Furthermore, IPFS Corporation ("IPFS") has asserted an administrative claim for $80,000 for insurance premiums relating, in part, to insurance policies that insured PPAS assets. IPFS filed a motion demanding payment of its administrative claim and the Trustee is negotiating a resolution of this claim. The Trustee has segregated $79,323.38 in accordance with the Stipulation and Order of the Court entered on April 28, 2016.

Accordingly, as set forth above, the estimated expenses in connection with the sales total approximately $680,000.00. Not included in these expenses to date is the possible administrative claim for the landlord in Maryland and the outstanding utilities, both of which are related to the sale. This $680,000.00 amount represents 28.8% of the Total Sale Proceeds. Applying this percentage of costs to the PPAS assets of $1,438,635.45, the apportioned costs of sale for the PPAS assets is $415,447.00.

To date, the Trustee has effectively distributed the sum of $1,000,000.00 on account of the PPAS assets. In this regard, on July 14, 2016, the Trustee effectively distributed the sum of $750,000.00 of the PPAS assets. $600,000.00 was released directly to PPAS and 10% of the sale proceeds ($75,000.00) were released to the estate and the other 10% of the sale proceeds ($75,000.00) were segregated for the employee wage claims. Additionally, on September 13, 2016, another $250,000.00 was effectively distributed from the amounts due PPAS. $200,000.00 was sent directly to PPAS and 10% of the sale proceeds ($25,000.00) were released to the estate and the other 10% of the sale proceeds ($25,000.00) was segregated for the employee wage claims. Thus, subtracting the apportioned costs of sale of $415,447.00 from the PPAS sale

LaMonica Herbst & Maniscalco, LLP

Page 3

proceeds of $1,438,635.45 that leaves a balance of $1,023,188.45 of which PPAS has received $1,000,000.00.

Based on the foregoing and the numerous conversations and documentation we have provided PPAS, it is clear that the motion is unfounded and should be immediately withdrawn. Should you wish to discuss the contents of this letter or the information contained herein, please contact me.

Yours very truly,

Gary F. Herbst

cc:    Salvatore LaMonica, Esq.
       Jacqulyn S. Loftin, Esq.

*M:\Documents\Company\Cases\TransCare Corp\Asset Sales\Ltr to Patriarch re Demand Release Response revised.doc*

TransCare Corp. et al.                    **DISTRIBUTION OF SALE PROCEEDS**
Case No. 16-10407

| | A | B | C |
|---|---|---|---|
| 1 | **Expense/Distribution** | **Amount** | **Basis** |
| 2 | Aggregate Sale Proceeds | $ 2,354,435.45 | 6 public auction sales |
| 3 | Sale 31 Kin Leasing Vehicles | $ (515,200.00) | Pursuant to Stipulation and Order entered on April 8, 2016 [Dkt. No. 78] |
| 4 | Sale of First Financial Healthcare Solutions Assets | $ (73,500.00) | Pursuant to a consent Order entered on August 10, 206 [Dkt. No. 232] |
| 5 | Sale of the Integrated Services Ventilators | $ (8,000.00) | Pursuant to a Stipulation and Order entered on September 2, 2016 [Dkt. No. 260] |
| 6 | Sale of Non-PPAS Vehicles | $ (244,400.00) | |
| 7 | Sale of Unknown Vehicles | $ (74,700.00) | |
| 8 | **PPAS Sale Proceeds** | $ 1,438,635.45 | |
| 9 | Expenses in Connection with the Sale of the Assets | $ (236,816.14) | Use and Occupancy Payments, Security, Towing, and Independent Contracts-see chart and supporting documentation sent on July 28, 2016 |
| 10 | LH&M Legal Fees | $ (175,000.00) | estimated legal fees & expenses |
| 11 | Hamilton Avenue Administrative Claim | $ (188,000.00) | Use and Occupancy claim from Filing Date through May 2, 2016 (surrender date) |
| 12 | IPFS Corporation Premium Funds | $ (79,323.38) | Pursuant to the Stipulation dated April 28, 2016 [Dkt. No. 124] |
| 13 | **Total Expenses** | $ (679,139.52) | represents 28.8% of the Total Sale Proceeds |
| 14 | **Expenses Charged to PPAS** | $ 415,447.00 | |
| 15 | First Distribution to PPAS | $ (600,000.00) | Pursuant to the Stipulation dated March 25, 2016 |
| 16 | Disitribution to the Estates and for Priority Wage Claimants | $ (150,000.00) | Pursuant to the Stipulation dated March 25, 2016 |
| 17 | Second Distribution to PPAS | $ (200,000.00) | Pursuant to the Stipulation dated March 25, 2016 |
| 18 | Disitribution to the Estates and for Priority Wage Claimants | $ (50,000.00) | Pursuant to the Stipulation dated March 25, 2016 |
| 19 | | $ (1,000,000.00) | |

**TransCare Corp. et al.**
**DISTRIBUTION OF SALE PROCEEDS**

**Case No. 16-10407**

| | A | B | C |
|---|---|---|---|
| 20 | Less Expenses attributable to PPAS | $ (415,447.00) | |
| 21 | Balance Due to be Apportioned between the Estates and PPAS | $ 23,188.45 | |