UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                          Chapter 7

TRANSCARE CORPORATION, et al.,                            Case No.: 16-10407 (SMB)
                                                                                                (Jointly Administered)
                    Debtors.
---------------------------------------------------------------x

**STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND IPFS CORPORATION RESOLVING MOTION OF IPFS CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY TO CANCEL CERTAIN INSURANCE POLICIES**

This Stipulation and Order (the "Stipulation") by and between Salvatore LaMonica, the Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the Trustee of the estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. collectively, the "Subsequent Debtors", along with the Initial Debtors are collectively referred to herein as the "Debtors"), and IPFS Corporation ("IPFS" together with the Trustee are referred to herein as the "Parties" and each a "Party"), by and through their undersigned counsel, resolving IPFS's motion for relief from the automatic stay to cancel certain insurance policies and for related relief:

## RECITALS

**A.    IPFS Financing Agreements**

A.    On June 30, 2015, TransCare Corporation entered into a Premium Finance Agreement with IPFS, whereby IPFS agreed to finance insurance premiums in the amount of $122,629.04 relating to a physical damage policy (the "June Agreement").

B.    In exchange for the financing, TransCare Corporation agreed to make nine (9) monthly installment payments to IPFS each in the amount of $13,951.10 from December 1, 2015 through September 1, 2016 in the aggregate amount of $125,559.90.

C.    On November 3, 2015, the Debtor, TransCare Corporation entered into a second Premium Finance Agreement with IPFS whereby IPFS agreed to finance certain insurance premiums in the amount of $1,327,534.69 in connection with five insurance policies: i) a general liability and professional liability; ii) a property/auto physical damage; iii) a cyber liability; iv) an excess 9x1 umbrella; and v) an excess 10x10 "tower" (the "November Agreement" together with the June Agreement are collectively referred to herein as the "Financing Agreements").

D.    In exchange for the financing, TransCare Corporation agreed to make ten (10) installment payments to IPFS each in the amount of $136,184.60 from July 30, 2015 through May 30, 2016 in the aggregate amount of $1,361,846.00.

E.    With respect to the cyber liability and the excess umbrella policies, the Trustee determined that such policies were not necessary and retroactively terminated these policies as of the Petition Date.

F.    With respect to the general liability, professional liability and the property/auto physical damage policies, the Trustee determined that such policies were necessary for a limited

period of time post-petition, and thus did not execute the early cancellation requests until May 13, 2016.

**B.    Debtors' Bankruptcy Proceeding**

G.    On February 24, 2016 (the "Petition Date"), the Initial Debtors each filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

H.    On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Initial Debtors' cases, has since duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

I.    Pursuant to Orders dated March 1, 2016, the Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

J.    On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Court.

K.    Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has since duly qualified and is the Trustee administering the Subsequent Debtors' estates.

L.    Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

M.    On or about April 6, 2016, IPFS filed a Motion Relief from Stay to Cancel Certain Insurance Policies and for related relief [dkt. nos. 72, 73] (the "IPFS Motion"). IPFS also asserted that it was owed $356,098.99 under the two Finance Agreements (not including legal fees and expenses).

N.    On or about April 15, 2016, the Trustee filed an objection to the IPFS Motion [dkt. no. 89].

O.    On or about April 16, 2016, IPFS filed a Reply Memorandum of Law [dkt. no. 95].

P.    On April 20, 2016, the Court entered the Stipulation and Order Adjourning the IPFS Motion and Providing Adequate Protection, whereby the Trustee, among other things, agreed to segregate the sum of $40,000 in the TransCare Corporation estate account as security for the Debtors' obligations to IPFS in accordance with the Finance Agreements and adequate protection for the interests of IPFS [dkt. no. 103]. The funds have been segregated by the Trustee until further Order of this Court or until agreed upon by IPFS and the Trustee.

Q.    On April 28, 2016, the Court entered a second Stipulation and Order Resolving Motion and Providing for Adequate Protection, whereby the Trustee, among other things, agreed to segregate the sum of $79,323.38 (which includes the $40,000 from the stipulation referenced herein in paragraph P) in the TransCare Corporation estate account as security for the Debtors' obligations to IPFS and as adequate protection for the interest of IPFS [dkt. no. 124] (the "Escrowed Funds"). These Escrowed Funds have been segregated by the Trustee until further Order of this Court or until agreed by IPFS and the Trustee. The IPFS Motion was also withdrawn without prejudice.

R.    IPFS has been paid unearned premiums in the aggregate amount of $381,276.39 as a result of the early termination of these policies (the "Unearned Premiums").

S.    After a final accounting of the Unpaid Premiums, IPFS determined that a credit of $19,111.00 (the "Credit") exists. The Credit is currently being held by IPFS.

T.   IPFS also asserted that under the Finance Agreements it is entitled to the legal fees and expenses. IPFS' has incurred $26,175.48 in legal fees and expenses (the "Legal Fees").

U.   The Parties engaged in settlement negotiations in an effort to resolve relief sought in the IPFS Motion and the related claims.

V.   As a result of those negotiations, the Parties were able to resolve the respective claims as set forth below.

## TERMS AND CONDITIONS

1.   Nothing herein shall constitute an admission, waiver of rights or any other undertaking by the Parties unless and until this Stipulation is signed by both parties.

2.   Within five (5) business days from this Stipulation and Order becoming a final non-appealable Order, the Trustee shall pay $7,064.48 (the "Settlement Sum") from the Escrowed Funds. The Settlement Sum shall be paid, via check, made payable to "IPFS Corporation" and mailed, via overnight mail, to Zeichner Ellman & Krause LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Anthony I. Giacobbe, Jr., Esq.

3.   Upon this Stipulation and Order becoming a final non-appealable Order, IPFS is authorized to apply the Credit from the Unearned Premiums to its outstanding Legal Fees.

4.   Upon this Stipulation and Order becoming a final non-appealable Order, this remaining portion of the Escrowed Funds in the amount of $72,258.90 shall be deemed property of the TransCare Corporation estate.

5.   Upon this Stipulation and Order becoming a final non-appealable Order, the IPFS Motion is deemed withdrawn with prejudice.

6.   Upon receipt and clearance of the Settlement Sum, IPFS and the Trustee on behalf of the Debtors' estates shall mutually release, discharge and have no other claim, as defined in

Bankruptcy Code § 101(5), of whatever kind or nature whether known or unknown, which arises from and/or is related to the IPFS Motion, Finance Agreements, the Legal Fees, the Escrowed Funds or the Unearned Premiums.

7. The Plaintiff shall be authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation.

8. The Parties hereby expressly agree and understand that nothing in this Stipulation shall constitute any admission or acknowledgement of liability by any participant in this transaction.

9. This Stipulation shall be binding upon the heirs, successors and/or assigns of the Parties and shall inure to the benefit of their heirs, successors and/or assigns.

10. This Stipulation contains the entire understanding of the undersigned parties hereto and supersedes all prior understandings and agreements, whether written or oral, between them.

11. This Stipulation may not be altered, modified or changed, unless in writing and signed by all of the undersigned parties.

12. By signing this Stipulation, each of the undersigned Parties acknowledges that each has read all of the terms of the Stipulation and enters into its terms voluntarily and without duress, and each has the authority to bind itself to this Stipulation.

13. This Stipulation shall be deemed to have been jointly drafted by the undersigned parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the undersigned parties because such provision, or any other provision of this Stipulation, or the Stipulation as a whole, was recorded, prepared, or requested by such party.

14. The Parties irrevocably consent to the exclusive jurisdiction of the Court with respect to any proceeding to adjudicate any dispute concerning, or to enforce the terms and provisions of, this Stipulation.

15. Each of the Parties signing below represents and warrants that he or she is authorized to sign this Stipulation on behalf of the party for whom he or she is signing and to bind such party to the terms of this Stipulation.

16. This Stipulation may be signed in multiple counterparts and by facsimile or electronic transmission if necessary, each of which, when taken together, shall constitute one original document.

**[INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be duly executed and delivered.

Dated:  December 8, 2016
        Wantagh, New York            **LaMONICA HERBST & MANISCALCO, LLP**
                                     Counsel to Salvatore LaMonica, as Trustee

                        By:    *s/ Gary F. Herbst*
                               Gary F. Herbst
                               Jacqulyn S. Loftin
                               3305 Jerusalem Avenue
                               Wantagh, New York 11793
                               Telephone: 516.826.6500

Dated:  December 8, 2016
        New York, New York


                                     **ZEICHNER ELLMAN & KRAUSE LLP**
                                     Counsel to IPFS Corporation

                        By:    *s/ Michael S. Davis*
                               Michael S. Davis
                               Anthony I. Giacobbe, Jr.
                               1211 Avenue of the Americas
                               New York, New York 10036
                               Telephone: (212) 223-0400
                               Facsimile: (212) 753-0396


**IT IS SO ORDERED** this 11th day of January, 2017


/s/ STUART M. BERNSTEIN
Hon. Stuart M. Bernstein
United States Bankruptcy Judge