UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                         Chapter 7

TRANSCARE CORPORATION, et al.,                                 Case No: 16-10407 (SMB)
                                                               (Jointly Administered)

              Debtors.
------------------------------------------------------------x

**ORDER, PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE, ON BEHALF OF THE DEBTORS' ESTATES, AND PATRIARCH PARTNERS AGENCY SERVICES, LLC RESOLVING THE MOTION OF PATRIARCH PARTNERS AGENCY SERVICES, LLC TO COMPEL THE TURNOVER OF PROCEEDS FROM THE SALE OF CERTAIN PERSONAL PROPERTY**

Upon the motion (the "Motion")[1] of Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), seeking the entry of an Order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the Stipulation executed on February 7, 2017 by and between the Trustee, on behalf of the Debtors' estates, and Patriarch Partners Agency Services, LLC ("PPAS") resolving the motion of PPAS to compel the turnover of proceeds from the sale of certain personal property (the "Stipulation"), a copy of the Stipulation is annexed to the Motion as Exhibit "A"; and no objections having been filed with the Court; and upon the matter having come on for a hearing before the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court") on April 4, 2017, the transcript of which is

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Stipulation and/or the Motion.

incorporated herein; and after due deliberation and based upon the entirety of the record before the Court; and on February 15, 2017, the Trustee served the Notice of Sale of the Debtors' vehicles: i) 2009 Ford E-350 Vin No. 1FDSS34P79DA72262; ii) 2009 Ford E-350 Vin No. 1FDSS34P49DA77595; and iii) 2006 Ford E-350 1FDWE35P36DA19464 (collectively, the "Vehicles") [Dkt. No. 403] in accordance with the Order of the Bankruptcy Court dated March 25, 2016 [Dkt. No. 52]; and on March 28, 2017, the Trustee, through his retained professionals, Maltz Auctions Inc., shall conduct a public auction sale of the Vehicles; and a title search having showed that PPAS has a lien on two of the Vehicles: i) 2009 Ford E-350 Vin No. 1FDSS34P79DA72262; and ii) 2009 Ford E-350 Vin No. 1FDSS34P49DA77595 (collectively, the "PPAS Lien Vehicles"); and no further notice of the Motion being necessary nor required; and cause existing for the relief requested; it is hereby:

**ORDERED** that the Stipulation is approved as set forth herein; and, it is further

**ORDERED** that the Trustee shall transfer and hold in a segregated Trustee subaccount in the TransCare Corporation estate (the "TransCare Subaccount") the Settlement Amount of $97,266.24, which shall be released and distributed by the Trustee on the earlier of: i) the date on which the Trustee is provided with joint written instruction from PPAS and Zohar CDO 2003-1, Limited, Zohar II 2005-1, Limited and Zohar III, Limited (collectively, the "Zohar Funds") as to the distribution of the Settlement Amount and payment instructions; or ii) the entry of a final Non-Appealable Order of (a) the Bankruptcy Court or (b) a Court of competent jurisdiction that directs the Trustee to pay the Settlement Amount to either PPAS or Zohar Funds or otherwise provides for the disposition of the Settlement Amount; and, it is further

**ORDERED**, that (i) Zohar Funds reserves all rights to challenge representations made in the Stipulation that any of the proceeds from the Public Auctions are owed to PPAS as set forth

in paragraph CC of the Stipulation and (ii) PPAS reserves all rights to oppose any of Zohar Funds' challenges to any representations made in the Stipulation; and it is further

**ORDERED**, that after the Public Auction on March 28, 2017, the Trustee shall segregate and transfer into the TransCare Subaccount 80% of the net sale proceeds of the PPAS Lien Vehicles (the "PPAS Lien Vehicle Proceeds") in accordance with the Stipulation by and between the Trustee, PPAS and Transcendence Transit Inc. dated March 10, 2016 [Docket No. 52]; and, it is further

**ORDERED**, that the Trustee shall hold the proceeds from the sale of the PPAS Lien Vehicle Proceeds in the TransCare Subaccount and shall release and distribute the PPAS Lien Vehicle Proceeds on the earlier of: i) the date on which the Trustee is provided with joint written instruction from PPAS and Zohar Funds as to the distribution of the PPAS Lien Vehicle Proceeds and payment instructions; or ii) the entry of a final Non-Appealable Order of (a) the Bankruptcy Court or (b) a Court of competent jurisdiction that directs the Trustee to pay the PPAS Lien Vehicle Proceeds to either PPAS or Zohar Funds or otherwise provides for the disposition of the PPAS Lien Vehicle Proceeds; and, it is further

**ORDERED** that the Trustee is authorized to do such things, execute such documents and expend such funds necessary to effectuate the terms of this Order.

**Dated: New York, New York**          **/s/ STUART M. BERNSTEIN**
**April 4th, 2017**                                    **United States Bankruptcy Judge**