**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

       TRANSCARE CORPORATION, et al.,

                      Debtors.
-------------------------------------------------------------------x

Chapter 7

Case No.: 16-10407 (SMB)
Jointly-Administered

**CHAPTER 7 TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER, PURSUANT TO RULE 9001(5) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DESIGNATING: (I) PETER WOLF, SIGNATORY OF THE INITIAL DEBTORS' PETITIONS, AS THE PERSON RESPONSIBLE TO PERFORM THE OBLIGATIONS OF THE INITIAL DEBTORS UNDER THE BANKRUPTCY CODE; (II) RENEE DUDLEY, SIGNATORY OF THE SUBSEQUENT DEBTORS' PETITIONS, AS THE PERSON RESPONSIBLE TO PERFORM THE OBLIGATIONS OF THE SUBSEQUENT DEBTORS UNDER THE BANKRUPTCY CODE; AND (III) LYNN TILTON, IN HER CAPACITY AS DIRECTOR AND SOLE MEMBER OF THE DEBTORS' BOARD OF DIRECTORS, AS THE PERSON RESPONSIBLE TO PERFORM THE OBLIGATIONS OF THE DEBTORS <u>UNDER THE BANKRUPTCY CODE</u>**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

      Salvatore LaMonica, the Chapter 7 Trustee (the "<u>Trustee</u>") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "<u>Initial Debtors</u>") and the Trustee of the jointly administered estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "<u>Subsequent

1

Debtors", together with the Initial Debtors are collectively referred to herein as the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this application (the "Application") seeking entry of an Order pursuant to Rule 9001(5) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) designating Peter Wolf ("Wolf"), signatory of the Initial Debtors' petitions, as the person responsible to perform the obligations of the Initial Debtors under Title 11 of the United States Code (the "Bankruptcy Code"); (ii) designating Renee Dudley ("Dudley"), signatory of the Subsequent Debtors' petitions, as the person responsible to perform the obligations of the Subsequent Debtors under the Bankruptcy Code; (iii) designating Lynn Tilton ("Tilton"), in her capacity as Director and Sole Member of the Debtors' Board of Directors, as the person responsible to perform the obligations of the Debtors under the Bankruptcy Code; and (iv) granting the Trustee such other and further relief as the Court deems just and proper, and respectfully set forth and represent and follows:

**JURISDICTION AND STATUTORY PREDICATES**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicate for the relief requested herein is Bankruptcy Rule 9001(5).

**BACKGROUND**

**A.   Procedural Background**

3. On February 24, 2016 (the "Initial Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

4. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' cases, has duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

5. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

6. On April 25, 2016 (the "<u>Subsequent Petition Date</u>", along with the Initial Petition Date are referred to herein as the "<u>Petition Dates</u>"), each of the Subsequent Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

7. Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

8. Pursuant to an Order dated June 28, 2016, the Subsequent Debtors' cases are also being jointly administered under case no. 16-10407 (TransCare Corporation).

**B.    Factual Background**

9. Prior to the Petition Date, the Debtors had extensive operations in New York State, Pennsylvania and Maryland with a large concentration in the New York City area. The Debtors' business was to provide emergency medical transportation services to hospitals and communities in New York, including 911/EMS services, basic life support, advanced life support, critical care transport, ambulette and wheelchair van, and special venue transportation services, as required by the particular situation. The Debtors also provided non-emergency response services and critical care transfers to and between health care facilities, hospitals, nursing homes and other specialty care facilities at the request of the patient. The Debtors were

operating in accordance with seven (7) Ambulance Service Certificates issued by the New York State Department of Health.

11. 10. On the Petition Dates, each of the Debtors filed a petition, a statement of corporate structure and a creditor matrix. Yet, none of the filings were ever supplemented with the necessary schedules or the statement of financial affairs. After an extensive analysis of the Debtors' books and records, the Trustee, with the assistance of his retained professionals, ultimately prepared and filed the Debtors' Schedules and the Statements of Financial Affairs in February, 2017.

11. Equally as important, these cases have been pending for more than a year, and the Debtors have failed to designate a responsible party to appear for an examination at a Meetings of Creditors pursuant to Bankruptcy Code § 341 (the "341 Meeting"). In fact, the Trustee has conducted twelve 341 Meetings, and the only party to appear on behalf the Debtors was counsel for the Initial Debtors at the first 341 Meeting held on April 28, 2016. Since the initial 341 Meeting, no one has appeared on behalf of any of the Debtors.

12. Wolf, in his capacity as the Chief Operating Officer (the "COO"), was the signatory of the Initial Debtors' petitions. Similarly, Dudley was the signatory of each of the Subsequent Debtors' petitions. Upon information and belief, Dudley is not an employee of the Subsequent Debtors, but instead is the Vice President of Agency Services at Patriarch Partners, LLC and has maintained this position for approximately 8 years.

13. As the signatories to the respective petitions, the Trustee submits that the designation of Wolf and Dudley, on behalf of the Initial and Subsequent Debtors, respectively, to, among other things, appear at the 341 Meeting is appropriate and necessary for the Trustee to administer these estates.

14. In addition, the Trustee seeks the Court's authority to designate Tilton as a responsible party to perform obligations of the Debtors, to, among other things, appear at the 341 Meeting pursuant to Bankruptcy Rule 9001(5). Indeed, the Debtors' books and records and related correspondence establish that Tilton was both the Director and Sole Member of the Board of Directors as of the Petition Dates. Tilton, in these capacities, was the primary decision maker of the Debtors and had personal knowledge of their pre-petition affairs and activities.

15. It is clear that the Bankruptcy Code requires designees with full and material information about a debtor to appear at a 341 Meeting so that the Trustee is able to obtain the most accurate information possible about such debtor's affairs. The Trustee submits that that the proposed designees, in their respective capacities, fulfill this obligation because each has personal knowledge and is familiar with the Debtors' financial affairs.

## BASIS FOR RELIEF

16. Accordingly, by this Application, the Trustee seeks the entry of an Order, pursuant to Bankruptcy Rule 9001(5): (i) designating Wolf as the person responsible to perform the obligations of the Initial Debtors under the Bankruptcy Code; (ii) designating Dudley as the person responsible to perform the obligations of the Subsequent Debtors under the Bankruptcy Code; (iii) designating Tilton, in her capacity as the Director and Sole Member of the Debtors' Board of Directors, as the person responsible to perform the obligations of the Debtors under the Bankruptcy Code; and (iv) granting the Trustee such other and further relief as the Court deems just and proper.

17. Pursuant to Bankruptcy Rule 9001(5), when a debtor is not a natural person, the Court may designate an individual, including *any or all* of a debtor's officers, directors, trustees, controlling stockholders or members, or any other persons in control, to perform any act,

5

including attendance at examinations, required by the Bankruptcy Rules (*emphasis added*). See FED. R. BANKR. P. 9001(5); see In re Continuum Care Servs., Inc., 375 B.R. 692 (Bankr. S.D. Fla. 2007) (Therefore, an individual who was not an officer, but was the sole shareholder and director of the debtor, was designated by the Court for purposes of an examination under Bankruptcy Rule 2004 because the designee was the most knowledgeable about the debtor's affairs).

18. Indeed, "Bankruptcy Rule 9001 casts a very wide net as to who can act on behalf of a debtor, especially when considering the non-exhaustive use of *any other person in control.*" In re Divine Ripe, L.L.C., 554 B.R. 395, 403 (S.D. Tex. 2016); see also In re Red River Energy, Inc., 409 B.R. 163, 175-76 (Bankr. S.D. Tex. 2009) (discussing how person can be defined in Bankruptcy Code § 101(41), to include "any other 'individual' in control, or any other 'partnership' in control, or any other 'corporation' in control"). "Thus, as an individual or entity can constitute a person, the matter at hand for the catchall is the level of influence that is required to constitute a person *in control*. The term 'control' has not been defined in the Bankruptcy Code or Bankruptcy Rule 9001, but the emphasis in bankruptcy is that the 'person in control' should be the person that best represents an embodiment of knowledge of the debtor's affairs and be in control of the debtor". In re Divine Ripe, L.L.C., 554 B.R. 403; see In re Red River Energy, Inc., 409 B.R. 181-82; In re Muy Bueno Corp., 257 B.R. 843, 847-49 (Bankr. W.D. Tex. 2001) (stating that "[t]he structure of the Code (and its implementing rules) is designed to assure that creditors, the court and court-appointed representatives will have ready and early access to correct information about the corporate debtor's affairs."). Further, the definition of control itself, has been defined as "exercis[ing] power or influence over" or "hav[ing] a controlling

interest in" something or someone. *Control*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Control*, BALLENTINE'S LAW DICTIONARY (3rd ed. 1969).

19. Bankruptcy Court for the Southern District of New York has made it clear that "designating a debtor means choosing an individual to appear at the meeting of creditors, answer the trustee's questions and fill out the schedules." In re Fiber Optek Interconnect Corp., 2010 Bankr. LEXIS 5007 (Bankr. S.D.N.Y. 2010). The Bankruptcy Code requires the Debtor's representative to appear at meetings of the creditors under Bankruptcy Code §§ 341 and 343 in order to obtain the most accurate information possible from the Debtor's representative. In re Red River Energy, Inc. 409 B.R. 163, 185; see In re Ron San Realty Co., Inc., 457 F. Supp. 994 (S.D.N.Y. 1978) (the District Court affirmed the designation of a person-in-control of the Debtor, even though the designee resigned shortly before the bankruptcy petition was filed and had no employment relationship with the Debtor at the time the petition was filed); In re Moore, 309 B.R. 725, 726 (Bankr. N.D. Tex. 2002) (noting that the meeting allows creditors to "rigorously question the debtor" and provide "valuable information regarding the debtor's financial situation"); In re Shulund, 210 F. Supp. 195, 197 (D.C. Mont. 1962) (acknowledging that a function of the examination at the creditors meeting is to "locate and protect the assets of the bankrupt's estate"); In re E. Utils. Investing Corp., 98 F.2d 620, 622 (3d Cir. 1938) (recognizing that the purpose is to "afford . . . full information in connection [with the estate] . . . in order that the necessary steps may be taken for its preservation").

20. Based on the foregoing case law, it is clear that these proposed designees qualify as parties under the requirements of Bankruptcy Rule 9001(5). Each designee has personal knowledge about the Debtors' operations and their assets and can assist the Trustee is fulfilling

his responsibilities under Bankruptcy Code § 704. Therefore, it is well within the Trustee's purview to seek such relief.

21. The next 341 Meeting is scheduled for Wednesday, June 21, 2017 at 11:30 a.m. at One Bowling Green, Room 511, New York, New York 10004. The Trustee respectfully the Court directs the proposed designees to appear at the June 341 Meeting or such other 341 Meeting that the Trustee deems appropriate.

## **NOTICE OF THE APPLICATION**

22. The Trustee has served the Notice of Hearing, the Motion and the proposed Order, by regular mail, upon: (a) the Office of the United States Trustee; (b) Patriarch Partners Agency Services, LLC, through counsel; (c) the Debtors, through counsel; (d) Peter Wolf at the last known address; (e) Renee Dudley, at the Patriarch Partners, LLC Corporate Office located at 1 Liberty Street, 35th Floor, New York, New York 10006; (f) Lynn Tilton, at her last known personal address and/or at the Patriarch Partners, LLC Corporate Office located at 1 Liberty Street, 35th Floor, New York, New York 10006; and (g) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002.

23. No prior application for the relief requested herein has been made by the Trustee to this or any other court.

**WHEREFORE,** the Trustee respectfully requests entry of an Order, pursuant to Bankruptcy Rule 9001(5): (i) designating Wolf, signatory of the Initial Debtors' petitions, as the person responsible to perform the obligations of the Initial Debtors under the Bankruptcy Code; (ii) designating Dudley, signatory of the Subsequent Debtors' petitions, as the person responsible to perform the obligations of the Subsequent Debtors under the Bankruptcy Code; (iii) designating Tilton, in her capacity as the Director and Sole Member of the Debtors' Board of Directors, as the person responsible to perform the obligations of the Debtors under the Bankruptcy Code; and (iv) granting the Trustee such other and further relief as the Court deems just and proper.

Dated: May 11, 2017
      Wantagh, New York

      **LaMONICA HERBST & MANISCALCO, LLP**
      Counsel to Salvatore LaMonica, Chapter 7 Trustee

By:   *s/ Jacqulyn S. Loftin*
      Jacqulyn S. Loftin, Esq.
      Partner
      3305 Jerusalem Avenue
      Wantagh, NY 11793
      Telephone: 516.826.6500

*M:\Documents\Company\Cases\TransCare Corp\Mtn to Designate Responsible Party\Mtn to Designate a Responsible Party.docx*