**STORCH AMINI PC**
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
Telephone: 212.490.4100
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                              Chapter 7

TRANSCARE CORPORATION, et al.
                                                                    Case No.: 16-10407 (SMB)
                                                                    (Jointly Administered)
                                        Debtors.
-------------------------------------------------------x

### APPLICATION TO EMPLOY STORCH AMINI PC AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE

Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Chapter 7 Cases"), by his undersigned proposed counsel, hereby submits this application for entry of an order, pursuant to §§ 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Trustee to employ Storch Amini PC as his special counsel in these Chapter 7 Cases (the "Application"). In support of the Application, the Trustee submits the Declaration of Bijan Amini,

Esq., an executive officer of Storch Amini PC (the "Amini Declaration"), which is Exhibit "A", and respectfully represents as follows:

**JURISDICTION; VENUE; STATUTORY BASES FOR RELIEF**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a), 327(e), 328(a), 330, and Bankruptcy Rule 2014(a), and Local Rule 2014-1.

**BACKGROUND**

3. On February 24, 2016, eleven of the fourteen Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On April 25, 2016, Debtors TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

4. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Debtors' cases and is currently acting in that capacity. The Debtors' cases are being jointly administered in accordance with orders of this Court [Dkt. No. 9 in Case No. 16-10407;[1] Dkt. No. 26 in Case No. 16-11057; Dkt. No. 37 in Case No. 16-11058; Dkt. No. 38 in Case No. 16-11059].

**RELIEF REQUESTED**

5. By this application, the Trustee respectfully requests entry of an order authorizing the employment and retention of Storch Amini PC as his special counsel in these Chapter 7 Cases

---

[1] Unless otherwise noted, all docket citations are to the docket in the main case, Case No. 16-10407.

pursuant to Bankruptcy Code § 327(e). A copy of the proposed Order of retention is Exhibit "B".

6. As part of his statutory duties, the Trustee is required to investigate the financial affairs of the Debtors. By this Application, the Trustee seeks Storch Amini PC's representation in connection with the Trustee's investigation of the Debtors including, but not limited to, issues relating to: (a) the filing of the bankruptcy cases; (b) the payment and termination of certain employees; (c) the conduct of the Debtors' officers, directors, professionals, and investors; (d) certain pre-petition transactions; and (e) whether to pursue (by settlement, suit, or otherwise) any resulting claims and causes of action. It is anticipated that Storch Amini PC will, among other work, conduct formal and informal discovery and, depending on the outcome of Storch Amini PC's investigation, commence actions and/or engage in settlement negotiations on behalf of the Trustee.

7. Storch Amini PC specializes in complex business litigation, including bankruptcy and trial work and has experience representing Chapter 11 and Chapter 7 trustees as litigation counsel. Storch Amini PC has represented numerous panel trustees in this district and around the country in connection with investigations into the financial affairs of debtors and litigations arising from the same. Storch Amini PC also has extensive bankruptcy and non-bankruptcy litigation experience relating to medical providers. Accordingly, the Trustee hereby requests entry of an Order authorizing him to employ Storch Amini PC as his special counsel in these Chapter 7 Cases.

8. Storch Amini PC's services are necessary in order to enable the Trustee to faithfully execute his duties and responsibilities. Storch Amini PC is willing to act on the Trustee's behalf as his special counsel on the terms and conditions set forth below.

9. By Order dated March 18, 2016 [Dkt. No. 40], the Trustee retained LaMonica Herbst & Maniscalco LLP ("LH&M") as his general counsel in these Chapter 7 Cases. Storch

3

Amini PC will be performing discrete legal services as requested by the Trustee, which services will not duplicate the services rendered or to be rendered by LH&M.

## DISINTERESTEDNESS

10. As set forth in the Amini Declaration, Storch Amini PC conducted a search of its client database to determine whether Storch Amini PC had any relationship with the Debtors or their respective affiliates or officers, insiders or creditors. Among other things, Storch Amini PC compared the Debtors' schedules D, E and F, the Debtors' statements of financial affairs, and the claims registers in these Chapter 7 Cases with Storch Amini PC's client database. Based on that review, Storch Amini PC informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtors' estates.

11. Storch Amini PC has also informed the Trustee that it has no connection with the Debtors, its creditors or other parties in interest in this case, except as set forth in the Amini Declaration. As such, the Trustee believes that Storch Amini PC is "disinterested" as that term is defined in Bankruptcy Code § 101(14).

12. As set forth in the Amini Declaration, Storch Amini PC has not represented Salvatore LaMonica in any other matters in his capacity as a Chapter 7 Trustee, but it is possible that Storch Amini PC may represent Salvatore LaMonica in his fiduciary capacity in other unrelated cases in the future.

## EMPLOYMENT TERMS

13. Subject to the Court's approval, the Trustee proposes to employ Storch Amini PC on a hybrid hourly-contingency fee basis, with Storch Amini PC's hourly fees capped at $100,000.00 (with a 10% discount from its customary hourly rates) and a contingency fee of 33 1/3% of any resulting recoveries. The contingency fee will be calculated after (i) deducting any

4

expense reimbursements owed to Storch Amini PC, as discussed below, and (ii) deducting any hourly fees already paid (or to be paid if allowed by the Court pursuant to a proper application) to Storch Amini PC.  Storch Amini PC will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee on a similar hybrid basis: Storch Amini PC will initially cap its investigation expenses from the estates for expense reimbursement at $25,000.00, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Storch Amini PC will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained for the Trustee.  If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Storch Amini PC be required to advance an individual expense exceeding $5,000.00 and in no event will Storch Amini PC be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval.  Storch Amini PC will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

14.    With respect to the hourly portion of Storch Amini PC's retention, Storch Amini PC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, as discounted by 10%. Storch Amini PC's current hourly rates are set forth in the Amini Declaration, and the Trustee submits that such rates are reasonable and customary.  Again, Storch Amini PC's hourly fees will be capped at $100,000.00.

15.    With respect to the contingency fee portion of Storch Amini PC's retention, Storch Amini PC will earn a contingency fee in the amount of 33 1/3% of any recovery realized by the

Trustee with respect to any claim or cause of action which Storch Amini PC pursues, whether through settlement, suit or otherwise (calculated after deducting any expense reimbursements owed to Storch Amini PC and thereafter reduced by any hourly fees already paid to Storch Amini PC for services relating to the investigation).

16. To the extent that any work of Storch Amini PC results in a reduction of claims asserted against the Debtors' estates, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Storch Amini PC and the Trustee, but in no event to exceed 33 1/3% of such claim reduction.

17. Storch Amini PC shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

18. Storch Amini PC has not agreed nor will it agree to share compensation received in connection with these Chapter 7 Cases with any other person, except as permitted by § 504(b) of the Bankruptcy Code.

**BEST INTERESTS OF THE ESTATES**

19. Bankruptcy Code § 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). The fees and expenses to be paid to Storch Amini PC and terms of employment, as set forth herein and the Amini Declaration, are reasonable given the scope and extent of the services Storch Amini PC will render in these Chapter 7 Cases. Accordingly, the Trustee submits that Storch Amini PC's retention is in

the best interests of the Debtors' estates and their creditors.

20. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully request that the Court enter an Order, substantially in the form annexed as Exhibit "B", granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 24, 2017
New York, New York

**STORCH AMINI PC**
Special Counsel to Salvatore LaMonica, as Chapter 7 Trustee

By: /s/ Avery Samet
Bijan Amini, Esq.
Avery Samet, Esq.
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
Telephone: (212) 490-4100