UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                              Chapter 7

TRANSCARE CORPORATION, et al.
                                                                    Case No.: 16-10407 (SMB)
                                                                    (Jointly Administered)
                                        Debtors.
-------------------------------------------------------x

**DECLARATION OF BIJAN AMINI IN SUPPORT OF TRUSTEE'S MOTION TO RETAIN STORCH AMINI PC AS SPECIAL COUNSEL**

BIJAN AMINI, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted and in good standing to practice before the United States District Court for the Southern District of New York. I am an executive officer in the firm of Storch Amini PC. My firm maintains offices for the practice of law at 2 Grand Central Tower, 25th Floor, New York, New York 10017.

2. I make this Declaration pursuant to § 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application of Salvatore LaMonica, the Chapter 7 Trustee for the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors") in the above chapter 7 cases (the "Chapter 7 Cases"), for entry of an order approving the retention of Storch Amini PC as special counsel to the Trustee (the "Application").

1

3.      Pursuant to the Application, the Trustee seeks to employ Storch Amini PC as his special counsel to investigate and pursue (whether by settlement or suit or otherwise) claims and causes relating to issues, including but not limited to: (a) the filing of the bankruptcy cases; (b) the payment and termination of certain employees; (c) the conduct of the Debtors' officers, directors, professionals, and investors; (d) certain pre-petition transactions; and (e) whether to pursue (by settlement, suit or otherwise) any resulting claims and causes of action.

4.      The facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon Storch Amini PC's completion of further review and analysis or as additional party-in-interest information becomes available to it, Storch Amini PC will file a supplemental declaration disclosing such information.

5.      Storch Amini PC possesses the requisite experience and expertise to advise the Trustee as his special litigation counsel in these Chapter 7 Cases. Storch Amini PC is a New York Professional Corporation that specializes in complex business litigation, bankruptcy, and trial work. Storch Amini PC has experience representing Chapter 11 and Chapter 7 trustees as litigation counsel.

6.      I will be primarily responsible for leading Storch Amini PC's representation of the Trustee in these Chapter 7 Cases. I will be assisted by Avery Samet, Esq. and other associate attorneys at Storch Amini PC, each of whom possess the requisite expertise and knowledge necessary to effectively assist the Trustee.

7.      Except as otherwise set forth herein, Storch Amini PC is not connected with the Trustee, the Debtors, the Debtors' creditors, other parties in interest, their respective attorneys and accountants, the United States Trustee, or any person employed by the Office of the United States

Trustee. To the best of my knowledge, after due inquiry, Storch Amini PC does not, by reason of any direct or indirect relationship to or connection with the Trustee, the Debtors or other parties in interest, hold or represent any interest adverse to the Trustee, the Debtors or to the estates.

8. Except as otherwise set forth herein, to the best of my knowledge, after due inquiry, neither I, Storch Amini PC, nor any officer, counselor associate of Storch Amini PC represents any entity other than the Trustee in connection with these Chapter 7 Cases.

9. In connection with this Declaration, my firm conducted a search of Storch Amini PC's client database to determine whether Storch Amini PC had any relationship with the Debtors or their respective affiliates or officers, insiders or creditors of the Debtors. Among other things, my firm compared the creditors and counterparties named in Debtors' schedules D, E and F, the Debtors' statements of financial affairs, and the claims register in these Chapter 7 Cases with Storch Amini PC's client database. Peninsula Hospital Center appears on the Debtors' initial creditor matrix.

10. Storch Amini PC is special litigation counsel and special insurance counsel to Lori Lapin Jones, as Chapter 11 Trustee of the Estates of Peninsula Hospital Center and Peninsula General Nursing Home Corp. d/b/a Peninsula Center for Extended Care & Rehabilitation (the "Peninsula Trustee"), in jointly-administered cases pending before the Hon. Elizabeth S. Stong in the United States Bankruptcy Court for the Eastern District of New York under Case No. 11-47056. None of the Debtors were listed on the schedules filed in the Peninsula Hospital case [Case No. 11-47056, Dkt. No. 148] and none of the Debtors filed claims in the Peninsula Hospital case. Storch Amini PC did not and will not investigate or bring avoidance claims against the Debtors under Chapter 5 of the Bankruptcy Code on behalf of the Peninsula Trustee. No adversary proceedings have been or will be commenced against the Debtors by Storch Amini PC on behalf

3

of the Peninsula Trustee.

11. On behalf of the Peninsula Trustee, Storch Amini PC commenced an action against, among others, Todd Miller and Shlomo Zakheim in connection with their actions vis-à-vis the debtors in the Peninsula Hospital cases. That action was settled and dismissed by order of the United States Bankruptcy Court for the Eastern District of New York dated December 19, 2014. Both Mr. Miller and Mr. Zakheim appear on the Debtors' schedules of creditors. According to public sources, Todd Miller served as the Chief Financial Officer and Chief Executive Officer of the Debtors between approximately 1999 and 2008.

12. Other than discussed above, our review has indicated that Storch Amini PC does not represent and has not previously represented any of the foregoing persons or entities in matters related or unrelated to these cases. Based upon this database search, Storch Amini PC does not hold or represent an interest adverse to the Debtors' estates.

13. Storch Amini PC is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that Storch Amini PC: (a) is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

14. Storch Amini PC regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Storch Amini PC will continue to apply the conflicts and disclosure procedures to these Chapter 7 Cases as

additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court, as may be necessary.

15. Accordingly, pursuant to § 327(e) of the Bankruptcy Code, Storch Amini PC is qualified to represent the Trustee in carrying out his duties in these Chapter 7 Cases.

## COMPENSATION AND BILLING PRACTICES

16. As set forth in the Application and subject to Court approval, the Trustee proposes to employ Storch Amini PC on a hybrid hourly-contingency fee basis, with Storch Amini PC's hourly fees capped at $100,000.00 and a contingency fee of 33 1/3% of any resulting recoveries. The contingency fee will be calculated after (i) deducting any expense reimbursements owed to Storch Amini PC, as discussed below, and (ii) deducting any hourly fees already paid (or to be paid if allowed by the Court pursuant to a proper application) to Storch Amini PC.

17. Storch Amini PC will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee on a similar hybrid basis: Storch Amini PC will initially cap its investigation expenses from the estates for expense reimbursement at $25,000.00, without prejudice to further application to increase that cap as expenses are incurred and funds are available, and Storch Amini PC will seek to recover its expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained for the Trustee. If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Storch Amini PC be required to advance an individual expense exceeding $5,000.00 and in no event will Storch Amini PC be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Storch Amini PC will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such

expenses that might be incurred for and during such litigation.

18. With respect to the hourly portion of Storch Amini PC 's retention, Storch Amini PC will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Storch Amini PC's current hourly rates are as follows:

Officer/Counsel   $450.00-800.00

Associate   $300.00-500.00

Paralegal   $110.00-175.00

19. Attorneys and paraprofessionals of Storch Amini PC bill their time in one-tenth of an hour increments and Storch Amini PC's rates are subject to periodic adjustments to reflect economic and other conditions. Storch Amini PC has agreed to discount these rates by 10% for this retention in these Chapter 7 Cases. Moreover, as set forth above, Storch Amini PC's hourly fee will be capped at $100,000.00.

20. With respect to the contingency fee portion of Storch Amini PC's retention, Storch Amini PC will earn a contingency fee in the amount of 33 1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Storch Amini PC pursues, whether through settlement, suit or otherwise (calculated after deducting any expense reimbursements owed to Storch Amini PC and thereafter reduced by any hourly fees already paid to Storch Amini PC for services relating to the investigation).

21. To the extent that any work of Storch Amini PC results in a reduction of claims asserted against the Debtors' estates, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Storch Amini PC and the Trustee, but in no event to exceed 33 1/3% of such claim

reduction.

22. Storch Amini PC shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

23. Neither I, nor Storch Amini PC, nor any officer or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these Chapter 7 Cases other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

24. Storch Amini PC has not agreed nor will it agree to share compensation received in connection with these Chapter 7 Cases with any other person, except as permitted by § 504(b) of the Bankruptcy Code.

25. Storch Amini PC has not rendered any professional services to the Trustee in these Chapter 7 Cases. Storch Amini PC has never represented Salvatore LaMonica in his capacity as a Trustee, but it is possible that Storch Amini PC may represent Salvatore LaMonica in his fiduciary capacity in other unrelated cases in the future.

Executed under penalty of perjury this 24th day of July 2017 in New York, New York.

_____
Bijan Amini