UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                     Chapter 7

TRANSCARE CORPORATION, et al.,          Case No.: 16-10407 (SMB)
                                                             Jointly Administered
                            Debtors.
------------------------------------------------------------x

**ORDER APPROVING EMPLOYMENT OF STORCH AMINI PC
AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE
*NUNC PRO TUNC* TO JUNE 5, 2017**

UPON the application dated June 30, 2017 (the "Application") of Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors") in the above chapter 7 cases (the "Chapter 7 Cases"), by his proposed special counsel, Storch Amini PC, seeking the entry of an order, pursuant to §§ 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Trustee to employ Storch Amini PC as his special counsel in these Chapter 7 Cases *nunc pro tunc* to June 5, 2017; and upon the Declaration of Bijan Amini, Esq., an executive officer of Storch Amini PC (the "Amini Declaration"); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and the Court having reviewed the Application and the Amini Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application and the Amini Declaration that Storch Amini PC is disinterested and does not represent or hold any interest that is adverse to the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The application is granted to the extent provided herein.

2. In accordance with Bankruptcy Code §§ 327(e) and 328(a), the Trustee is authorized to employ and retain Storch Amini PC as his special counsel on the terms set forth in the Application and the Amini Declaration, *nunc pro tunc* to June 5, 2017.

3. Storch Amini PC shall, without limitation and at the direction of the Trustee, provide the following services to the Trustee:

     (a) investigate the filing of the bankruptcy cases;

     (b) investigate the payment and termination of certain employees;

     (c) investigate the conduct of the Debtors' officers, directors, professionals, and investors;

     (d) investigate pre-petition transactions; and

     (e) pursue (by settlement, suit or otherwise) any resulting claims and causes of action.

4. In connection with its services rendered pursuant to ¶ 2 (a) through (e) above, Storch Amini PC shall be paid (subject to application to, and approval by, the Court) on an hourly basis as discounted by 10%, provided, however, that Storch Amini PC will cap its hourly fees at $100,000.00 and will initially cap its expenses from the estates for expense

reimbursement at $25,000.00, without prejudice to further application to increase that cap as expenses are incurred and funds are available, which shall be paid to Storch Amini PC (subject to Court approval). In connection with its services rendered pursuant to ¶ 2(e) above, Storch Amini PC shall be paid on a contingent fee basis as follows: 33 1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Storch Amini PC pursues, whether through settlement, suit or otherwise (calculated after (i) deducting any expense reimbursements owed to Storch Amini PC and (ii) deducting any hourly fees already paid or to be paid to Storch Amini PC for services relating to the investigation). Upon collection, the Trustee shall segregate 33 1/3% of any such recoveries, which will be designated exclusively for Storch Amini PC but payable subject to the procedures set forth herein. Except as set forth below and above, Storch Amini PC shall only be paid out of recoveries actually received, and at no time shall the Trustee be required to compensate Storch Amini PC other than from actual recoveries. **If the Trustee determines, based upon the results of the investigation and upon the advice of counsel, that litigation is warranted, in no event will Storch Amini PC be required to advance an individual expense exceeding $5,000.00 and in no event will Storch Amini PC be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval.** Storch Amini PC will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

5. To the extent that any work of Storch Amini PC results in a reduction of claims asserted against the Debtors' estates **by potential defendants or defendants to a litigation**, compensation to Storch Amini PC for such reduction shall be paid (subject to application to, and

approval by, the Court) in an amount and manner to be negotiated in good faith between Storch Amini PC and the Trustee, but in no event to exceed 33 1/3% of such claim reduction.

6. Storch Amini PC shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

7. Prior to any increases in Storch Amini PC's rates for any individual employed by Storch Amini PC and providing services in these cases, Storch Amini PC shall file a supplemental affidavit with the Court and provide ten business days' notice to the Trustee and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code § 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code § 330.

8. Notwithstanding any provision to the contrary in the Application, any dispute relating to the services provided by Storch Amini PC shall be referred to arbitration consistent with the terms of the Application only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

9. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

10. Notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: July 28th, 2017
      New York, New York

      /s/ STUART M. BERNSTEIN
      Hon. Stuart M. Bernstein
      United States Bankruptcy Judge

Dated: July 21, 2017
      New York, New York

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2


By    */s/ Andrea Schwartz*
      Andrea B. Schwartz, Esq. Trial Attorney