**STORCH AMINI PC**
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
Telephone: 212.490.4100
Bijan Amini, Esq.
Avery Samet, Esq.
Jaime B. Leggett, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al. | Case No.: 16-10407 (SMB) (Jointly Administered) |
| Debtors. | |

--------------------------------------------------------x

**TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 2004 AND BANKRUPTCY CODE SECTION 542(e) FOR AN ORDER DIRECTING THE EXAMINATION OF, AND PRODUCTION AND TURNOVER OF DOCUMENTS BY, PERSONS AND ENTITIES RELATED TO PATRIARCH PARTNERS LLC**

TO:    THE HONORABLE STUART BERNSTEIN
       UNITED STATES BANKRUPTCY JUDGE

Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Debtors"), by his undersigned counsel, hereby respectfully move (the "Motion") this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Section 542(e) of Title 11 of the United States Code (the "Bankruptcy Code") compelling the examination of and

1

production and turnover of documents by persons and entities related to Patriarch Partners, LLC[1], and any affiliates ("Patriarch") and certain enumerated current and former employees of Patriarch (listed below) and for the production of documents. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105 and 542(e), along with Bankruptcy Rule 2004.

## BACKGROUND

2. On February 24, 2016, eleven of the fourteen Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On April 25, 2016, Debtors TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

3. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Debtors' cases and is currently acting in that capacity. The Debtors' cases are being jointly administered in accordance with orders of this Court [Dkt. No. 9 in Case No. 16-10407; Dkt. No. 26 in Case No. 16-11057; Dkt. No. 37 in Case No. 16-11058; Dkt. No. 38 in Case No. 16-11059].

---

[1] Patriarch operated out of a number of different corporate entities, all controlled by Lynn Tilton, Patriarch's principal and all operating out of the same office, in connection with its dealings with TransCare. Those entities include Patriarch Partners, LLC, Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch, Inc., Ark CLO 2000-1 Limited, ARK II CLO 2001-1 Limited, Ark Investment Partners II, L.P., Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, and LD Investments, LLC.

4. By order dated July 28, 2017 [Dkt No. 495], the Court approved the retention of Storch Amini PC as special counsel to the Trustee to assist the Trustee in connection with his investigation of the Debtors including, but not limited to, issues relating to: (a) the filing of the bankruptcy cases; (b) the payment and termination of certain employees; (c) the conduct of the Debtors' officers, directors, professionals, and investors; and (d) certain pre-petition transactions.

5. In connection with the Trustee's investigation, the Trustee now seeks to compel the examination of, and the production of documents by, Patriarch. Among other things, Patriarch controlled the Debtors, provided management services to the Debtors, served as the administrative agent for the Debtor's senior secured term loan, controlled the many of the lenders under that loan, provided legal counsel to the Debtors and generally oversaw the management of the Debtors' affairs. Lynn Tilton, Patriarch's principal, served as the Debtors' sole member of the Boards of Directors. In June 2017, this Court entered an order designating the principal of Patriarch, Lynn Tilton, the Debtors' responsible party. As such, the Trustee believes that Patriarch has information relating to the topics to be investigated, as well information relating to the acts, conduct, liabilities and financial condition of the Debtors.

## ARGUMENT

6. Bankruptcy Rule 2004(a) provides that upon "motion of any party in interest, the court may order the examination of any party." Such examination may relate "to the acts, conduct, or property or to the liabilities and financial condition of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Thus, the scope of a Bankruptcy Rule 2004 examination is intended to allow parties in interest to obtain documents, the discovery of assets from third parties, and the determination of claims. See In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994) ("Because the purpose of the Rule

2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation."); In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) ("The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, ascertaining assets, and discovering whether any wrongdoing has occurred.").

7. The party seeking Rule 2004 discovery "typically shows good cause by establishing that the proposed examination is necessary to establish the claim of the party seeking the examination, or denial of such request would cause the examiner undue hardship or injustice." In re SunEdison, Inc., 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) (internal quotations omitted). In evaluating such a request, the Court must balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." (Id.) (internal quotations omitted).

8. Here, the discovery sought is necessary from Patriarch given Patriarch's intimate involvement with the Debtors, and it is wholly proportionate to any burden on Patriarch. Among other things, Patriarch owned the Debtors, oversaw and directed the Debtors' bankruptcy filings, provided pre-petition lending to the Debtors, managed the Debtors' affairs, hired officers and provided legal advice to the Debtors. Patriarch's CEO Lynn Tilton was the Debtors' primary decision-maker with personal knowledge of the Debtors' pre-petition affairs and activities [Dkt. No. 471 (Trustee's Application to Designate Patriarch Individuals as Persons Responsible to Perform the Debtors' Obligations Under the Bankruptcy Code) at ¶ 14] and was designated by the Court as the responsible party to appear at the Debtors' 341 Meeting [Dkt. No. 482]. Patriarch is the repository of much of the Debtors' financial and operational documents.

9. The Trustee believes that Patriarch has extensive knowledge concerning the topics to be investigated, as well as concerning the general conduct and financial affairs of the Debtors. Attached as <u>Exhibit A</u> to the Proposed Order are the specific documents which the Trustee seeks from Patriarch. Attached as <u>Exhibit B</u> to the Proposed Order are the topics, upon which the Trustee will examine (i) Patriarch by a person or persons designated as having the most knowledge about the deposition topics pursuant to Federal Rule 30(b)(6). The Trustee also seeks the examination of Lynn Tilton, the Debtors' sole board member, Jean Luc Pelissier, a Managing Director at Patriarch who worked extensively with the Debtors, and Renee Dudley, a Vice President at Patriarch who handled the loans between Patriarch and the Debtors, and other such employees as may be necessary (for example, after review of the documents produced). The Trustee seeks authorization to examine such employees and will consult with counsel for Patriarch to determine whether the examination of Patriarch will require the testimony of additional persons.

10. In addition, Section 542(e) of the Bankruptcy Code provides that "the Court may order an attorney, accountant or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."  <u>See In re Schick</u>, 215 B.R. 4, 8 (Bankr. S.D.N.Y. 1997) (directing the turnover of electronic information relating to the debtor pursuant to, *inter alia*, Section 542(e)); <u>In re The Terraces Subdivision, L.L.C.</u>, 2007 WL 4287742 at *2 (Bankr. D. Alaska 2007) (directing the turnover of electronic files pursuant to Section 542(e)). The Trustee seeks the turnover of Patriarch's Documents to the extent Patriarch maintained the Debtors' documents (such as title to property, board minutes and resolutions, management reports, etc.).

11. The Trustee requests that service of the Motion and the Proposed Order granting this Motion, along with the service of a subpoena issued pursuant to Bankruptcy Rule 2004(c), by electronic mail upon counsel for Patriarch be deemed good and proper service of such Motion, Order, and subpoena. The Trustee will serve the subpoenas at least fourteen (14) days before the deadline for the production of documents and twenty-one (21) days before the date of deposition.

12. The Trustee has not previously applied for the relief sought herein to this or any other court. The Trustee reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

## **CONCLUSION**

For the reasons advanced above, the Trustee respectfully requests entry of the Proposed Order and such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 4, 2017

Respectfully submitted,

/s/ Avery Samet
Avery Samet, Esq.
Bijan Amini, Esq.
Jaime B. Leggett, Esq.
STORCH AMINI PC
140 East 45th Street
New York, New York 10017
Tel: (212) 490-4100
asamet@storchamini.com

*Special Counsel to Chapter 7 Trustee Salvatore LaMonica*