UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.,

                Debtors.

-----------------------------------------------------------x

Chapter 7

Case No.: 16-10407 (SMB)

Jointly Administered

# STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY AS IT APPLIES TO JOSE CADIZ

This Stipulation And Order Granting Limited Relief From The Automatic Stay is made by and between Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the interim Trustee of the estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. collectively, the "Subsequent Debtors", along with the Initial Debtors are collectively referred to herein as the "Debtors"), and Jose Cadiz ("Cadiz") and the ("Parties"), acting by and through his undersigned counsel.

## RECITALS

A.    On February 24, 2016 (the "Petition Date"), the Initial Debtors each filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtors' cases, has since duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

C. Pursuant to Orders dated March 1, 2016, the Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

D. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Court.

E. Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases has since duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

F. Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

G. Prior to the Petition Date, an action was commenced by Cadiz in the Supreme Court of the State of New York, Bronx County, against, among others, TC Ambulance Corp. (the "Action").

H. Cadiz seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(a) to permit the prosecution of the Action, but only to the extent of the Debtors' existing insurance coverage insofar as such proceeds are not an asset of the Debtors' estates or otherwise available to the creditor body.

I. The Trustee has no objection to the continuation of the Action on the terms and conditions set forth herein.

## **TERMS AND CONDITIONS**

1. The automatic stay is hereby modified to permit Cadiz to continue the prosecution of the Action but only to the extent of the limits of existing insurance coverage that may be applicable to the Action, <u>provided, however</u>, that any settlement of the Action, or judgment rendered in the Action, may not exceed the applicable limits for any such insurance coverage, and <u>provided further</u> that the Trustee shall have no obligation to take part in, spend time on or expend any assets of Debtors' estates in connection with any aspect of the Action including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests.

2. Cadiz hereby waives and releases any and all claims Cadiz may have: (a) against the Debtors' estates, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; and (b) against the Trustee's and/or Debtors' insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Trustee, the Debtors and/or any of their respective employees named in the Action (the "<u>Covered Employees</u>") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Employees with respect to the Action are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Bankruptcy Court

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, <u>provided that</u>, with respect to the Trustee, this Stipulation requires approval of the Bankruptcy Court.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so ordered by the Bankruptcy Court.

Dated: October 30, 2017
New York, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Trustee

Dated: October 30, 2017
New York, New York

By:    *s/Jacqulyn S. Loftin*
Jacqulyn S. Loftin
Partner
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone:  516.826.6500

**HECHT, KLEEGER & DAMASHEK, P.C.**
Counsel to Jose Cadiz

By:    *s/ Judd F. Kleeger*
Judd F. Kleeger
Partner
19 West 44th Street - Suite 1500
New York, NY 10036

**IT IS SO ORDERED:**

**Dated: November 1, 2017
New York, New York**

**/s/ STUART M. BERNSTEIN
United Sates Bankruptcy Judge**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **BRONX**
-------------------------------------------------------------------------x
JOSE CADIZ

                            Plaintiffs,                          **STIPULATION**

    -against-

                                                                          Index No. 8236/15

RAPHAEL BOSCH, TRANSCARE NEW YORK INC.,
CATHOLIC MANAGED LONG TERM CARE, INC.,
TYRONE COUSART and TYRONE BROCK d/b/a
TKP COMPANY                       Defendants.
-------------------------------------------------------------------------x

       **IT IS HEREBY STIPULATED AND AGREED** to by the undersigned Counsel for the respective parties that the above captioned action be restored to the Court Calendar for Compliance Conference. All parties shall appear for compliance conference on———————, the date schedule by the Court. A facsimile copy of this stipulation may be deemed an original.

JUDD F. KLEEGER, ESQ.
**HECHT, KLEEGER & DAMASHEK, PC**
Attorneys for Plaintiff
**JOSE CADIZ**
19 West 44th Street - Suite 1500
New York, NY 10036
(212) 490-5700

LAW OFFICES OF JOHN TROP
Attorneys for Defendants
**TYRONE BROCK d/b/a**
**TKP COMPANY**
73 Market Street - Suite 375
Yonkers, New York 10710
(914) 620-0035

Lewis Brisbois Bisgaard & Smith
Attorneys for Defendants
TRANSCARE NEW YORK INC.
77 Water Street - Suite 2100
New York, NY 10005
(212) 232-1300

**Dated:** New York, New York

    October 30, 2017

                                                                   **SO ORDERED**