**STORCH AMINI PC**
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
Telephone: 212.490.4100
Avery Samet, Esq.
Jaime B. Leggett, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:                                                    Chapter 7

TRANSCARE CORPORATION, et al.

                                                          Case No.: 16-10407 (SMB)
                                                          (Jointly Administered)

                                    Debtors.
-------------------------------------------------------x

### ORDER GRANTING TRUSTEE'S EX PARTE MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 542(e) OF THE BANKRUPTCY CODE FOR AN ORDER DIRECTING THE EXAMINATION OF, AND PRODUCTION AND TURNOVER OF DOCUMENTS BY, PATRIARCH PARTNERS, LLC'S FORMER MANAGING DIRECTOR JEAN LUC PELISSIER

Upon the motion (the "Motion") of Salvatore LaMonica, the chapter 7 trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to Section 542(e) of Title 11 of the United States Code (the "Bankruptcy Code") for entry or an order authorizing and directing the examination of, and the production and turnover of documents by, Patriarch Partners, LLC's former Managing

1

Director Jean Luc Pelissier, all as more fully set forth in the Motion; and due and proper notice of the Motion and the relief requested therein having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof, it is

ORDERED that Storch Amini PC, as officers of the Court, are hereby authorized to issue a subpoena to Mr. Pelissier directing the production and turnover of documents, all as specified on Exhibit A hereto; and, it is further

ORDERED that Mr. Pelissier is directed to produce for examination and inspection all documents in his custody, possession or control specified in Exhibit A hereto not less than fourteen (14) days after issuance and service of the subpoena at the location specified by the subpoena; and, it is further

ORDERED that Mr. Pelissier is directed to appear for an examination under oath on the date set forth in the subpoena to be issued on behalf of counsel to the Trustee, regarding the topics listed on Exhibit B hereto, which appearance shall not be less than twenty-one (21) days after issuance and service of the subpoena; and, it is further

ORDERED that service of a copy of this Order and a subpoena on Mr. Pelissier **in accordance with FRCP 45** ~~by personal service and first-class mail at his place of business~~ shall be deemed good and sufficient notice and service of this Order and the subpoena as to Mr. Pelissier; and, it is further**[SMB: 11/3/17]**

ORDERED that the Trustee is authorized to do such things, execute such documents and expend such funds as may be necessary and consistent with this Order.

Dated: November 3rd, 2017
New York, New York

/s/ STUART M. BERNSTEIN
Hon. Stuart M. Bernstein
United States Bankruptcy Judge

# Exhibit A

## EXHIBIT A

Definitions

A.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

C.      The term "Debtors" means the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp.

D.      The term "document" includes all electronic documents and communications created or modified on or after January 1, 2014 (unless another date is otherwise specified), and is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

E.      The term "Patriarch" means Patriarch Partners, LLC, Patriarch Partners III, LLC, Ark CLO 2000-1 Limited, and Ark Investment Partners II, L.P., Patriarch Partners Agency Services, LLC, and any affiliates, and their officers, directors, agents, employees, principals, partners, corporate parent, subsidiaries or affiliates.

F.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5

G.      The term "You" means yourself, your agents, employees or anyone operating on

your behalf or under your control.

<u>Specific Requests</u>

1.    All board minutes of the Debtors, including any resolutions authorized by the Debtors' boards.

2.    All of the corporate charters and by-laws for the Debtors.

3.    All documents concerning any authority matrices for the Debtors' officers, and any documents concerning the delegation of such authority to any non-Debtor personnel.

4.    All documents concerning the ownership of the Debtors' property, including ambulance title certificates.

5.    All contracts or agreements between Patriarch or any entity related to Patriarch and the Debtors.

6.    Documents sufficient to identify all entities affiliated or related to Patriarch which conducted business with the Debtors.

7.    All documents concerning transfers between the Debtors and Patriarch.

8.    All documents concerning payments made by Patriarch on the Debtors' behalf, including any payments made by Patriarch to the Debtors' attorneys.

9.    All documents concerning the hiring or firing of the Debtors' officers and any performance reviews of the Debtors' officers.

10.    All communications with attorneys representing or otherwise providing legal advice to the Debtors, including all retainer agreements with such attorneys.

11.    All documents concerning legal advice provided to the Debtors.

12.    All documents concerning the retention of Carl Marks as consultants to the Debtors, including any consulting agreements and payments made to Carl Marks.

13.    All communications with Carl Marks concerning the Debtors, including any

7

financial presentations, valuations, reports, or financial models.

14.  All communications with state or federal regulatory agencies concerning the Debtors, including any documents produced concerning the Debtors to such agencies and any communications or agreements with the New York State Insurance Fund (NYSIF).

15.  All documents concerning any investment by Patriarch in the Debtors.

16.  All documents concerning any valuation of the Debtors, including any valuation of any asset of the Debtors.

17.  All documents concerning any plans for a financial and/ or operational restructuring of the Debtors, including for continuing any portion of the Debtors' business operations under a new corporate entity.

18.  All communications between Patriarch and Wells Fargo concerning the Debtors and/ or any debts of the Debtors.

19.  All communications with or within Patriarch, including Jean Luc Pelissier, concerning the payment for ambulance fuel by any emergency medical technicians or other employees or independent contractors of the Debtors.

20.  All documents concerning any attempts (or possible attempts) by the Debtors or Patriarch to market and/ or sell the Debtors or their assets

21.  All documents concerning any offers to purchase the Debtors or their assets, including any offers from National Express.

22.  All communications with or within Patriarch concerning the Debtor's cash reports or weekly budgets, including any instructions concerning submitting such cash reports or weekly budgets to Lynn Tilton.

23.  All communications concerning whether to pay the Debtors' insurance premiums.

8

24.    All communications with or within Patriarch concerning actual or potential purchases of ambulances by the Debtors or Patriarch.

25.    All documents concerning Patriarch's revenue expectations for the Debtors.

26.    All correspondence with or within Patriarch concerning the rate of interest charged on any loans made from Patriarch to the Debtors, including the timing and amount of payments made by the Debtors to Patriarch on account of any such loans and the attribution of such payments to principal versus interest on any such loans.

27.    All correspondence with New York Governor Andrew M. Cuomo concerning the Debtors and all documents concerning any such communications.

28.    All documents concerning any joint ventures between the Debtors and third parties or Patriarch.

29.    All documents concerning determinations of whether, in what order, and when to pay the Debtors' expenses, including any instructions, directives, or advice by Patriarch concerning the same.

30.    All documents concerning the "strict foreclosure" of the Debtors' assets referred to by Patriarch [Dkt. No. 11 at ¶ 6].

31.    All documents concerning any loans from Patriarch to the Debtors, including any loan agreements, security agreements, amendments, indenture agreements, guarantees, direction letters, waivers, releases, deferments, forbearances, and the like.

32.    All documents concerning reports and/ or analyses presented by the Debtors' officers to Patriarch.

Exhibit B

## EXHIBIT B

Matters upon which Salvatore LaMonica, Chapter 7 trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Debtors"), by and through his special counsel, will seek to depose Jean Luc Pelissier:

(1)  The topics of the document demand attached as Exhibit A.

(2)  The Debtors' loans from Patriarch and from Wells Fargo.

(3)  The Debtors' financial affairs, including the valuation of the Debtors or any of the Debtors' assets.

(4)  The relationship between Patriarch and the Debtors, including – but not limited to – any dealings between Patriarch and the Debtors.

(5)  The relationship between Patriarch and any officers or employees of the Debtors.

(6)  The storage and maintenance of any documents and/ or electronic data relating to the Debtors, including any destruction thereof, and any procedures and/ or policies relating to the same.

11