

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

November 16, 2017

**VIA ECF AND HAND DELIVERY**

Timothy Karcher
Member of the Firm
d +1.212.969.4750
f 212.969.2900
tkarcher@proskauer.com
www.proskauer.com

Hon. Stuart M. Bernstein
U.S. Bankruptcy Court for the
Southern District of New York
One Bowling Green, Courtroom 723
New York, New York 10004

Re:   *In re TransCare Corp., et al.*, **Case No: 16-10407 (SMB)**

Dear Judge Bernstein:

We represent Patriarch Partners, LLC, as well as certain related individuals and entities[1] (collectively, the "Respondents") in the above-captioned matter. We write to respond to the letter addressed to Your Honor yesterday from counsel for the Chapter 7 Trustee (the "Trustee") in this matter, and to clarify Respondents' concerns and offers to compromise with respect to the confidentiality agreement referenced in the Trustee's letter.

In brief, there should be *one set* of rules governing the production of confidential documents. The Trustee has *already* agreed to a negotiated form of confidentiality order (attached as Exhibit A) for the WARN Action (defined below), and now the Trustee (through different counsel) wants to deviate from that negotiated, and agreed, protective order. It makes no sense to have 2 sets of rules for the production of the *same* documents from *identical parties*. Worse, it potentially prejudices the Respondents in the WARN Action. Our proposed compromise (to use the same standard in the instant action as in the WARN Action) protects everyone. Neither the Trustee nor the Respondents are prejudiced by using the standards currently in place. The agreed form of protective order has a mechanism for resolving disputes *if and when* they arise. Instead, the Trustee seeks to remove these protections, and tip the balance in his favor at the outset.

The Trustee should stick with the deal he agreed to.

As Trustee's counsel notes, certain of the Respondents, as well as the Trustee, are defendants in a WARN Act adversary proceeding that arose out of the TransCare bankruptcy, *Ien v. TransCare Corp. et al.*, Adv. Proc. No. 16-1033 (SMB) (the "WARN Action"). The WARN Action has substantial overlap with the above-captioned matter, involving similar entities, similar parties, and discovery requests for the same information and/or documents from Respondents. In the WARN Action, the Trustee and Respondents are potentially adverse to one another, which directly impacts

---

[1]   Lynn Tilton, Patriarch Partners LLC, Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Ark CLO 2000-1 Limited, Ark II CLO 2001-1 Limited, Ark Investment Partners II, L.P., Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, and LD Investments LLC.

# Proskauer»

November 16, 2017
Page 2

the instant dispute. In the WARN Action, all parties agreed to a confidentiality agreement with *two levels* of confidentiality, "Confidential" and "Confidential- For Attorneys' Eyes Only." Though Trustee's counsel correctly notes they have offered to honor any "Confidential- For Attorneys' Eyes Only" designation made on a document produced in the WARN Action, they failed to accurately set forth Respondents' stated reasons for concern with this suggestion and failed to outline Respondents' subsequent offers to compromise to address the Trustee's concerns.

As Respondents have consistently communicated to Trustees' counsel, including as recent as a few hours prior to Trustee's filing of the letter, we are concerned that merely honoring "Confidential- For Attorneys' Eyes Only" designations for documents produced in the WARN Action amounts to a potential waiver of any protections for information and documents that may be produced in the instant proceeding, but not produced in the WARN Action or not yet produced in the WARN Action. Once the Trustee, a defendant in the WARN case, is permitted to examine a document, his knowledge of the contents of that document cannot be rescinded - colloquially, Respondents cannot un-ring that bell. The Trustee, as a defendant and adverse party to Respondents in the WARN Action, will have been privy to Respondents' potentially sensitive information that he would not have otherwise been entitled to examine in the WARN Action, which could color any testimony offered by him in the WARN Action. The same concern also exists with respect to anyone the Trustee serves with a subpoena and/or anyone with whom the Trustee intends to share Respondents' documents, or anyone who may provide testimony in the WARN Action. In sum, such disclosures could have unknown and adverse consequences for Respondents in the WARN Action.

Our proposal is simple. The same standards should apply in the WARN Action and in this dispute. Our proposed confidentiality agreement (attached as Exhibit B) includes a mechanism by which the Trustee's counsel may challenge any "Confidential- For Attorneys' Eyes Only" designation, with any disagreement being escalated to Your Honor as a last recourse. Indeed, minutes before the filing of the initial letter to Your Honor, we offered to reduce the prescribed time periods in the agreement for responding to any such challenge, as an accommodation. Conversely, if the "compromise" suggested by Trustee's counsel were to be adopted, Respondents would have no recourse for withholding from the Trustee any sensitive document not produced in the WARN Action, regardless of whether that document would be helpful to the Trustee's investigation pursuant to the instant proceedings. Respectfully, this would be an unfair and imbalanced state of affairs, with potentially serious and adverse consequences for the defense of the WARN Action.

Respondents have continued to solicit from Trustee's counsel, and are willing to continue to discuss, potential compromises that address Respondents' concerns as articulated above. However, to date, Trustee's counsel has declined to propose compromises that address Respondents' concerns.

Respectfully submitted,

*/s/ Timothy Karcher*

Timothy Karcher

**Proskauer»**

November 16, 2017
Page 3

cc:  Salvatore LaMonica, Trustee
     Bijan Amini, Esq.
     Nicole A. Eichberger, Esq.