PROSKAUER ROSE LLP
Timothy Q. Karcher
Eleven Times Square
New York, NY 10036-8299
(212) 969-3000

*Attorneys for Lynn Tilton,
Ark CLO 2000-1 Limited, Ark Investment
Partners II, L.P., Ark II CLO 2001-1 Limited,
Patriarch Partners, LLC, Patriarch Partners III, LLC,
Patriarch Partners VIII, LLC, Patriarch Partners
XIV, LLC, Patriarch Partners XV, LLC, Patriarch
Partners Agency Services, LLC, Patriarch Partners
Management Group, LLC, and LD Investments, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                         Chapter 7

TRANSCARE CORPORATION, et al.
                                                                                    Case No.: 16-10407 (SMB)
                                                                                    (Jointly Administered)
                                                              Debtors.
--------------------------------------------------------x

## STIPULATED PROTECTIVE ORDER GOVERNING
## NON-DISCLOSURE OF CONFIDENTIAL INFORMATION

This stipulation (the "Stipulation"), dated as of December 4, 2017, is entered into between Salvatore LaMonica, by and through his Special Counsel, as Chapter 7 trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), and Patriarch Partners, LLC and certain of its affiliated entities, including Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC,

Patriarch Partners XV, LLC, Ark CLO 2000-1 Limited, ARK II CLO 2001-1 Limited, Ark Investment Partners II, L.P., Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, and LD Investments, LLC (collectively, the "Patriarch Entities") (jointly with the Debtors, the "Parties" and each a "Party"), to prohibit the disclosure of non-public, confidential, personal, proprietary, and/or sensitive information, documents and testimony that may be produced in discovery, examination, or otherwise provided or made available in connection with the above-captioned bankruptcy proceedings (the "Action") currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Court").

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties that:

1. A Party who is responding to discovery by subpoena issued pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (a "Rule 2004 Request") or otherwise or a non-party who is responding to discovery by subpoena or Rule 2004 Request or otherwise ("Non-Party") may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" if the Party or Non-Party determines, in good faith, (i) that such designation is necessary to protect its interests; and, (ii) that, with respect to information designated as "Confidential – Attorneys' Eyes Only," disclosure of such information to another Party or Non-Party would create a risk of injury to the disclosing Party that cannot be avoided by less restrictive means than designation of the information as "Confidential – Attorneys' Eyes Only." Information and documents designated by a Party or Non-Party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to

collectively as "Confidential Information." Information and documents designated by a Party or Non-Party as confidential – attorneys' eyes only will be stamped "CONFIDENTIAL – ATTORNEYS' EYES ONLY." "Confidential – Attorneys' Eyes Only" information or documents may be referred to collectively as "Confidential – Attorneys' Eyes Only Information."

2. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information or Confidential – Attorneys' Eyes Only Information disclosed will be held in confidence, and only used by the person (or persons) receiving such information solely for use in connection with the Action. For the sake of clarity, the Confidential Information or Confidential – Attorneys' Eyes Only Information may not be disclosed in the Adversary Proceeding titled *Shameeka Ien v. Transcare Corporation, et al.*, Adv. Pro. No. 16-01033-smb, or any other adversary proceeding not commenced by the Trustee, unless such information has been independently disclosed by the producing party in such adversary proceeding in response to a discovery request; nor can the Trustee use the information for any other purpose outside of these bankruptcy proceedings. The Chapter 7 Trustee, Salvatore Lamonica, will be treated as an Attorney for purposes of the Attorneys' Eyes Only designation. The Trustee is not waiving his right to seek modification of the use or treatment of Confidential Information or Confidential-Attorneys' Eyes Only Information in accordance with the terms of this Stipulation.

3. In the event a Party or Non-Party challenges another Party's or Non-Party's "Confidential" or "Confidential – Attorneys' Eyes Only" designation, counsel shall make a good faith effort to resolve the dispute within five (5) business days, and in the absence of a resolution, the challenging Party or Non-Party may thereafter seek resolution by the Court. The Party that

designated a document or other information as Confidential or Confidential – Attorneys' Eyes Only shall bear the burden of demonstrating that good cause exists for the maintenance of such designation. Nothing in this Stipulation of Confidentiality constitutes an admission by any Party or Non-Party that Confidential Information or Confidential – Attorneys' Eyes Only Information disclosed is relevant or admissible. Each Party or Non-Party specifically reserves the right to object to the use or admissibility of all Confidential Information or Confidential – Attorneys' Eyes Only Information disclosed, in accordance with applicable law and Court rules.

4. Information or documents designated as "Confidential" shall not be disclosed, except to:

   (a) The requesting Party and their counsel, including in-house counsel;

   (b) Employees of such requesting Party's counsel assigned to and necessary to assist in the administration of the Action;

   (c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel subject to Paragraphs 6 and 7 of this Stipulation of Confidentiality;

   (d) Any person from whom testimony is taken or is to be taken in this Action, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony subject to Paragraphs 6 and 7 of this Stipulation of Confidentiality and may not retain the Confidential Information;

   (e) Any person who authored, received, saw, had access to, or was otherwise familiar with documents, testimony, or information designated Confidential, including any person otherwise familiar with the Confidential information contained therein, but

only to the extent of that person's prior familiarity with the Confidential information;

(f) The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or as exhibits to motion(s);

(g) Court reporters, videographers, and third parties retained by counsel to a Party in this Action to provide support services for this Action, such as graphics, trial exhibits, photocopy services, or document collection, retrieval, or storage services subject to Paragraphs 6 and 7 of this Stipulation of Confidentiality;

(h) Any mediator assigned by the Court or selected by the parties subject to Paragraphs 6 and 7 of this Stipulation of Confidentiality and may not retain the Confidential Information.

(i) For the avoidance of doubt, except as provided in this paragraph 4, Confidential Information may not be disclosed to any other counsel, or any other party in the Action, without the express written consent of the Party providing such Confidential Information.

5. Information or documents designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed, except to:

(a) The requesting Party's counsel, including in-house counsel;

(b) Employees of such requesting Party's counsel assigned to and necessary to assist in administration of the Action;

    (c) Consultants or experts assisting in the administration of the Action, to the extent deemed necessary by counsel subject to Paragraphs 6, 7 and 8 of this Stipulation of Confidentiality;

    (d) Any person from whom testimony is taken or is to be taken in connection with this Action, except that such a person may only be shown that Confidential – Attorneys' Eyes Only Information during and in preparation for his/her testimony subject to Paragraphs 6, 7 and 8 of this Stipulation of Confidentiality, and may not retain the Confidential – Attorneys' Eyes Only Information. A Party intending to disclose Confidential – Attorneys' Eyes Only Information to such a person must provide written notice to the designating Party as set forth in Paragraph 8, unless such person is employed by the designating Party, identifying the Confidential – Attorneys' Eyes Only Information intended to be disclosed.

    (e) The Court (including any clerk, stenographer, or other person having access to any Confidential – Attorneys' Eyes Only Information by virtue of his or her position with the Court).

    (f) For the avoidance of doubt, except as provided in this paragraph 5, Confidential – Attorney's Eyes Only Information may not be disclosed to any other counsel without the express written consent of the Party providing such Confidential - Attorney's Eyes Only Information.

6. Prior to disclosing or displaying the Confidential Information or Confidential – Attorneys' Eyes Only Information to any person, counsel shall:

    (a) inform the person of the confidential nature of the information or documents; and

6

  (b) inform the person that the Parties have agreed to enjoin the use of the information or documents by him/her for any purpose other than this Action and have agreed to enjoin the disclosure of that information or documents to any other person.

7. Prior to disclosing or displaying the Confidential Information or Confidential – Attorneys' Eyes Only Information to any person set forth in Paragraphs 4(c)-(d), (g), (h) and (i) and Paragraphs 5(c)-(d), and (f), each person or entity identified those Paragraphs must be asked to sign an agreement to be bound by this Stipulation in the form attached hereto as Exhibit A and execute and date the form.  In the event such person refuses to sign the form attached as Exhibit A, the Party or Non-Party desiring to disclose Confidential Information and/or Confidential – Attorneys' Eyes Only Information may seek appropriate relief from the Court, but shall not disclose Confidential Information and/or Confidential – Attorneys' Eyes Only Information until the such person executes the form attached as Exhibit A or the Court resolves the matter.  In addition, the disclosing Party must maintain and provide a copy of the dated and signed form(s), attached as Exhibit A, for each person covered under Paragraphs 4(c) – (d), (g) and (h), Paragraphs 5(c)-(d) and Paragraph 8(b) to the other Parties in the Action.  Prior to disclosing or displaying Confidential – Attorneys' Eyes Only Information, the Party intending to disclose the Confidential – Attorneys' Eyes Only Information:

  (a) to any person set forth in Paragraphs 5(c)-(d), must provide written notice within a reasonable time to afford a meet-and-confer process to the designating Party or Non-Party identifying (by Bates number or other individually identifiable information) the Confidential – Attorneys' Eyes Only Information to be disclosed.  Should the disclosing Party and designating Party or Non-Party, after meeting and conferring,

disagree as to whether the disclosure is reasonably necessary, the Confidential – Attorneys' Eyes Only Information may be disclosed to the witness unless and until the Court orders otherwise, provided that (i) the witness to whom the Confidential – Attorneys' Eyes Only Information is disclosed has signed the form attached as Exhibit A and (ii) such disclosure shall not constitute a waiver by the designating Party or Non-Party of any objections to disclosure or with respect to the level of protection sought. Pages of transcribed deposition testimony or exhibits to depositions that reveal or discuss Confidential – Attorneys' Eyes Only Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. This provision shall not apply to any witness that has previously authored or received the Confidential – Attorneys' Eyes Only Information prior to this Action.

(b) to any person not covered in Paragraph 5, must provide written notice within a reasonable time to afford a meet-and-confer process to the designating Party or Non-Party identifying (by Bates number or other individually identifiable information) the Confidential – Attorneys' Eyes Only Information to be disclosed and to whom it shall be disclosed. If the Parties reach an agreement, and agree to the disclosure of the Confidential – Attorneys' Eyes Only Information, then that person and the disclosing Party must comply with the obligations set forth in Paragraphs 6 and 7. However, should the disclosing Party and designating Party or Non-Party, after meeting and conferring, disagree as to whether the disclosure is reasonably necessary, the Confidential – Attorneys' Eyes Only Information may not be disclosed unless and until the Court orders otherwise.

8. If a Party wishes to disclose or display Confidential Information to a person not covered in Paragraph 4, the Party desiring to make such disclosure must:

   (a) certify in writing in advance to the designating Party or Non-Party that disclosure of the material is necessary for purposes of administrating the Action;

   (b) certify in writing in advance to the designating Party or Non-Party that the counsel for the disclosing Party has exhausted all other means available, such as use of non-Confidential Information, service of a subpoena for testimony or information, obtain information from another Party to the Action, or any other means available to solicit the information necessary to administrate this Action;

   (c) certify in writing in advance to the designating Party or Non-Party that (i) the disclosure is limited to that which is reasonably necessary to administrate this Action; (ii) the disclosure is made for the purpose of advancing the disclosing Party's interests and for no other purpose; (iii) Counsel for the disclosing Party endeavors in good faith to redact or handle the protected information in such a manner as to disclose no more protected information than is reasonably necessary in order to advance the Party's interests; (iv) the person to whom the disclosure is made is not permitted to retain the protected information after he or she is questioned regarding the protected information; and (v) the disclosure is done subject to Paragraphs 6, 7, and 9 of this Stipulation of Confidentiality; and

   (d) must provide written notice within a reasonable time to afford a meet-and-confer process to the designating Party or Non-Party identifying (by Bates number or other individually identifiable information) the Confidential Information to be disclosed and to whom it shall be disclosed. If the Parties reach an agreement, and agree to

the disclosure of the Confidential Information, then that person and the disclosing Party must comply with the obligations set forth in Paragraphs 6 and 7. However, should the disclosing Party and designating Party or Non-Party, after meeting and conferring, disagree as to whether the disclosure is reasonably necessary, the Confidential Information may not be disclosed unless and until the Court orders otherwise.

9. The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Confidential – Attorneys' Eyes Only Information provided that the material is designated pursuant to the procedures set forth herein at some later point. If so designated, the document or information shall thereafter be treated as Confidential Information or Confidential – Attorneys' Eyes Only Information subject to all the terms of this Stipulation.

10. All information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information or Confidential – Attorneys' Eyes Only Information, shall be filed under seal in accordance with the rules of the Court and to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court, by local rule or otherwise, requires any further act by the Parties as precondition to the filing of documents under seal, it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition, including seeking entry of an order authorizing

the filing under seal. Where possible, only confidential portions of filings shall be filed under seal.

11. At the conclusion of this Action, the Confidential Information or Confidential – Attorneys' Eyes Only Information and any copies thereof shall be promptly returned to the producing party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

12. The foregoing is without prejudice to the right of any party or Non-Party to apply to the Court for a Protective Order relating to Confidential Information or Confidential – Attorneys' Eyes Only Information; or to object to the production of documents or information; or to apply to the Court for an order compelling the production of documents or information. This Stipulation of Confidentiality may be enforced by any Party or a Non-Party.

13. Nothing in this Stipulation constitutes an admission by any party that Confidential Information or Confidential – Attorneys' Eyes Only Information is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of all Confidential Information or Confidential – Attorneys' Eyes Only Information.

14. Notwithstanding anything in this Stipulated Protective Order to the contrary, a Party may use or disclose its own documents or information in any manner it sees fit. This Stipulation shall not prevent or limit the Trustee's ability to review or use for any purpose documents or information within the Debtors' possession, custody or control on or before their respective Petition Dates.

15. The inadvertent production of privileged or work-product protected documents or information (including electronically stored information) is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding.

16. The Court shall retain exclusive jurisdiction to hear disputes arising out of this Stipulation while the Action is pending.

Dated: December 4, 2017

| | |
|---|---|
| STORCH AMINI PC | PROSKAUER ROSE LLP |
| By: /s/ Bijan Amini | By: /s/ Timothy Karcher |
| Avery Samet, Esq.<br>Bijan Amini, Esq.<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone: (212) 245-1000<br>asamet@storchamini.com<br>bamini@storchamini.com<br><br>*Special Counsel for the Trustee* | Timothy Q. Karcher<br>New York, New York 10036<br>Telephone: (212) 969-3000<br>Fax: (212) 969-2900<br>tkarcher@proskauer.com<br><br>*Attorneys for Lynn Tilton, Ark CLO 2000-1 Limited, Ark Investment Partners II, L.P., Ark II CLO 2001-1 Limited, Patriarch Partners, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Patriarch Partners Agency Services, LLC, Patriarch Partners Management Group, LLC, and LD Investments, LLC* |

**IT IS SO ORDERED:**

**New York, New York**
**Dated: December 5, 2017**

**/s/ STUART M. BERNSTEIN**
HON. STUART M. BERNSTEIN

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                         Chapter 7

TRANSCARE CORPORATION, et al.
                                                                                    Case No.: 16-10407 (SMB)
                                                                                    (Jointly Administered)
Debtors.
                                                                                    **CONFIDENTIALITY -**
-------------------------------------------------------x                **STIPULATION**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned bankruptcy action, *In re: TransCare Corporation, et al.*, Case No. 16-10407 (SMB), have been designated as confidential or confidential – attorneys' eyes only. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential and the use of such documents or information is governed by the terms of an agreed Stipulated Protective Order, dated December 4, 2017, between the parties.

I hereby agree that I will not disclose any information contained in such documents to any other person, and that I will be bound by the terms of the Stipulated Protective Order. I further agree not to use any such information for any purpose other than this action.

_____
Signature

_____
Print Name

_____
Date