UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                      Chapter 7

    TRANSCARE CORPORATION, et al.,             Case No.: 16-10407 (SMB)
                                                    Jointly-Administered

                     Debtors.
---------------------------------------------------------------x

**AMENDED STIPULATION AND ORDER TOLLING THE STATUTE OF LIMITATIONS**

        This amended stipulation and Order (the "Amended Stipulation") is made by and between Salvatore LaMonica, the Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the Trustee of the jointly administered estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Subsequent Debtors", together with the Initial Debtors are collectively referred to herein as the "Debtors"), and the New York State Insurance Fund (the "NYSIF" along with the Trustee are collectively referred to herein as the "Parties"), by and through their counsels.

**RECITALS**

**Procedural Background**

        A.    On February 24, 2016 (the "Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

B.  On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' case, has duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

C.  Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

D.  On April 25, 2016, each of the Subsequent Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

E.  Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' case, has duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

F.  Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

**Factual Background**

G.  TC Hudson Valley was jointly and severally liable for the premium obligations owed under the Debtors' original policy issued by NYSIF, in which TC Hudson Valley was one of the seven Debtor entities covered under such policy.

H.  As of the Initial Filing Date, the Debtors were current on their premium obligations owed to the NYSIF.

I.  On February 29, 2016 (5 days after the Initial Filing Date), a payment became due and owing to NYSIF under the original policy. TC Hudson Valley was not in bankruptcy when the payment under the initial policy was due, and therefore NYSIF asserts that TC Hudson Valley remains liable for this pre-petition payment.

J.   As a result, NYSIF filed a proof of claim for a general unsecured claim in the amount of $1,827,847.13 designated as claim no. 6 in the TC Hudson Valley estate (the "NYSIF Claim").

K.   Prior to the cancellation of the initial policy, on February 24, 2016, a second policy was issued for coverage for the following entities: i) Transcendence Transit Inc. ("Transcendence"); ii) Transcendence Transit II, Inc.; and iii) TC Hudson Valley. A premium payment was made on behalf of these entities, but the coverage was cancelled shortly thereafter. As a result, there remains a balance of $553,567.81 on the premium payment (the "Premium Payment").

L.   During the bankruptcy proceedings, Transcendence commenced an action in New York State Court of Claims entitled Transcendence Transit, Inc. v. New York State Insurance Fund, Claim No. 128310 (the "State Court Action") to recover Premium Payment.

M.   On August 16, 2017, NYSIF filed a motion (the "Motion") seeking injunctive relief and enforcement of the automatic stay to stay the State Court Action.

N.   On October 17, 2017, the Trustee filed a response (the "Response") to the Motion asserting, among other things, an interest in and to some or all of the Premium Payment.

O.   On October 17, 2017, Transcendence filed an objection to the Motion (the "Objection").

P.   On October 20, 2017, NYSIF filed a reply to the Trustee's Response and Transcendence's Objection.

Q.   After a notice and hearing, the Court entered the Order enforcing the Automatic Stay Against the Action pending in the New York Court of Claims on November 29, 2017.

R.   The Trustee believes the estates have viable claims in and to the Premium Payment.

S. The statute of limitations to pursue such claims expires on February 24, 2018.

T. The Parties now agree to extend such statute of limitations as set forth below.

**IT IS NOW, THEREFORE, STIPULATED AND AGREED** by and between the Parties as follows:

1. The Trustee's time to commence an action against NYSIF shall be tolled through and including August 24, 2018 (the "Tolling Period"). If the Trustee commences such action prior to the expiration of the Tolling Period, such action shall be deemed to be timely filed.

2. Other than as set forth herein, NYSIF reserves all defenses and other rights, it may have with respect to the Trustee's claim, and this Amended Stipulation shall not be asserted or construed to be a waiver of any of its rights or defenses as against the Trustee, the Debtors and/or the estates.

3. This Amended Stipulation is not, and shall not be asserted or construed to be, an admission or indication by any of the Parties that they have any actual or potential liability to any other person.

4. This Amended Stipulation may be executed in counterparts, and by facsimile and/or electronic mail (e-mail) transmission, each of which shall be deemed an original.

5. The construction and effect of this Amended Stipulation shall be governed by the laws of the State of New York.

6. This Amended Stipulation constitutes the entire agreement among the Parties concerning the subject matter herein. It cannot be changed, modified or otherwise altered orally, except by a written instrument executed and delivered by the Parties.

7. The signatories to this Amended Stipulation represent that they have the authority to bind the Parties on whose behalf they are signing.

8. This Amended Stipulation is without prejudice to the rights of the Trustee to seek further extensions of time upon a consensual stipulation of the Parties.

9. The Court shall retain jurisdiction over the terms and conditions of this Amended Stipulation.

10. This Amended Stipulation shall not be effective until it is so ordered by the Court.

**IN WITNESS WHEREOF**, the parties have caused this Amended Stipulation to be duly executed and delivered.

Dated: December 20, 2017
Wantagh, New York    **LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Trustee

By:    *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin
Partner
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500

Dated: December 20, 2017    **NEW YORK STATE INSURANCE FUND**
Rochester, New York

By:    *s/ John Kiba*
John Kiba, Associate Attorney
Of counsel to
William O'Brien, General Attorney
New York State Insurance Fund
100 Chestnut Street, Suite 400
Rochester, New York 14604

IT IS SO ORDERED:

**Dated: December 21st, 2017**    **/s/ STUART M. BERNSTEIN**
**New York, New York**    **United States Bankruptcy Judge**