16-10407-smb    Doc 554    Filed 01/02/18    Entered 01/02/18 11:12:23    Main Document
                                    Pg 1 of 9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Chapter 7

TRANSCARE CORPORATION, et al.
                                                                          Case No.: 16-10407 (SMB)
                                                                          (Jointly Administered)
                                      Debtors.
--------------------------------------------------------x

**ORDER GRANTING TRUSTEE'S EX PARTE MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER DIRECTING THE EXAMINATION OF, AND PRODUCTION AND TURNOVER OF DOCUMENTS BY, ALBION INVESTORS LLC**

Upon the motion (the "Motion") of Salvatore LaMonica, the chapter 7 trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry or an order authorizing and directing the examination of, and the production and turnover of documents by, Albion Investors LLC, Albion Alliance Mezzanine Fund, L.P., and any affiliates ("Albion"), all as more fully set forth in the Motion; and due and proper notice of the Motion and the relief requested therein having been provided; and it appearing that no other or further notice need be provided; and the Court having found

1

and determined that the relief sought in the Motion is in the best interests of the estates; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing thereof, it is

ORDERED that Storch Amini PC, as officers of the Court, are hereby authorized to issue a subpoena to Albion directing the production of documents, all as specified on Exhibit A hereto; and, it is further

ORDERED that Albion is directed to produce for examination and inspection all documents in its custody, possession or control specified in Exhibit A hereto not less than fourteen (14) days after issuance and service of the subpoena at the location specified by the subpoena; and, it is further

ORDERED that Albion is directed to appear for an examination under oath on the date set forth in the subpoena to be issued on behalf of counsel to the Trustee, regarding the topics listed on Exhibit B hereto, which appearance shall not be less than twenty-one (21) days after issuance and service of the subpoena; and, it is further

ORDERED that the Trustee is authorized to do such things, execute such documents and expend such funds as may be necessary and consistent with this Order**; and it is further**

**ORDERED that the Trustee is authorized to issue and serve a subpoena duces tecum to compel compliance with this order. [SMB: 1/2/18]**

**Dated: January 2nd, 2018**
**New York, New York**

                                                    **/s/ STUART M. BERNSTEIN**
                                                    **Hon. Stuart M. Bernstein**
                                                    **United States Bankruptcy Judge**

# Exhibit A

**EXHIBIT A**

Definitions

  A. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

  B. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

  C. The term "Debtors" means the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp.

  D. The term "document" includes all electronic documents and communications created or modified on or after January 1, 2014 (unless another date is otherwise specified), and is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

  E. The term "Patriarch" means Patriarch Partners, LLC, Patriarch Partners III, LLC, Ark CLO 2000-1 Limited, and Ark Investment Partners II, L.P., Patriarch Partners Agency Services, LLC, and any affiliates, and their officers, directors, agents, employees, principals, partners, corporate parent, subsidiaries or affiliates.

  F. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

G. The term "You" means yourself (Albion Investors LLC, Albion Alliance Mezzanine Fund, L.P., and any affiliates), your agents, employees or anyone operating on your behalf or under your control.

Specific Requests

1. All contracts or agreements between You or any entity related to Patriarch and/ or the Debtors.

2. All documents concerning any transfers between (i) the Debtors or Patriarch Partners Agency Services, LLC and (ii) You.

3. All documents concerning any payments made by You on the Debtors' behalf.

4. All communications with Patriarch, Wells Fargo, or the Debtors concerning the Debtors.

5. All communications with Carl Marks concerning the Debtors, including any financial presentations, valuations, reports, or financial models.

6. All documents concerning any equity or debt investments by You in the Debtors, including any documents concerning related security interests or shareholder distributions.

7. All documents concerning any valuation of the Debtors or any asset of the Debtors.

8. All documents concerning any attempts to market, buy, and/ or sell the Debtors or their assets, including any offers from National Express.

9. All documents concerning reports, analyses, cash reports and/ or weekly budgets presented by the Debtors' officers to Patriarch and/ or You, including all communications with Patriarch or the Debtors concerning such reports, analyses, cash reports, and/ or weekly budgets.

10. All documents concerning the "strict foreclosure" of the Debtors' assets referred to by Patriarch [Dkt. No. 11 at ¶ 6].

# Exhibit B

## **EXHIBIT B**

Matters upon which Salvatore LaMonica, Chapter 7 trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Debtors"), by and through his special counsel, will seek to depose You:

(1) The topics of the document demand attached as Exhibit A.

(2) The Debtors' loans from Patriarch and from Wells Fargo.

(3) The Debtors' financial affairs, including the valuation of the Debtors or any of the Debtors' assets.

(4) The relationship between You and the Debtors, including – but not limited to – any dealings between You and the Debtors.

(5) The relationship between You and any officers or employees of the Debtors.

(6) The storage and maintenance of any documents and/ or electronic data relating to the Debtors, including any destruction thereof, and any procedures and/ or policies relating to the same.