**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| TRANSCARE CORPORATION, et al., | Case No.: 16-10407 (SMB) |
| | Jointly-Administered |
| Debtors. | |
-------------------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7 Trustee of the
estates of the Jointly Administered Estates of TransCare
Corporation et al.,

               Plaintiff,

  -against-                                     Adv. Pro. No. _____

SIGNATURE BANK,

               Defendant.
-------------------------------------------------------------------x

## COMPLAINT

Salvatore LaMonica (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the Trustee of the jointly administered estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Subsequent Debtors", together with the Initial Debtors are collectively referred to herein as the "Debtors"), by his

1

counsel, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against Signature Bank (the "Defendant"), alleges as follows:

## NATURE OF THE PROCEEDING

1. The Plaintiff brings this action to recover monies preferentially transferred by the Debtors to the Defendant.

2. This action is brought by Plaintiff in his capacity as the representative of the Debtors and their estates, and for the benefit of the creditors of the Debtors and other parties in interest.

## JURISDICTION AND VENUE

3. Since this action arises under the pending Chapter 7 bankruptcy cases of the Debtors, the United States Bankruptcy Court, Southern District of New York (the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the claims asserted herein are §§ 502, 541, 542, 544, 547, and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rules 6009 and 7001.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), and (b)(2)(F).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

7. On February 24, 2016 (the "Initial Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Court.

8. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Initial Debtors' cases, has duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

9. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

10. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the Court.

11. On April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

12. Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

## THE PARTIES

13. Upon information and belief, the Defendant is an entity whose principal place of business is located at 565 5th Avenue, New York, New York 10017.

14. The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtors' jointly administered estates.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. The Debtors' business was to provide emergency medical transportation services to hospitals and communities in New York, including 911/EMS services, basic life support, advanced life support, critical care transport, ambulette and wheelchair van and special venue transportation services. The Debtors also provided non-emergency response services and critical

care transfers to and between health care facilities, hospitals, nursing homes and other specialty care facilities.

16.     Based upon a review of the Debtors' books and records, in the ninety (90) days before the Initial Petition Date, the Debtors made the following transfers to the Defendant totaling no less than $44,730.76 (the "Transfers"):

| Payee | Payor | Date | Wire Reference Number | Amount |
|---|---|---|---|---|
| Signature Bank | TransCare Corporation | 1.6.2016 | Srf#IN16010609263947 Trn#160106098952 Rfb# 000002039 | $22,365.38 |
| Signature Bank | TransCare Corporation | 1.27.2016 | Srf#IN16012710431272 Trn#160127124530 Rfb# 000002096 | $22,365.38 |

## FIRST CLAIM FOR RELIEF
### (Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 & 542)

17.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "16" as if set forth fully herein.

18.     The Debtors have a legal and equitable interest in the funds comprising the Transfers.

19.     The Debtors have a legal and equitable interest in the funds comprising the Transfers is property of the Debtors' estates.

20.     Upon information and belief, the Defendant is holding assets which are property of the jointly administered bankruptcy estates.

21.     By reason of the foregoing, and in accordance with Bankruptcy Code §§ 541 and 542, the Plaintiff is entitled to the entry of an Order and Judgment directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed

to be less than $44,730.76, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**(Preferential Transfer Pursuant to 11 U.S.C. § 547)**

22. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "21" as if set forth fully herein.

23. The Transfers were made within ninety (90) days of the Initial Petition Date.

24. The Transfers were made on account of an antecedent debt for services rendered or goods delivered to the Debtors by the Defendant.

25. At the time of the Transfers, the Defendant was a creditor of the Debtors within the meaning of Bankruptcy Code § 101(10).

26. The Transfers were made to, or for the benefit of, the Defendant.

27. The Transfers enabled the Defendant to receive more than they would have otherwise received: (a) if the Debtors' bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code; (b) if the Transfers had not been made; and (c) if the Defendant received payment to the extent provided by the provisions of the Bankruptcy Code.

28. The Transfers were made while the Debtors were insolvent.

29. Under Bankruptcy Code §§ 547(b) and 550, the Plaintiff may avoid the Transfers.

30. By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendant: (a) avoiding the Transfers pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $44,730.76, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

31. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "30" as if set forth fully herein.

32. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee of the person for whose benefit the Transfers were made.

33. By reason of the foregoing and pursuant to the Bankruptcy Code § 502(d), claims, if any, of the Defendant against the Debtors must be disallowed until such time as the Defendant pays to the Debtors an amount equal to the aggregate amount of the Transfers, together with interest.

**WHEREFORE,** the Plaintiff demands judgment on his claims for relief against the Defendant as follows:

(1) On his first claim for relief against the Defendant, entry of an Order and Judgment, in accordance with Bankruptcy Code §§ 541 and 542, directing the Defendant to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $44,730.76, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On his second claim for relief against the Defendant, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $44,730.76, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(3) On his third claim for relief and the Defendant, entry of an Order and Judgment disallowing claims of the Defendant, if any, against the Debtors; and

(4)  such other and further relief as the Court deems just and proper.

Dated: February 22, 2018
      Wantagh, New York

Respectfully submitted,

**LaMonica Herbst & Maniscalco, LLP**
Counsel to the Plaintiff Salvatore LaMonica, as Chapter 7 Trustee

By:  *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Partner
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500