**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.,

                  Debtors.
-------------------------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7 Trustee of the
Jointly Administered Estates of TransCare Corporation, et al.,

                  Plaintiff,

  -against-

MILEA ASSOCIATES I, LLC and MILEA ASSOCIATES
II, LLC,

                  Defendants.
-------------------------------------------------------------------------x

Chapter 7

Case No.: 16-10407 (SMB)
Jointly-Administered

Adv. Pro. No. _____

## COMPLAINT

Salvatore LaMonica (the "Trustee" or "Plaintiff"), as Chapter 7 Trustee of the jointly-administered estates of TransCare Corporation ("TransCare"), TransCare New York, Inc. ("TransCare New York"), TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the Trustee of the jointly administered estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Subsequent Debtors", together with the Initial Debtors

1

are collectively referred to herein as the "Debtors"), on behalf of TransCare and TransCare New York, by his counsel, LaMonica Herbst & Maniscalco, LLP, as and for his complaint against Milea Associates I, LLC and Milea Associates II, LLC (the "Defendants"), alleges as follows:

## NATURE OF THE PROCEEDING

1. The Plaintiff brings this action to recover monies preferentially transferred, or in the alternative fraudulently conveyed, by TransCare and TransCare New York to the Defendants.

2. This action is brought by Plaintiff in his capacity as the representative of the Debtors and their estates, and for the benefit of the creditors of the Debtors and other parties in interest.

## JURISDICTION AND VENUE

3. Since this action arises under the pending Chapter 7 bankruptcy cases of the Debtors, the United States Bankruptcy Court, Southern District of New York (the "Court"), has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The statutory predicates for the claims asserted herein are 11 U.S.C. §§ 502, 541, 542, 544, 548 and 550 (the "Bankruptcy Code"), N.Y. Debt. & Cred. §§ 273, 274, 275, 276, 276-a, 278 and 279 (the "DCL"), and Bankruptcy Rules 6009 and 7001.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), and (b)(2)(F).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

7. On February 24, 2016 (the "Initial Petition Date"), each of the Initial Debtors, including TransCare and TransCare New York, filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code with the Court.

8. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Initial Debtors' cases, has duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

9. Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

10. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code with the Court.

11. On April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

12. Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

## THE PARTIES

13. Upon information and belief, the Defendants are entities whose principal place of business is located at 719 Avenue K, Brooklyn, New York, 11230.

14. The Plaintiff is the duly appointed Chapter 7 Trustee of the Debtors' jointly administered estates.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. The Debtors' business was to provide emergency medical transportation services to hospitals and communities in New York, including 911/EMS services, basic life support, advanced life support, critical care transport, ambulette and wheelchair van and special venue transportation services. The Debtors also provided non-emergency response services and critical care transfers to and between health care facilities, hospitals, nursing homes and other specialty care facilities.

16. On March 4, 2009, TransCare New York and the Defendants entered into the lease agreement (the "Lease") whereby TransCare New York agreed to rent the real property known as and located at 33 Hamilton Place, Brooklyn, Kings, County, New York, a/k/a 25 14th Street, Brooklyn, Kings County, New York (the "Real Property").

17. On April 20, 2015, the Defendants commenced a holdeover proceeding against TransCare New York with respect to the Real Property and the Lease in the Civil Court of the City of New York, County of Kings [Index No. L&T 66018 (2015)] (the "Holdover Proceeding").

18. Upon information and belief, on or about May 20, 2015, TransCare New York and the Defendants entered into a stipulation of settlement related to the Lease and resolving the Holdover Proceeding (the "May 2015 Stipulation").

19. Upon information and belief, TransCare New York defaulted on the terms of the May 2015 Stipulation.

20. Upon information and belief, on October 14, 2015, as a result of the default, the Defendants obtained a Judgment against TransCare New York and a warrant of eviction to remove TransCare New York from the Premises.

21. Upon information and belief, on or about February 4, 2016, TransCare New York and the Defendants entered into a stipulation to cure the default of the May 2015 Stipulation and again resolve the Holdover Proceedings (the "February 2016 Stipulation").

22. Under the terms of the February 2016 Stipulation, TransCare New York was obligated, among other things, to pay a total sum of $143,324.12 representing unpaid rent and attorneys fees.

23. Based upon a review of the Debtors' books and records, in the ninety (90) days before the Initial Petition Date, TransCare made the following transfers to the Defendants totaling no less than $1,089,524.10 (the "Transfers"):

| Payee | Payor | Date | Check No. | Amount |
|---|---|---|---|---|
| Milea Associates LLC | TransCare Corporation | 12.14.2015 | WT121415MIL | $443,394.87 |
| Milea Associates LLC | TransCare Corporation | 12.30.2015 | WT123015MIL | $300,000.00 |
| Milea Associates LLC | TransCare Corporation | 12.31.2015 | WT123115MA | $143,394.87 |
| Milea Associates LLC | TransCare Corporation | 1.20.2016 | WT012016MA | $202,734.36 |

**FIRST CLAIM FOR RELIEF**
**(Turnover of Property of the Estate Pursuant to 11 U.S.C. §§ 541 and 542)**

24. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

25. TransCare and/or TransCare New York have a legal and equitable interest in the funds comprising the Transfers.

26. TransCare and TransCare New York's legal and equitable interest in the funds comprising the Transfers is property of the TransCare and/or TransCare New York estates.

5

27. Upon information and belief, the Defendants are holding assets which are property of these jointly administered estates.

28. By reason of the foregoing, and in accordance with Bankruptcy Code §§ 541 and 542, the Plaintiff is entitled to the entry of an Order and Judgment directing the Defendants to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

## SECOND CLAIM FOR RELIEF
### (Preferential Transfer Pursuant to 11 U.S.C. § 547)

29. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "28" as if set forth fully herein.

30. The Transfers were made within ninety (90) days of the Initial Petition Date.

31. The Transfers were made on account of an antecedent debt for services rendered to TransCare and/or TransCare New York by the Defendants.

32. At the time of the Transfers, the Defendants were a creditor of TransCare and TransCare New York within the meaning of Bankruptcy Code § 101(10).

33. The Transfers were made to, or for the benefit of, the Defendants.

34. The Transfers enabled the Defendants to receive more than they would have otherwise received: (a) if TransCare and TransCare New York bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code; (b) if the Transfers had not been made; and (c) if the Defendants received payment to the extent provided by the provisions of the Bankruptcy Code.

35. The Transfers were made while TransCare and TransCare New York were insolvent.

36. Under Bankruptcy Code §§ 547(b) and 550, the Plaintiff may avoid the Transfers.

6

37. By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendants: (a) avoiding the Transfers pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

### THIRD CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to N.Y. Debt. & Cred. § 273)**

38. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

39. At the time of the Transfers, TransCare was insolvent or rendered insolvent as a result of the Transfers.

40. At the time of the Transfers, the Defendant was no a creditor of TransCare.

41. TransCare made the transfers to the Defendant.

42. In the alternative, at all relevant times, there have been one or more creditors who have held and continued to hold as of the Initial Filing Date unsecured claims against TransCare that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

43. In the alternative, the Transfers constitute fraudulent conveyances in violation of DCL § 273.

44. In the alternative, under Bankruptcy Code §§ 544(b), and 550, and DCL § 273, the Plaintiff may avoid the Transfers.

45. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendants: (a) setting aside the Transfers; and (b) in an amount as yet undetermined, but no less

than $1,089,524.10, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to N.Y. Debt. & Cred. § 273-a)

46. The Plaintiff repeat and re-allege the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

47. In 2013, prior to the Initial Petition Date, Maria Rodriguez commenced an action against, among others, Transcare New York and Transcare Supreme Court of the State of New York, Bronx County [Index No. 304305/2013] (the "State Court Action").

48. Upon information and belief, the complaint in the State Court Action is premised upon, among other things, claims for negligence and money damages against TransCare and TransCare New York.

49. As of the Initial Petition Date, the State Court Action remains pending.

50. The Transfers occurred while the State Court Action was pending.

51. In the alternative, TransCare did not receive fair consideration in exchange for the Transfers.

52. In the alternative, the Transfers constitute fraudulent conveyances in violation of DCL § 273-a.

53. In the alternative, under Bankruptcy Code §§ 544(b) and 550, and DCL § 273-a, the Plaintiff may avoid the Transfers.

54. By reason of the foregoing, the Plaintiff is entitled to an Order and Judgment against the Defendants: (a) avoiding the Transfers pursuant to DCL § 273-a; and (b) setting aside the Transfers as fraudulent transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than

$1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court.

### FIFTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to N.Y. Debt. & Cred. § 274)

55. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

56. In the alternative, at the time of the Transfers, TransCare was engaged in or about to engage in a business or transaction for which the property remaining in its hands after the conveyance was an unreasonably small capital.

57. In the alternative, at all relevant times, there have been one or more creditors who have held and continued to hold as of the Initial Petition Date unsecured claims against TransCare that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

58. In the alternative, TransCare did not receive fair consideration from the Defendants in exchange for the Transfers.

59. In the alternative, the Transfers constitute fraudulent conveyances of TransCare's assets in violation of DCL § 274.

60. In the alternative, the Transfers were made to or for the benefit of the Defendants.

61. In the alternative, under Bankruptcy Code §§ 544(b), and 550 and DCL § 274, the Plaintiff may avoid the Transfers.

62. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendants: (a) setting aside the Transfers; and (b) in an amount as yet undetermined, but in no event less than $1,089,524.10, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to N.Y. Debt. & Cred. § 275)**

63. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

64. At the time of the Transfers, TransCare had incurred, or was intending to incur, debts beyond its ability to pay them as they became due.

65. At all relevant times, there have been one or more creditors who have held and continued to hold as of the Initial Petition Date unsecured claims against TransCare that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).

66. In the alternative, TransCare did not receive fair consideration from the Defendant in exchange for the Transfers.

67. In the alternative, the Transfers constitute fraudulent conveyances of TransCare's assets in violation of DCL § 275.

68. In the alternative, under Bankruptcy Code §§ 544(b), and 550, and DCL § 275, the Plaintiff may avoid the Transfers.

69. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendants: (a) setting aside the Transfers; and (b) in an amount as yet undetermined, but no less than $1,089,524.10, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

## SEVENTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. § 548)**

70. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "23" as if set forth fully herein.

71. The Transfers transpired within the two-year period preceding the Initial Petition Date.

72. In the alternative, upon information and belief, TransCare received less than reasonably equivalent value in exchange for the Transfers.

73. In the alternative, upon information and belief, TransCare: (a) was insolvent on the dates of the Transfers or became insolvent as a result of these events; (b) was engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with TransCare was unreasonably small capital; or (c) intended to incur or believed that it would incur, debts that would be beyond its ability to pay as they matured.

74. In the alternative, upon information and belief, the Transfers constitute fraudulent conveyances under Bankruptcy Code § 548(a)(1)(B).

75. In the alternative, the Transfers were made to or for the benefit of the Defendants.

76. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendants: (a) setting aside the Transfers; and (b) in an amount as yet undetermined, but in no event less than $1,089,524.10, plus interest thereon, attorney's fees and costs, or such other amount as may be determined by the Court.

### EIGHTH CLAIM FOR RELIEF
**(Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))**

77. The Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "76" as if set forth fully herein.

78. The Defendants were the initial transferees of the Transfers or the immediate or mediate transferees of such initial transferee of the person for whose benefit the Transfers were made.

11

79. By reason of the foregoing and pursuant to the Bankruptcy Code § 502(d), claims, if any, of the Defendants against the Debtors must be disallowed until such time as the Defendants pay to TransCare and/or TransCare New York an amount equal to the aggregate amount of the Transfers, together with interest.

**WHEREFORE,** the Plaintiff demands judgment on his claims for relief against the Defendants as follows:

(1) On his first claim for relief against the Defendants, entry of an Order and Judgment, in accordance with Bankruptcy Code §§ 541 and 542, directing the Defendants to turn over the Transfers, or the value thereof, in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(2) On his second claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to Bankruptcy Code § 547; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

(3) On his third claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to DCL § 273; and (b) setting aside the Transfers as fraudulent transfer; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

(4) On his fourth claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to DCL § 273-a; and (b) setting aside the Transfers as fraudulent transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $1,089,524.10, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

(5) On his fifth claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to DCL § 274; and (b) setting aside the Transfers as fraudulent transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $109,857.39, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court; and

(6) On his sixth claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to DCL § 275; and (b) setting aside the Transfers as fraudulent transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $109,857.39, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

(7) On his seventh claim for relief against the Defendants, entry of an Order and Judgment: (a) avoiding the Transfers pursuant to Bankruptcy Code § 548; and (b) setting aside the Transfers as preferential transfers; or, in the alternative, an Order and Judgment against the Defendants in an amount as yet undetermined, but in no event believed to be less than $109,857.39, plus interest thereon, attorneys' fees and costs, or such other amount as may be determined by the Court;

(8) On his eighth claim for relief against the Defendants, entry of an Order and Judgment disallowing claims of the Defendants, if any, against the Debtors; and

(9) such other and further relief as the Court deems just and proper.

Dated: February 22, 2018
Wantagh, New York

Respectfully submitted,

**LaMonica Herbst & Maniscalco, LLP**
Counsel to the Plaintiff Salvatore LaMonica, as Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Partner
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: 516.826.6500

*M:\Documents\Company\Cases\TransCare Corp\Adv Pro\Milea Associates\Milea Associates Complaint--Preference and Fraud Conveyence.docx*