**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
In re:                                                                              Chapter 7

TRANSCARE CORPORATION, et al.
                                                                                          Case No.: 16-10407 (SMB)
                                                          Debtors.          (Jointly Administered)
--------------------------------------------------------x
SALVATORE LAMONICA, as Chapter 7
Trustee for the Estates of TransCare                             Adv. Proc. No. 18-1021
Corporation, et al.,

        Plaintiff,

        v.

LYNN TILTON, PATRIARCH
PARTNERS AGENCY SERVICES, LLC,
PATRIARCH PARTNERS, LLC,
PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC, ARK II CLO 2001-1,
LIMITED, ARK INVESTMENT PARTNERS
II, L.P., LD INVESTMENTS, LLC,
PATRIARCH PARTNERS II, LLC,
PATRIARCH PARTNERS III, LLC,
PATRIARCH PARTNERS VIII, LLC,
PATRIARCH PARTNERS XIV, LLC,
PATRIARCH PARTNERS XV, LLC,
TRANSCENDENCE TRANSIT, INC., and
TRANSCENDENCE TRANSIT II, INC.

        Defendants.
--------------------------------------------------------x

**CHAPTER 7 TRUSTEE MOTION SEEKING AUTHORITY TO PAY COSTS RELATED TO THE PENDING LITIGATION**

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee and not as an individual (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services,

1

Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors") submits this motion (the "Motion") seeking the entry of an Order, pursuant to 11 U.S.C. § 363(b)(1) (the "Bankruptcy Code"), authorizing the Trustee to pay the costs and fees related to the above-caption litigation as set forth herein, and respectfully represents and alleges:

## BACKGROUND

**A.    Procedural Background**

1.    On February 24, 2016 (the "Initial Petition Date"), each of the Initial Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.    On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Initial Debtors' cases, has duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

3.    Pursuant to Orders dated March 1, 2016, the Initial Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

4.    On April 25, 2016 (the "Subsequent Petition Date", along with the Initial Petition Date are referred to herein as the "Petition Dates"), each of the Subsequent Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

5.    Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases, has duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

6. Pursuant to an Order dated June 28, 2016, the Subsequent Debtors' cases are also being jointly administered under case no. 16-10407 (TransCare Corporation).

7. On or about February 22, 2018, after an investigation, the Trustee, with the assistance of his retained special litigation counsel, commenced the above-captioned action against defendants, Lynn Tilton, Patriarch Partners Agency Services, LLC, Patriarch Partners, LLC, Patriarch Partners Management Group, LLC, Ark II CLO 2001-1, Limited, Ark Investment Partners II, L.P., LD Investments, LLC, Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Transcendence Transit, Inc., and Transcendence Transit II, Inc. (collectively, the "Defendants") pursing claims under, among other things, common law breach of loyalty, common law breach of fiduciary duty, lender liability and common law assumption of control (the "Action").

**B. The Costs Related to the Action**

8. In prosecuting the asserted claims in the Action, the Trustee is required to pay certain costs and expenses, including, electronic discovery, reports generated by experts, and various deposition costs. Specifically, the pursuit of these claims requires extensive electronic discovery between the Trustee and the Defendants. To date, the estates have incurred about $48,000 in costs from Robert Half related to the production of responsive documents to the Defendants' requests and the receipt of documents responsive to the document requests served on the Defendants. The Trustee has produced more than 78,000 thousand documents to the Defendants in this Action and received more than 35,000 documents from the Defendants. This is a required expense that allows the Trustee to comply with the document requests and move this litigation forward in a timely fashion. Robert Half requires that this payment be paid upon receipt

of the invoices. Therefore, the Trustee requests the authority to pay the outstanding invoices upon entry of the Order and authority to pay future invoices, if any, to Robert Half.

9. In addition, the Trustee and special litigation counsel have determined to engage an expert, Jonathan I. Arnold, Ph.D. of Chicago Economic, LLC ("Chicago Economic"), to assist special litigation counsel with the Action and, if necessary, testify as an expert witness. The current deadline for Rule 26(a)(2)(B) expert disclosures is November 30, 2018.

10. The Trustee seeks Court authority to pay the Chicago Economic an initial fee of $25,000. The relief sought herein is without prejudice to seek a further Order of the Court to pay Chicago Economic for additional services rendered (*i.e.*, to prepare an expert report).

11. Lastly, the Trustee seeks to pay the miscellaneous costs related to the depositions scheduled to take place in this Action. At this point, the Trustee has deposed three witnesses and at least 5 more depositions are scheduled. The Trustee seeks the Court's authority to pay the costs in relation the same (*i.e.* fees for the cost reporters and transcripts). This cost is a product of litigation and must be paid to proceed with the litigation.

## **BASIS FOR RELIEF**

12. By this Motion, the Trustee seeks the entry of an Order, substantially in the form annexed hereto, authorizing the Trustee, pursuant to Bankruptcy Code § 363(b)(1), to pay the fees and expenses related to the Action. The Trustee submits that the relief requested herein is warranted to pursue the claims in the Action for benefit of the estates and their creditors.

13. Bankruptcy Code § 363(b)(1) provides, in pertinent part, that a Trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts in the Second Circuit and elsewhere hold that the sale or use of property outside of the ordinary course of business should be approved where the proponent

articulates a sound business justification for the transaction. See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); In re CPJFK, LLC, No. 10-50566-CEC 2011 WL 1257208, at *10-13 (Bankr. E.D.N.Y. Mar. 30, 2011) (adopting *Lionel Corp.*'s sound business justification standard); In re Old Carco LLC, Case No. 09-50002, Doc. 6799 (Bankr. S.D.N.Y., Apr. 5, 2010) (authorizing payment of litigation experts under Bankruptcy Code § 363, see Exhibit "A").

14. The Trustee submits that sound business justification exists to pay these litigation fees and expenses. Moreover, recovery for creditors in these estates is largely dependent on the outcome of the Action, making approval of the payment of these fees and expenses critical to maximizing the value of the estates.

15. The Trustee has determined in his business judgment that paying these expenses is in the best interests of the estates. Therefore, the Trustee submits that it has satisfied the business justification test as articulated in the Second Circuit.

## **NOTICE OF THE MOTION**

16. The Trustee has served the Notice of Presentment, the Motion and the proposed Order, by regular mail, upon: (a) the Office of the United States Trustee; (b) the Debtors, through counsel; (c) the Defendants, through counsel; (d) Wells Fargo Bank, through counsel; (e) Shameeka Ien *et al.*, thorough counsel; and (f) any party in interest that has served a request for special notice or a notice of appearance pursuant to Bankruptcy Rule 2002.

17. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 18, 2018
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Partner
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500

*M:\Documents\Company\Cases\TransCare Corp\Tilton Patriarch Adv Proc\Mtn to Pay Expenses\Mtn to Pay Expenses.docx*