UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            )
In re                                                       )    Chapter 11
                                                            )
OLD CARCO LLC (F/K/A                                        )    Case No. 09-50002 (AJG)
CHRYSLER LLC, *et al.*,                                     )
                                                            )    Jointly Administered
                                Debtors.                    )
------------------------------------------------------------X

## ORDER GRANTING MOTION FOR ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN EXPERTS IN CONNECTION WITH ONGOING DAIMLER LITIGATION

Upon the Motion (the "Motion") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order authorizing the Official Committee of Unsecured Creditors (the "Committee") to retain experts in connection with certain litigation proceedings (the "Daimler Litigation") [Docket No. 6707]; and the Court having heard the statements of counsel regarding the relief requested in the Motion at a hearing on April 15, 2010 (the "Hearing"); and after consideration of the facts and circumstances referenced in the pleadings and statements submitted to the Court; and the Court being satisfied based on the representations in the Motion that the retention of the "Experts" to assist with the Daimler Litigation is in the best interests of the CarCo estate; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice be provided; and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted;

2. The Committee, acting on behalf of the CarCo estate pursuant to Bankruptcy Court order, is authorized to immediately enter into agreements with one or more confidential consulting and/or testifying Experts to assist the Committee in connection with the ongoing Daimler Litigation being prosecuted by the Committee on behalf of the CarCo estate.

3. All fees, costs, and expenses incurred by the Experts in connection with their work on the Daimler Litigation before the Effective Date, from and after March 1, 2010, may be paid from the Daimler Fund after the Effective Date, upon the review and approval of the Litigation Manager, pursuant to the terms of the Plan and Plan documents, including the Liquidation Trust Agreement and the Litigation Manager Agreement, without further need of Court order.

4. The Experts shall not be required to maintain or submit to the Court records of detailed time entries in connection with the services described in the Motion, or submit interim or final fee applications.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: New York, New York
       April 15, 2010

                    **<u>s/Arthur J. Gonzalez</u>**
                    CHIEF UNITED STATES BANKRUPTCY JUDGE

2010 WL 5798394 (Bkrtcy.S.D.N.Y.) (Trial Filing)
United States Bankruptcy Court, S.D. New York.

In Re: OLD CARCO, LLC., et al.

No. 1:09BK50002.
March 31, 2010.

Chapter 11
Jointly Administered
Hearing Date and Time: April 15, 2010 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: April 9, 2010 at 4:00 p.m. (prevailing Eastern Time)

## Motion for Order Authorizing the Official Committee of Unsecured Creditors to Retain Experts in Connection with Ongoing Daimler Litigation

Susman Godfrey L.L.P., Stephen D. Susman, Jacob W. Buchdahl, Suyash Agrawal, 654 Madison Avenue, 5th Floor, New York, New York 10065, Telephone: (212) 336-8330.

Stutzman, Bromberg, Esserman & Plifka, A Professional Corporation, Sander L. Esserman, Robert T. Brousseau, Peter C. D'Apice, 2323 Bryan Street, Suite 2200, Dallas, Texas 75201, Telephone: (214) 969-4900, Facsimile: (214) 969-4999, Special Counsel to the Official Committee of Unsecured Creditors.

The duly-appointed Official Committee of Unsecured Creditors for Chrysler LLC (the "Committee") files this Motion For Order Authorizing the Official Committee of Unsecured Creditors to Retain Experts In Connection With Ongoing Daimler Litigation (the "Motion"), and respectfully states as follows:

### CASE BACKGROUND

1. On April 30, 2009, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On May 5, 2009, the Office of the United States Trustee for the Southern District of New York appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases.

3. In June 2009, the Committee began an investigation into the existence and viability of potential claims and causes of action arising out of the pre-petition restructuring and subsequent sale of the Debtor to Cerberus. The Committee ultimately determined that these transactions - orchestrated by the Debtor's parent (Daimler) with the assistance of other Daimler entities and/or directors (collectively, the "Daimler Defendants") - were improper and that the estate of Debtor Old CarCo LLC ("CarCo") possesses claims against the Daimler Defendants that are meritorious and have enormous potential value to CarCo's estate.

4. On August 13, 2009, the Bankruptcy Court issued an order authorizing the Committee to file a complaint against the Daimler Defendants and to prosecute the litigation (the "Daimler Litigation") on behalf of CarCo's bankruptcy estate.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion raises a core matter under 28 U.S.C. § 157(b)(2)(A) and (M). Venue of these cases and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief sought herein may be granted under sections 1103 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004.

## RELIEF REQUESTED

6. On the Effective Date [1] of the Second Amended Joint Plan of Liquidation of Debtors and Debtors in Possession (the "Plan"), the Daimler Litigation "shall be assigned to the Liquidation Trust and the Liquidation Trust shall succeed to the interests of the Estates in the Daimler Litigation." *See* Plan, Article III.E.2. On the Effective Date, the Litigation Manager, acting on behalf of the Liquidation Trust, will be vested with exclusive authority to "prosecute to conclusion or settle the Daimler Litigation." [2]

7. As part of the Litigation Manager's responsibilities relating to the Daimler Litigation, the Litigation Manager will be vested with the authority - from and after the Effective Date - to "retain, solely in connection with the Daimler Litigation and without further order of the Bankruptcy Court, expert witnesses, translators and other non-legal professionals to assist in carrying out its duties in connection with the Daimler Litigation as set forth herein and in the Litigation Manager Agreement, and all Daimler Litigation Costs [3] incurred in connection with such retentions will be paid from the Daimler Fund without further order of the Bankruptcy Court." *See* Plan, Article IV. B. 3. d.

8. Hence, the Plan vests the Litigation Manager with the authority, *"without further order of the Bankruptcy Court,"* to retain expert witnesses and compensate those experts from the Daimler Fund after the Effective Date.

9. Although the Effective Date appears to be imminent, it could be delayed for various reasons. Further, because of the magnitude and complexity of the issues in the Daimler Litigation and the volume of the documents received by the Committee so far, and the pending motions to dismiss filed by the Defendants, the Committee, in consultation with Contingency Fee Counsel, has determined that it is in the best interests of the CarCo **bankruptcy** estate, as well as the advancement of the Daimler Litigation, to immediately **retain consulting experts** to assist with the prosecution of the Daimler Litigation, including, without limitation, analyzing the economic, finance, valuation, accounting, solvency, corporate governance, and industry-specific issues underlying the Committee's allegations and claims, and any responses and/or defenses thereto, in the Daimler Litigation.

10. Accordingly, because the Effective Date has not yet occurred, the Committee seeks interim authority pursuant to section 363(b)(1) of the Bankruptcy Code authorizing the Committee to enter into agreements with one or more experts ("Experts") to serve as confidential consulting and/or testifying experts in connection with the ongoing Daimler Litigation being prosecuted by the Committee on behalf of the CarCo estate. The proposed Litigation Manager, Al Brayton, has consented to this retention. The Committee also proposes that, assuming the Effective Date is not significantly delayed, the Experts will be compensated for their pre-Effective Date fees and expenses from the Daimler Fund, as defined below, after the Effective Date, upon review and approval of the Litigation Manager, pursuant to the terms of the Plan and Plan documents, without the need for further Court order

### A. The Daimler Litigation.

11. As the Court is well aware, the Daimler Litigation is complex and involves international defendants, multiple counts, and a complicated 48-step restructuring process undertaken over several months.

12. The Committee has asserted claims for fraudulent transfer, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, unjust enrichment, and alter ego against the Daimler Defendants. Pursuant to the Plan, the Daimler Litigation will be transferred to the Liquidation Trust, and managed by the Litigation Manager, upon the Effective Date.

### B. An Expert Will Assist the Committee and the Court.

13. Given the complexity of the Daimler Litigation, one or more experts can assist in the ongoing development and analysis of the issues involved with the litigation. Thus, the Committee contemplates potential expert witnesses to serve as either consulting and/or testifying experts in this case.

14. Accordingly, the Committee seeks authority to enter into agreements with Experts to assist in the Daimler Litigation. The identity of the Experts has not yet been disclosed in the Daimler Litigation, and, in accordance with FED. R. Civ. P. 26, incorporated into bankruptcy proceedings by FED. R. BANKR. P. 7026, shall remain confidential throughout the Daimler Litigation until such time as the Committee, or the Litigation Manager, determines whether or not it will present the Experts' opinions at trial. To the extent that this Court desires to review the names, qualifications, and terms of compensation for the Experts, however, the Committee will submit that information to this Court under seal.

### LAW AND ARGUMENT

15. As set forth above, the Plan transfers the Daimler Litigation to the Liquidation Trust, and appoints the Litigation Manager to prosecute the Daimler Litigation for the benefit of CarCo's bankruptcy estate. The Litigation Manager will be vested with the authority - from and after the Effective Date - to "retain, solely in connection with the Daimler Litigation and without further order of the Bankruptcy Court, expert witnesses, translators and other non-legal professionals to assist in carrying out its duties in connection with the Daimler Litigation as set forth herein and in the Litigation Manager Agreement, and all Daimler Litigation Costs incurred in connection with such retentions will be paid from the Daimler Fund without further order of the Bankruptcy Court." See Plan, Article IV.B.3.d.

16. Here, during the period prior to the Effective Date of the Plan, the Daimler Litigation is actively proceeding [4] and the Committee has determined that it is in the best interests of CarCo's bankruptcy estate for the Experts to be retained immediately. Moreover, the Committee has discussed the current Motion with the proposed Litigation Manager, and the proposed Litigation Manager supports the current Motion. Accordingly, the Committee seeks authority pursuant to Section 363(b) of the Bankruptcy Code to retain the Expert on the terms set forth herein.

17. Section 363(b)(1) of the Bankruptcy Code permits a debtor in possession, after notice and hearing, to use, sell or lease property of the estate other than in the ordinary course of its business.

18. In the exercise of its business judgment, the Committee, acting on behalf of the CarCo estate, seeks authority to enter into agreements with Experts whereby the Experts will provide expert assistance and confidential expert opinions to the Committee in connection with the ongoing Daimler Litigation. Entry into the agreement(s) with the Experts is important to the successful resolution of the Daimler Litigation, and is in the best interests of the CarCo estate.

19. Additionally, as the services provided by the Experts are for the exclusive benefit of the CarCo estate, the Committee seeks an order from the Court that all fees, costs, and expenses payable to the Experts in connection with the Experts' pre-Effective date work in connection with the Daimler Litigation, to the extent authorized by the terms of the Plan and approved by the Litigation Manager, be payable from the Daimler Fund after the Effective Date, as set forth in the Winddown Orders [5] and Plan documents, without the need for further Court review or approval. Notably, the First Lien Winddown Order establishes certain funding arrangement with respect to the Committee's litigation expenses in

the Daimler Litigation, establishing a $5 million reserve (the "Daimler Fund") for the expenses of the Daimler Litigation incurred during the period from and after September 1, 2009. Similarly, additional funds were placed into the Daimler Fund pursuant to the DIP Lender Winddown Order, such that the current balance of the Daimler Fund, as of March 1, 2010, is estimated to be $8,757,860. *See* Notice of Filing of Plan Exhibit X.A.143: Schedule of Liquidation Trust Assets (Docket No. 6495)

20. Moreover, as FED. R. Civ. P. 26 protects the confidentiality of the identities of the Experts until such time as the Committee determines whether or not it intends to use an Experts opinions at trial, the Committee seeks authority to retain the Experts on a confidential basis. The Effective Date appears to be imminent. After the Effective Date, the Litigation Manager would be able to, and would, retain the Experts without further court review, pursuant to the terms of the Plan. The Committee merely wishes to assure that for this (hopefully short) period prior to the anticipated Effective Date, the Committee may retain Experts for the Daimler Litigation and that these Experts may be paid their pre-Effective Date fees and expenses incurred in connection with the Daimler Litigation from the Daimler Fund after the Effective Date, as permitted by the Plan and as authorized by the Litigation Manager.

21. Other cases have granted similar relief, allowing the retention of consulting experts on a confidential basis. For example, in the recent bankruptcy case styled as *In re ASARCO, LLC,* et al., Case No. 05-21207 pending in the United States Bankruptcy Court for the Southern District of Texas, the Official Committee of Unsecured Creditors for the Subsidiary Debtors filed a motion seeking authority to retain experts in connection with certain pending alter ego litigation. See Docket No. 4080. The ASARCO court granted the motion, authorizing the committee to retain and compensate experts on terms substantially identical to the terms requested herein. See Docket No. 4205.

22. In the instant case, the Committee merely seeks to assure that consulting experts may be retained during what is expected to be a brief period prior to the Effective Date, and be compensated for their pre-Effective Date work from the Daimler Fund, pursuant to the Plan and ancillary Plan documents, by the Liquidation Trust after the Effective Date. Accordingly, for the reasons set forth above, the Committee respectfully requests that the Motion be granted.

WHEREFORE, the Committee requests, on behalf of the CarCo estate, that the Court enter an order (i) granting the Motion, (ii) authorizing the Committee to enter into agreement(s) with Experts; (iii) authorizing that these Experts may be paid their pre-Effective Date fees and expenses incurred in connection with the Daimler Litigation from and after March 1, 2010, from the Daimler Fund after the Effective Date, upon the review and approval of these fees and expenses by the Litigation Manager, as permitted by the Plan and Plan documents, including the Liquidation Trust Agreement and the Litigation Manager Agreement, without further need of court order, and (iv) granting such other and further relief as is just and proper.

Respectfully submitted this 31st day of March 2010.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF OLD CARCO LLC, et al.

By: /s/ *Alan Brayton*

Alan Brayton

Co-Chairman, *Official Committee of Unsecured Creditors for Old Carco LLC, et al.*

Footnotes

1     Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.
2     *See* Plan, Article IV.G.2.b.

3     "Daimler Litigation Costs" is defined in Article IV.G.2.b.iv to include expert witness fees.
4     In fact, the Daimler Defendants filed a Motion to Dismiss on March 5, 2010.
5     As defined in the Disclosure Statement (Docket No. 6273), the term "Winddown Orders" refers collectively to the First Lien Winddown Order (Docket No. 5981) and the DIP Lender Winddown Order (Docket No. 5982).

End of Document      © 2018 Thomson Reuters. No claim to original U.S. Government Works.