UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                          Chapter 7

TRANSCARE CORPORATION, et al.,                              Case No.: 16-10407 (SMB)
                                                                                              Jointly Administered
                    Debtors.
-----------------------------------------------------------------x

**STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM THE
AUTOMATIC STAY AS IT APPLIES TO CARMEN PAGAN**

This Stipulation And Order Granting Limited Relief From The Automatic Stay is made by and between Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial Debtors") and the interim Trustee of the estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. collectively, the "Subsequent Debtors", along with the Initial Debtors are collectively referred to herein as the "Debtors"), and Carman Pagan ("Pagan" and, together with the Trustee, the "Parties"), acting by and through their undersigned counsel.

**RECITALS**

A.      On February 24, 2016 (the "Petition Date"), the Initial Debtors each filed voluntary petitions for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtors' cases, has since duly qualified and is the permanent Trustee administering the Initial Debtors' estates.

C. Pursuant to Orders dated March 1, 2016, the Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

D. On April 25, 2016, each of the Subsequent Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the Court.

E. Also on April 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of Subsequent Debtors' cases has since duly qualified and is the permanent Trustee administering the Subsequent Debtors' estates.

F. Pursuant to Order dated June 28, 2016, the Subsequent Debtors' cases are being jointly administered under case no. 16-10407 (TransCare Corporation).

G. Prior to the Petition Date, an action was commenced by Pagan in New York State Supreme Court, Kings County, against, among others, TransCare Corporation [Index No. 20517/2013E] (the "Action").

H. Pagan seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(a) to permit the prosecution of the Action, but only to the extent of the Debtors' existing insurance coverage insofar as such proceeds are not an asset of the Debtors' estates or otherwise available to the creditor body.

I. The Trustee has no objection to the continuation of the Action on the terms and conditions set forth herein.

## **TERMS AND CONDITIONS**

1. The automatic stay is hereby modified to permit Pagan to continue the prosecution of the Action but only to the extent of the limits of existing insurance coverage that may be applicable to the Action, <u>provided</u>, <u>however</u>, that any settlement of the Action, or judgment rendered in the Action, may not exceed the applicable limits for any such insurance coverage, and <u>provided</u> <u>further</u> that the Trustee shall have no obligation to take part in, spend time on or expend any assets of Debtors' estates in connection with any aspect of the Action including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests.

2. Pagan hereby waives and releases any and all claims Pagan may have: (a) against the Debtors' estates, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; and (b) against the Trustee's and/or Debtors' insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Trustee, the Debtors and/or any of their respective employees named in the Action (the "<u>Covered Employees</u>") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Employees with respect to the Action are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Bankruptcy Court.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, *provided* *that,* with respect to the Trustee, this Stipulation requires approval of the Bankruptcy Court.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so ordered by the Bankruptcy Court.

Dated: August 5, 2019

    Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                         Counsel to Salvatore LaMonica, as Trustee

                                 By:    *s/ Jacqulyn S. Loftin*
                                         Jacqulyn S. Loftin
                                         Partner
                                         3305 Jerusalem Avenue
                                         Wantagh, New York 11793
                                         Telephone: 516.826.6500

Dated: August 5, 2019
    Yonkers, New York      **LAW OFFICE OF JOHN M. DALY**
                                         Attorney for Carmen Pagan

                                 By:    *John M. Daly*
                                         John M. Daly
                                         538 Riverdale Avenue
                                         Yonkers, New York 110705
                                         Telephone: 914.378.1393

IT IS SO ORDERED on the __ day of September, 2019

_____
Honorable Stuart M. Bernstein
United States Bankruptcy Judge