**AMINI LLC**
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                            Chapter 7

TRANSCARE CORPORATION, et al.
                                                                  Case No.: 16-10407 (SMB)
                                                                  (Jointly Administered)
                                    Debtors.
------------------------------------------------------------x

# APPLICATION TO SUBSTITUTE AMINI LLC FOR STORCH AMINI PC AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE

Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (the "Chapter 7 Cases"), by his undersigned proposed substitute special counsel, hereby submits this application for entry of an Order, pursuant to §§ 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Trustee to substitute Amini LLC for Storch Amini PC as his special counsel in these Chapter 7 Cases (the "Application").

In support of the Application, the Trustee submits the Declaration of Bijan Amini, Esq., a

member of Amini LLC (the "Amini Declaration"), which is Exhibit "A", and respectfully represents as follows:

**JURISDICTION; VENUE; STATUTORY BASES FOR RELIEF**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein include Bankruptcy Code §§ 105(a), 327(a), 328(a), 330, and Bankruptcy Rule 2014(a), and Local Rule 2014-1.

**BACKGROUND**

3. On February 24, 2016, eleven of the fourteen Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On April 25, 2016, Debtors TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court.

4. Salvatore LaMonica was appointed as the Chapter 7 Trustee in each of the Debtors' cases. The Debtors' cases are being jointly administered in accordance with Orders of this Court [Dkt. No. 9 in Case No. 16-10407;[1] Dkt. No. 26 in Case No. 16-11057; Dkt. No. 37 in Case No. 16-11058; Dkt. No. 38 in Case No. 16-11059].

5. By Order dated July 31, 2017, the Court approved the retention of Storch Amini PC ("Storch Amini") as special counsel to the Trustee, *nunc pro tunc* to June 5, 2017 (the "Storch Amini Retention Order") (Dkt. No. 495), a copy of which is annexed as Exhibit "B". Among other things, the Storch Amini Retention Order provided that Storch Amini would be: (a) paid hourly fees of up to $100,000 and reimbursed its initial expenses of up to $25,000; and (b) paid on a

---

[1] Unless otherwise noted, all docket citations are to the docket in the main case, Case No. 16-10407.

2

contingent fee basis of 33 1/3% of any recovery realized by the Trustee with respect to any claim pursued by Storch Amini. See Exhibit "B", Storch Amini Retention Order at ¶4).[2]

6. By Order dated May 18, 2018, the Court granted Storch Amini's first application for allowance of interim compensation and reimbursement of expenses in the amount of $100,000 in fees and expenses of $21,049.15. See Dkt. No. 602. Storch Amini was paid $100,000 in fees and $21,049.15 in accordance with the Order.

7. On October 15, 2019, Storch Amini closed and ceased operations. The attorneys who primarily handled the representation of the Trustee in these Chapter 7 Cases, Bijan Amini and Avery Samet, have become members of Amini LLC.

## RELIEF REQUESTED

8. By this Application, the Trustee respectfully requests entry of an Order authorizing the employment and retention of Amini LLC to substitute for and replace Storch Amini as the Trustee's special counsel in these Chapter 7 Cases pursuant to Bankruptcy Code § 327(a). A copy of the proposed Order of retention is Exhibit "C".

9. The Trustee seeks to employ Amini LLC on substantially the same terms and for the same purposes as Storch Amini.[3] In summary form, the Trustee proposes to employ Amini LLC as follows:

|  | Storch Amini Terms | Amini LLC Terms |
|---|---|---|
| Hourly Fees: | Paid $100,000, not entitled to any further hourly fees. | Not applicable. |
| Contingency Fees: | 33 1/3 percent of any recovery, calculated after deducting: (i) expense reimbursements; and (ii) | 33 1/3 percent of any recovery calculated after deducting: (i) expense reimbursements; and (ii) |

---

[2] Reference is made to the Storch Amini Retention Order for its complete terms.

[3] We use the term "substantially the same terms" because, as discussed below, Amini LLC will not be paid any hourly fees. Otherwise, the terms are the same for the Estate.

3

|  | $100,000 in hourly fees paid to Storch Amini. | $100,000.[4] |
| --- | --- | --- |
| Expenses: | May apply for reimbursement of expenses from any recovery. | May apply for reimbursement of expenses from any recovery for both Storch Amini and Amini LLC.<br><br>Amini LLC will apply any allowed expense reimbursements first to allowed expense reimbursements incurred by Storch Amini, and second to allowed expense reimbursements incurred by Amini LLC. |

10. As set forth below, any compensation received in connection with these Chapter 7 Cases by Amini LLC will be shared with Storch Amini. Amini LLC has otherwise not agreed nor will it agree to share compensation received in connection with these Chapter 7 Cases with any other person, except as permitted by § 504(b) of the Bankruptcy Code.

11. Amini LLC specializes in complex business litigation, including bankruptcy and trial work and has experience representing Chapter 11 and Chapter 7 trustees as litigation counsel. The attorneys at Amini LLC have represented numerous panel trustees in this district and around the country in connection with investigations into the financial affairs of debtors and litigations arising from the same. The attorneys at Amini LLC also have extensive bankruptcy and non-bankruptcy litigation experience relating to medical providers. The attorneys at Amini LLC were also the attorneys at Storch Amini primarily responsible for the representation of the Trustee in as his special counsel in these Chapter 7 Cases. Accordingly, the Trustee hereby requests entry of an Order authorizing him to employ Amini LLC as his substitute special counsel.

---

[4] As discussed below, in the event any contingency fee becomes due, Amini LLC will make a fee application to this Court disclosing and seeking approval for the split of contingency fees between Storch Amini and Amini LLC. In no event shall the estates pay a higher contingency fee.

12. Amini LLC's services are necessary in order to enable the Trustee to continue to faithfully execute his duties and responsibilities. Amini LLC is willing to act on the Trustee's behalf as his special counsel on the terms and conditions set forth below.

## DISINTERESTEDNESS

13. As set forth in the Amini Declaration, Amini LLC conducted a search of its client database to determine whether Amini LLC had any relationship with the Debtors or their respective affiliates or officers, insiders or creditors. Among other things, Amini LLC compared the Debtors' schedules D, E and F, the Debtors' statements of financial affairs, and the claims registers in these Chapter 7 Cases with Amini LLC's client database. Based on that review, Amini LLC informed the Trustee that it does not hold or represent any interest adverse to the Trustee or the Debtors' estates.

14. Amini LLC has also informed the Trustee that it has no connection with the Debtors, its creditors or other parties in interest in this case, except as set forth in the Amini Declaration. As such, the Trustee believes that Amini LLC is "disinterested" as that term is defined in Bankruptcy Code § 101(14).

15. As set forth in the Amini Declaration, Amini LLC has not represented Salvatore LaMonica in any other matters in his capacity as a Chapter 7 Trustee, but it is possible that Amini LLC may represent Salvatore LaMonica in his fiduciary capacity in other unrelated cases in the future.

## EMPLOYMENT TERMS

16. Subject to the Court's approval, the Trustee proposes to substitute Amini LLC for Storch Amini on substantially the same terms as contained in the Storch Amini Retention Order. Amini LLC will be entitled to a contingency fee of 33 1/3% of any resulting recoveries. The

contingency fee will be calculated after: (a) deducting any expense reimbursements owed to Storch Amini, as discussed below; (b) deducting any expense reimbursements owed to Amini LLC; and (c) deducting any hourly fees already paid to Storch Amini.

17. With respect to the contingency fee portion of Amini LLC's retention, Amini LLC will earn a contingency fee in the amount of 33 1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini LLC pursues, whether through settlement, suit or otherwise (calculated after deducting any allowed expense reimbursements owed to Storch Amini and Amini LLC and thereafter reduced by any hourly fees already paid to Storch Amini).

18. To the extent that any work of Amini LLC results in a reduction of claims asserted against the Debtors' estates, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini LLC and the Trustee, but in no event to exceed 33 1/3% of such claim reduction.

19. At the time of application for a contingency fee (if any), Amini LLC will seek Court approval for division of any contingency fee between Storch Amini and Amini LLC. In the event of a dispute between Storch Amini and Amini LLC, the Court will determine the appropriate division.

20. Amini LLC will seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred by Storch Amini and Amini LLC in connection with any recoveries obtained for the Trustee. To the extent recoveries are obtained, Amini LLC will apply for allowable reimbursable expenses on behalf of itself and Storch Amini. To the extent such reimbursements are granted, Amini LLC will apply the reimbursements first to the allowed reimbursable expenses of Storch Amini and second to the allowed reimbursable expenses of Amini LLC. In no event will Amini LLC be required to advance an individual expense exceeding $5,000

and in no event will Amini LLC be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval.

21. Amini LLC shall seek compensation for services and reimbursement of expenses in accordance with Federal Rule of Bankruptcy Procedure 2016(a), and Local Bankruptcy Rules 2016-1 and 2016-2.

## BEST INTERESTS OF THE ESTATES

22. Bankruptcy Code § 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). As set forth above, the Court previously approved the Trustee's employment of Storch Amini as his special counsel. Storch Amini closed and ceased operations in October 2019. The attorneys primarily responsible for the representation of the Trustee in these Chapter 7 Cases are now members of Amini LLC, and their continued representation of the Trustee is in the best interests of the Debtors' estates.

23. The fees and expenses to be paid to Amini LLC and terms of employment, as set forth herein, and the Amini Declaration, are reasonable given the scope and extent of the professional services Amini LLC will render in these Chapter 7 Cases.

24. Accordingly, the Trustee submits that Amini LLC's retention is in the best interests of the Debtors' estates and their creditors.

25. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully request that the Court enter an Order, substantially in the form annexed as Exhibit "C", granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 5, 2020
      New York, New York

      **AMINI LLC**
      **Proposed Substitute** Special Counsel to Salvatore LaMonica, as Chapter 7 Trustee

By:   /s/ Bijan Amini
      Bijan Amini, Esq.
      Avery Samet, Esq.
      131 West 35th Street, 12th Floor
      New York, New York 10001
      Telephone: (212) 490-4700