# Exhibit A

**AMINI LLC**
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
Bijan Amini, Esq.
Avery Samet, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                      Chapter 7

TRANSCARE CORPORATION, et al.
                                                                                  Case No.: 16-10407 (SMB)
                                                                                  (Jointly Administered)
                                              Debtors.
-------------------------------------------------------x

## DECLARATION OF BIJAN AMINI IN SUPPORT OF TRUSTEE'S MOTION TO SUBSTITUTE AMINI LLC AS SPECIAL COUNSEL

BIJAN AMINI, declares as follows pursuant to 28 U.S.C. § 1746:

1.  I am a member of Amini LLC and an attorney duly admitted and in good standing to practice before the United States District Court for the Southern District of New York.

2.  I make this Declaration pursuant to §§ 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the application of Salvatore LaMonica, the Chapter 7 Trustee for the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors") in the above chapter 7 cases (the "Chapter 7 Cases"), for entry of an order authorizing the Trustee to substitute Amini LLC for Storch Amini PC ("Storch Amini") as

substitute special counsel to the Trustee (the "Application").

3. The facts set forth herein are personally known to me and, if called as a witness, I could and would testify thereto. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon Amini LLC's completion of further review and analysis or as additional party-in-interest information becomes available to it, Amini LLC will file a supplemental declaration disclosing such information.

4. Pursuant to the Application, the Trustee seeks to employ Amini LLC to substitute for and replace Storch Amini PC as his special counsel in these Chapter 7 Cases. On October 15, 2019, Storch Amini PC closed and ceased operations. The attorneys who primarily handled the representation of the Trustee in these Chapter 7 Cases, Bijan Amini and Avery Samet, have become members of Amini LLC.

5. Amini LLC possesses the requisite experience and expertise to advise the Trustee as his special litigation counsel in these Chapter 7 Cases. Amini LLC is a New York Professional Corporation that specializes in complex business litigation, bankruptcy, and trial work. The attorneys at Amini LLC have experience representing Chapter 11 and Chapter 7 trustees as litigation counsel. In particular, the primary lawyers for Storch Amini PC who tried the action entitled *LaMonica v. Tilton, et al*, Adv. Proc. No. 18-1021, are now members of Amini LLC.

6. I will be primarily responsible for leading Amini LLC 's representation of the Trustee in these Chapter 7 Cases. I will be assisted by Avery Samet, Esq. and other attorneys at Amini LLC, each of whom possess the requisite expertise and knowledge necessary to effectively assist the Trustee.

7. Except as otherwise set forth herein, Amini LLC is not connected with the Trustee, the Debtors, the Debtors' creditors, other parties in interest, their respective attorneys and

accountants, the United States Trustee, or any person employed by the Office of the United States Trustee. To the best of my knowledge, after due inquiry, Amini LLC does not, by reason of any direct or indirect relationship to or in connection with the Trustee, the Debtors or other parties in interest, hold or represent any interest adverse to the Trustee, the Debtors or to the estates.

8. Except as otherwise set forth herein, to the best of my knowledge, after due inquiry, neither I, Amini LLC, nor any member, counselor or associate of Amini LLC represent any entity other than the Trustee in connection with these Chapter 7 Cases.

9. In connection with this Declaration, my firm conducted a search of Amini LLC's client database to determine whether Amini LLC had any relationship with the Debtors or their respective affiliates or officers, insiders or creditors of the Debtors. Among other things, my firm compared the creditors and counterparties named in Debtors' schedules D, E and F, and the claims register in these Chapter 7 Cases with Amini LLC's client database.

10. Our review has indicated that Amini LLC does not represent and has not previously represented any of the foregoing persons or entities in matters related or unrelated to these cases. Based upon this database search, Amini LLC does not hold or represent an interest adverse to the Debtors' estates.

11. Amini LLC is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that Amini LLC: (a) is not a creditor, an equity security holder, or an insider of the Debtors; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

12. Amini LLC regularly updates its client database and does not open any new matter without reviewing the information necessary to check such matter conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Amini LLC will continue to apply the conflicts and disclosure procedures to these Chapter 7 Cases as additional information concerning entities having a connection to the Debtors is developed and will file appropriate supplemental disclosure with the Court, as may be necessary.

13. Accordingly, pursuant to § 327(e) of the Bankruptcy Code, Amini LLC is qualified to represent the Trustee in carrying out his duties in these Chapter 7 Cases.

## COMPENSATION AND BILLING PRACTICES

14. As set forth in the Application and subject to Court approval, the Trustee proposes to employ Amini LLC on substantially the same terms as Storch Amini PC. Amini LLC will receive a 33 1/3 percent contingency fee of any resulting recoveries. The contingency fee will be calculated after (i) deducting any expense reimbursements owed to Storch Amini PC and Amini LLC, as discussed below, and (ii) deducting the $100,000 in hourly fees already paid to Storch Amini PC.

15. Amini LLC may seek reimbursement for all of its – and all of Storch Amini PC's – actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee. Amini LLC will apply any allowed expense reimbursements first to allowed expense reimbursements incurred by Storch Amini PC and second to allowed expense reimbursements incurred by Amini LLC. Amini LLC will seek to recover these expense reimbursements in connection with any resulting claims and causes of action out of any recoveries obtained for the Trustee. In no event will Amini LLC be required to advance an individual expense exceeding $5,000.00 and in no event will Amini LLC be required to advance expert, e-discovery

or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini LLC will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

16. With respect to the contingency fee portion of Amini LLC's retention, Amini LLC will earn a contingency fee in the amount of 33 1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini LLC pursues, whether through settlement, suit or otherwise (calculated after deducting any expense reimbursements as discussed above and thereafter reduced by the $100,000 in hourly fees already paid to Storch Amini PC for services relating to the investigation).

17. To the extent that any work of Amini LLC results in a reduction of claims asserted against the Debtors' estates, compensation for such reduction shall be paid (subject to application to and approval by the Court) in an amount and manner to be negotiated in good faith between Amini LLC and the Trustee, but in no event to exceed 33 1/3% of such claim reduction.

18. At the time of application for a contingency fee (if any), Amini LLC will seek Court approval for division of any contingency fee between Storch Amini and Amini LLC. In the event of a dispute between Storch Amini and Amini LLC, the Court will determine the appropriate division.

19. Amini LLC shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

20. Neither I, nor Amini LLC, nor any member, counsel or associate thereof has

received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with these Chapter 7 Cases other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

21. As discussed above, any compensation received in connection with these Chapter 7 Cases by Amini LLC will be shared with Storch Amini. Amini LLC has not agreed nor will it agree to share compensation received in connection with these Chapter 7 Cases with any other person, except as permitted by § 504(b) of the Bankruptcy Code.

22. Amini LLC has never represented Salvatore LaMonica in his capacity as a Trustee, but it is possible that Amini LLC may represent Salvatore LaMonica in his fiduciary capacity in other unrelated cases in the future.

Executed under penalty of perjury this 5th day of February 2020 in New York, New York.

        /s/ Bijan Amini
        Bijan Amini