UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:	Chapter 7

TRANSCARE CORPORATION, et al.,	Case No.: 16-10407 (SMB)
	Jointly Administered

Debtors.

------------------------------------------------------------x

**ORDER APPROVING EMPLOYMENT AND SUBSTITUTION OF AMINI LLC AS SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE**

UPON the application dated February 5, 2020 (the "Application") of Salvatore LaMonica, as Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors") in the above chapter 7 cases (the "Chapter 7 Cases"), seeking the entry of an Order, pursuant to §§ 327(a) and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), authorizing the Trustee to substitute Amini LLC for Storch Amini PC as his special counsel in these Chapter 7 Cases; and upon the Declaration of Bijan Amini, Esq., a member of Amini LLC (the "Amini Declaration"); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and the Court having

reviewed the Application and the Amini Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application and the Amini Declaration that Amini LLC is disinterested and does not represent or hold any interest that is adverse to the Debtors' estates; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The application is granted to the extent provided herein.

2. In accordance with Bankruptcy Code §§ 327(e) and 328(a), the Trustee is authorized to employ and retain Amini LLC as his special counsel on the terms set forth in the Application and the Amini Declaration.

3. Amini LLC is hereby substituted for Storch Amini PC as counsel for the Trustee in Adversary Proceeding Number 18-1021.

4. In connection with its services, Amini LLC shall be paid (subject to application to, and approval by, the Court) on a contingent fee basis as follows: 33 1/3% of any recovery realized by the Trustee with respect to any claim or cause of action which Amini LLC pursues, whether through settlement, suit or otherwise (calculated after (i) deducting any expense reimbursements owed to Storch Amini PC and Amini LLC and (ii) deducting any hourly fees already paid to Storch Amini PC). Upon collection, the Trustee shall segregate 33 1/3% of any such recoveries, which will be designated exclusively for Amini LLC but payable subject to the procedures set forth herein. Except as set forth below and above, Amini LLC shall only be paid out of recoveries actually received, and at no time shall the Trustee be required to compensate Amini LLC other than from actual recoveries. In no event will Amini LLC be required to advance an individual expense exceeding $5,000.00 and in no event will Amini LLC be required

to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval. Amini LLC will cooperate with the Trustee to seek sources of funding, subject to Court approval, for any such expenses that might be incurred for and during such litigation.

5. To the extent that any work of Amini LLC results in a reduction of claims asserted against the Debtors' estates by potential defendants or defendants to a litigation, compensation to Amini LLC for such reduction shall be paid (subject to application to, and approval by, the Court) in an amount and manner to be negotiated in good faith between Amini LLC and the Trustee, but in no event to exceed 33 1/3% of such claim reduction.

6. At the time of application for a contingency fee (if any), Amini LLC will seek Court approval for division of any contingency fee between Storch Amini PC and Amini LLC. In the event of a dispute between Storch Amini PC and Amini LLC, the Court will determine the appropriate division.

7. To the extent recoveries are obtained, Amini LLC shall be allowed to apply for reimbursement of actual, reasonable and necessary out-of-pocket disbursements incurred by both Storch Amini PC and Amini LLC. To the extent such reimbursements are granted, Amini LLC shall apply the reimbursements first to the allowed reimbursable expenses of Storch Amini PC and second to the allowed reimbursable expenses of Amini LLC.

8. Amini LLC shall be compensated in accordance with and will file interim and final fee applications for allowance of compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

9. Notwithstanding any provision to the contrary in the Application, any dispute relating to the services provided by Amini LLC shall be referred to arbitration consistent with the terms of the Application only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

10. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

11. Notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated: February **7th**, 2020
New York, New York

        **/s/ STUART M. BERNSTEIN**
        Hon. Stuart M. Bernstein
        United States Bankruptcy Judge

Dated: February 5, 2020
New York, New York

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2


By    */s/ Andrea B. Schwartz*
      Andrea B. Schwartz, Esq. Trial Attorney