UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.

Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 16-10407 (DSJ)
(Jointly Administered)

**APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIDLEY AUSTIN LLP AS SPECIAL APPELLATE COUNSEL TO THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)**

Salvatore LaMonica, solely in the capacity as Chapter 7 Trustee (the "Trustee") of the jointly-administered bankruptcy estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), hereby submits this application (the "Application") for entry of an order, pursuant to 11 U.S.C. §§ 327(a) and 328(a) (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an Order, (the "Proposed Order"), authorizing the Trustee to employ Sidley Austin LLP ("Sidley") as his special appellate counsel in connection with the appeals to the U.S. Court of Appeals for the Second Circuit from the U.S. District Court for the Southern District of New York's decision In re TransCare Corporation, et al. No. 20-cv-06274, 20-cv-06523, (the "Bankruptcy Appeal"). In support of this Application, the Trustee submits the declaration of Carter G. Phillips, a Partner of

Sidley (the "Phillips Declaration"). In further support of this Application, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(a) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327(a), 328(a), 330, and Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

4. On February 24, 2016 (the "Petition Date"), eleven of the fourteen Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On April 25, 2016, Debtors TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Debtors' cases, has duly qualified and is the permanent Trustee of the Debtors' estates.

6. By Orders of the Court dated March 1, 2016 and June 29, 2019, the Debtors' cases were jointly administered under caption: TransCare Corporation, et al., [Case No. 16-10407].

7. Debtor TransCare Corporation is the 100% owner, either directly or indirectly, of the other Debtors. It is the Trustee's understanding that, prior to the Petition Date, the Debtors operated as an integrated entity.

8. The Debtors' business was to provide emergency medical transportation services to hospitals and communities in New York, including 911/EMS services, basic life support, advanced life support, critical care transport, ambulette and wheelchair van services and special venue transportation services. The Debtors also provided non-emergency response services and critical care transfers to and between health care facilities, hospitals, nursing homes and other specialty care facilities. Prior to the Petition Date, the Debtors had approximately 1,800 employees.

9. On February 22, 2018, the Trustee commenced an adversary proceeding against Lynn Tilton, Patriarch Partners Agency Services, LLC, Patriarch Partners, LLC, Patriarch Partners Management Group, LLC, Ark II CLO 2001-1, Limited, Ark Investment Partners II, L.P., LD Investments, LLC, Patriarch Partners II, LLC, Patriarch Partners III, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC, Transcendence Transit, Inc., and Transcendence Transit II, Inc. (collectively, "Defendants") [Dkt. 573; Dkt. 1 in Adv. Proc. No. 18-01021] to, *inter alia*, recover damages and avoid certain transfers (the "Adversary Proceeding").

10. After conducting a bench trial, the Bankruptcy Court issued *Post-Trial Findings of Fact and Conclusions of Law* and recommendation to the U.S. District Court for the Southern District of New York (the "District Court") [Dkt. 138 in Adv. Proc. No. 18-01021].

11.  On September 29, 2021, the District Court entered its decision adopting the Bankruptcy Court's recommendation on liability [Dkt. 16 in Case No. 20-cv-06274].[1]

12.  On October 12, 2021, Patriarch Partners Agency Services, LLC, Transcendence Transit, Inc., Transcendence Transit II, Inc., and Lynn Tilton commenced the Bankruptcy Appeal [Dkt. 17 in Case No. 20-cv-06274; Dkt. 12 in Case No. 20-cv-06523].

13.  Also, on or about October 12, 2021, Lynn Tilton posted a bond in the amount of approximately $42,000,000 in connection with the Bankruptcy Appeal.

## RELIEF REQUESTED

14.  By this Application, the Trustee requests entry of the Proposed Order, substantially in the form annexed hereto, authorizing him to retain and employ Sidley as special appellate counsel to the Trustee in connection with the Bankruptcy Appeal.

**A.  Sidley's Qualification and Scope of Services**

15.  Sidley is a full-service law firm with a national and international presence. Sidley has more than 2,000 lawyers in 20 offices in the United States, Europe, Asia and Australia. Sidley has expertise in nearly every major substantive area of legal practice, and its clients include leading public companies and privately held businesses in a variety of industries and major nonprofit organizations. Sidley's appellate practice is comprised of approximately 70 full-time attorneys, plus attorneys in numerous other principal areas of practice who have various sub-specialties.

16.  Sidley's appellate practice represents parties before the United States Supreme Court, all federal courts of appeals and state appellate and supreme courts. As set forth in the

---

[1] The District Court modified the Bankruptcy Court's recommendation as to the damages award against defendant Lynn Tilton, but affirmed the Bankruptcy Court's judgment against defendants Patriarch Partners Agency Services, LLP and Transcendence.

Phillips Declaration, Sidley's lawyers have briefed and argued hundreds of cases before the Supreme Court and have filed briefs in hundreds more cases in the U.S. Courts of Appeals. With respect to appeals concerning bankruptcy related issues, Sidley's professionals have represented clients in more than 220 bankruptcy related appeals before the U.S. Courts of Appeals, Bankruptcy Appellate Panels, and U.S. District Courts. Such representations include: <u>Associates Commercial Corp. v. Rash</u>, 520, U.S. 953 (1997); <u>In re George Washington Bridge Bus Station Development Venture LLC</u>, Case No. 21-2050 (2d. Cir.), <u>In re Lehman Brothers Holdings, Inc.</u>, Case No. 19-02952 (2d. Cir.); <u>In re Columbia Gas Sys.</u>, 997 F.2d 1039 (3d Cir. 1993); <u>Credit Suisse v. Larry Lattig, et al.</u>, Case No. 17-01193 (B.A.P. 9th Cir.); <u>In re: Fairfield Sentry Limited, et al.</u>, Case No. 21-cv-04003 (U.S. Dist. Ct., S.D.N.Y.); and <u>Canyon Bridge Fund I, LP v. Wave Computing, Inc.</u>, Case No. 21-cv-01512 (U.S. Dist. Ct., N.D. Cal.). The extensive knowledge and expertise of Sidley's attorneys concerning not only appellate issues, but bankruptcy appellate issues will materially facilitate effective representation of the Trustee in the Bankruptcy Appeals.

17. The Trustee anticipates that the professional services that Sidley will provide will include representing and advising the Trustee, in concert with the Trustee's general counsel, special litigation counsel and other professionals, with respect to any matter related to the Bankruptcy Appeal, including developing strategy, conducting analysis, drafting briefs and, if necessary, arguing the appeal. In addition, Sidley will coordinate advising the Trustee's general counsel, the Bankruptcy Court and District Court as to the status of the Bankruptcy Appeal and coordinate with additional counsel to the Trustee as needed. Sidley will perform all other necessary or appropriate legal services in connection with the Bankruptcy Appeal. Sidley shall be the sole counsel to the Trustee appearing before the Second Circuit Court of Appeals in connection with the Bankruptcy Appeal. However, Sidley shall rely upon the Trustee's existing counsel with

5

respect to understanding the appellate record as it relates to the legal issues in the Bankruptcy Appeal. Finally, the Bankruptcy Appeal shall be primarily handled by attorneys in the Washington D.C. office of Sidley.

18. The Trustee requires knowledgeable appellate counsel to render these critical professional services, and, as described in the Phillips Declaration, Sidley has substantial expertise in these areas. Subject to the Court's approval of this Application, Sidley has stated its desire and willingness to act in this appeal and render the necessary professional services as special appellate counsel for the Trustee, and the Trustee believes that the retention and employment of Sidley to provide the services described above is warranted.

**B.    No Duplication of Services**

19. The Trustee may also file further applications to employ additional counsel in these chapter 7 cases for particular purposes. The Trustee, Sidley, and the other restructuring professionals have fully discussed Sidley's role in these chapter 7 cases and Bankruptcy Appeal so as to avoid duplication of work. Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Trustee's attorneys and other professionals will promote the efficient prosecution and effective administration of the chapter 7 cases and the Bankruptcy Appeal. Sidley has agreed to make reasonable efforts to avoid duplication of services by any other professionals employed by the Trustee. As stated herein, Sidley shall be the sole appellate counsel to the Trustee in connection with the Bankruptcy Appeal before the Second Circuit Court of Appeals.

**C.    Sidley's Professional Compensation**

20. Sidley intends to apply to the Court for allowance of compensation earned for professional services and reimbursement of expenses incurred in connection with these chapter 7

cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and Orders of the Court.

21. Sidley will charge the Trustee for its legal services on an hourly basis at its ordinary and customary rates in effect on the date that such services are rendered and for reimbursement of all costs and expenses incurred by Sidley in connection with its representation of the Trustee. Sidley's billing rates for attorneys who may work on this matter currently range from $650 to $1,800 per hour for attorneys and from $375 to $390 for paraprofessionals. The following attorneys are presently expected to have primary responsibility for providing services to the Trustee (hourly billing rates noted in parenthesis): Carter G. Phillips, Esq. ($1,800); William R. Levi, Esq. ($1,250); and an associate attorney ($895).

22. Sidley's hourly rates are set at a level designed to fairly compensate Sidley for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. These hourly rates vary with the experience and seniority of each professional and are subject to periodic adjustments to reflect economic and other conditions, with the hourly rate charged being the hourly rate in effect on the date that the services are performed.[2]

23. In addition to the hourly rates set forth above, Sidley customarily charges its clients for the variable costs and expenses incurred in connection with its services, including mail and express mail charges, special- and hand-delivery charges, photocopying charges, travel expenses,

---

[2] For example, like many of its peer law firms, Sidley increases the hourly billing rate of attorneys and paraprofessionals annually in the form of (a) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as that term is used in the U.S. Trustee Guidelines).

transcription costs, expenses for "working meals," computerized research costs, and charges and fees of outside vendors and service providers.

24. The Trustee requires knowledgeable counsel to render these critical professional services, and, as described in the Phillips Declaration, Sidley has substantial expertise and extensive historical knowledge of the factual and legal issues that the Trustee will need to address in the Bankruptcy Appeal. Subject to the Court's approval of this Application, Sidley is willing to serve as special appellate counsel for the Trustee and to perform the services described above.

**D.** **No Adverse Interest**

25. Except as set forth in the Phillips Declaration, Sidley, to the best of the Trustee's knowledge, information, and belief, (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not represent or hold any interest adverse to the Trustee, the Debtors or the Debtors' estates and (b) has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Phillips Declaration.

26. Sidley has agreed with the Trustee not to represent any such creditors or parties in interest in these chapter 7 cases in any matters adverse to the Debtors. Additionally, Sidley has informed the Trustee that it will conduct an ongoing review of its files to ensure that it continues to neither represent nor hold any interests adverse to the Debtors or their estates with respect to the matters on which Sidley is to be employed pursuant to this Application.

## BASIS FOR RELIEF

27. Bankruptcy Code section 327(a) provides that a trustee, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a). A "disinterested person" is a person that

(a) is not a creditor, an equity security holder, or an insider of the debtor; (b) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (c) does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

28. The phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtor's case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . . ." In re Woodworkers Warehouse, Inc., 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of section 327, a trustee is entitled to the counsel of their choosing. In re Vouzianas, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

29. Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014. Additionally, Local Rule 2014-1 requires that an application seeking to employ a professional under section 327 of the Bankruptcy Code "must state the specific facts showing the reasonableness of the terms and conditions of the employment, including the terms of any retainer, hourly fee or contingent fee arrangement." S.D.N.Y. LBR 2014-1.

9

30. The Trustee submits that for all of the reasons stated above and in the Phillips Declaration, Sidley's services are necessary to the successful prosecution of the Bankruptcy Appeal. Based upon both its extensive experience and expertise, Sidley is both well qualified and uniquely able to represent the Trustee and the Debtors' estates with respect to the Bankruptcy Appeal in an efficient and expert manner. Further, Sidley is a "disinterested person" as required by section 327(a) of the Bankruptcy Code, does not hold or represent an interest adverse to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Phillips Declaration.

31. Accordingly, the Trustee submits that the retention of Sidley is in the best interests of the Debtors' estates and their creditors and should be approved by the Court.

32. No prior request for relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief the Court may deem just and proper.

Dated: December 29, 2021
      Wantagh, New York

Respectfully submitted,

*s/ Salvatore LaMonica*
Salvatore LaMonica, solely in his Capacity as the Chapter 7 Trustee