# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.

                Debtors.
-----------------------------------------------------------------x

Chapter 7
Case No. 16-10407 (DSJ)
(Jointly Administered)

### ORDER APPROVING THE RETENTION OF SIDLEY AUSTIN LLP, AS SPECIAL APPELLATE COUNSEL FOR THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C §§ 327(a) AND 328(a)

Upon the application ("Application")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc., TransCare Harford County, Inc., TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), seeking the entry of an Order of this Court, pursuant to 11 U.S.C. §§ 327(a) and 328(a) ("Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), approving the retention of Sidley Austin LLP ("Sidley"), as the Trustee's special appellate counsel; and upon the Declaration of Carter G. Phillips, Esq., a Partner of Sidley ("Phillips Declaration"); and the Court having subject matter jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. § 1408; and

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application.

the Court having reviewed the Application and the Phillips Declaration; and the legal and factual bases set forth in the Application having established just cause therefor; and the Court being satisfied based on the representations made in the Application; and that Sidley is disinterested and does not represent or hold any interest that is adverse to the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent provided herein; and, it is further

ORDERED, that the retention of Sidley as special appellate counsel to the Trustee in accordance with Bankruptcy Code sections 327(a) and 328(a), on the terms set forth in the Application and the Phillips Declaration, is hereby approved; and, it is further

ORDERED, that Sidley shall be retained solely as special appellate counsel to assist the Trustee in connection with the Bankruptcty Appeal; and, it is further,

ORDERED, that if Sidley Austin LLP choses to utilize attorneys from its member partnerships, then Sidley Austin LLP shall file a supplemental declaration with the Court and there shall be no mark up in the rates charged for any attorneys associated with these member partnerships; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further,

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and, it is further

ORDERED, that Sidley shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and, it is further

ORDERED, that prior to any increases in Sidley's rates for any individual employed by Sidley and providing services in this case, Sidley shall file a supplemental affidavit with the Bankruptcy Court and provide ten (10) business days' notice to the Debtors and the United States Trustee Office. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

Dated: New York, New York
January 3, 2022

                                                    _s/ David S. Jones_
                                                    Honorable David S. Jones
                                                    United States Bankruptcy Judge

NO OBJECTION:
William K. Harrington
United States Trustee for Region 2

By    _/s/ Andrea B. Schwartz_
        Andrea B. Schwartz, Esq. Trial Attorney