UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, <u>et al</u>.

Chapter 7
Case No. 16-10407 (DSJ)
(Jointly Administered)

Debtors.
-----------------------------------------------------------------x

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **Ankura Trust Company, LLC**<br>Name of Transferee | **Patriarch Partners Agency Services, LLC**<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>Ankura Trust Co., LLC,<br>140 Sherman Street, 4th Floor<br>Fairfield, CT 06824<br>attn. Krista Gulalo<br>Phone: 203-319-6900<br>Last Four Digits of Acct #: <u>N/A</u> | Court Claim # (if known): see Schedule 1 attached<br>Portion of Claim Transferred: see Schedule 2 attached<br><br>Date Claim Filed: October 9, 2017<br><br>Phone: 646-723-7637<br>Last Four Digits of Acct #: <u>N/A</u> |

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct #: <u>N/A</u>

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: 11/2/22
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 35

# EVIDENCE OF TRANSFER OF CLAIM

## TransCare Corporation, *et al.*

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which Patriarch Partners Agency Services, LLC ("Transferor") and Ankura Trust Company, LLC ("Transferee") have acknowledged through a separate Letter Agreement, dated as of October 31, 2022, between such parties (the "Letter Agreement"), Transferor unconditionally and irrevocably transfers, sells, conveys, and delivers to Transferee all of Transferor's rights, title, benefits, and interests in and to, or arising under or in connection with, the portion of the claims associated with the proofs of claim identified in Schedule I hereto that Transferor filed against each of the debtors (collectively, the "Debtors") in the jointly administered cases pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under lead Case No. No. 16-10407, which are attributable to or otherwise associated with the loans currently held by Phoenix II Recovery, LLC and Phoenix III Recovery, LLC (collectively, the "Asset Recovery Entities" and, such loans, the "Zohar Loans") as identified in Schedule II (the "Transferred Claims"), in each case, subject to the terms and conditions of the Letter Agreement.

The Asset Recovery Entities now own the Zohar Loans that were previously owned by Zohar CDO 2003-1, Limited, Zohar II 2005-1, Limited, and Zohar III, Limited (collectively, the "Zohar Lenders") pursuant to the transactions approved in the joint plan of liquidation confirmed by the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). *See Zohar III, Corp.*, Case No. 18-10512 (Bankr. D. Del. August 2, 2022), *Fourth Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors* [ECF No. 3474] (the "Zohar Plan").

On March 19, 2019, Delaware Bankruptcy Court appointed Transferee to replace Transferor as the new administrative agent with respect to the Zohar Lenders' loans to TransCare Corporation through a final order entered in the Zohar Lenders' chapter 11 cases. *See Zohar III, Corp.*, Case No. 18-10512 (Bankr. D. Del. March 19, 2019), *Order (I) Authorizing the Appointment of Ankura Trust Company, LLC as New Agent Under the Court-Approved Settlement Agreement by and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class And (II) Granting Related Relief* [ECF No. 709] (the "Ankura Appointment Order"). Before Transferee's appointment to replace Transferor as the administrative agent with respect to the Zohar Lenders' loans to TransCare Corporation, Transferor filed proofs of claims against the Debtors, not only on behalf of itself but also as the administrative agent on behalf of various lenders in connection with their respective claims under the governing term loan agreement, including the claims held by the Zohar Lenders. As it relates to the Zohar Loans, Transferor asserted the Transferred Claims in an agency capacity and not as the actual owner or holder of the Zohar Loans. Transferee is an independent administrative agent and is not affiliated with Transferor. The Ankura Appointment Order and a separate order entered

by the Delaware Bankruptcy Court[1] require that Transferor transition agency matters relating to the Zohar Lenders to Transferee. Transferee continues to serve as administrative agent for the Asset Recovery Entities with respect to the Zohar Loans following the effective date of the Zohar Plan. Accordingly, in furtherance of the agency transition ordered by the Delaware Bankruptcy Court, Transferee and Transferor entered into the Letter Agreement with respect to the Transferred Rights.

Transferor hereby transfers, sells, conveys, and delivers to Transferee all of its rights, title, benefits, and interests in and to (a) the Transferred Claims, (b) all agreements and other documents evidencing or relating to the Transferred Claims, (c) all actions, causes of action, proceedings, controversies, claims, and any rights to receive all payments in respect thereof, lawsuits, and rights of any nature whatsoever, whether against any Debtor or any other person or entity arising out of or in connection with any Transferred Claims, (d) all of Transferor's rights to receive principal, interest, fees, expenses, damages, penalties or other amounts in respect of the Transferred Claims, (e) Transferor's rights to receive any cash, securities, instruments, proceeds, or other property issued in respect of, or exchanged in return for, any of the foregoing, and (f) all proceeds of the foregoing (the foregoing subparagraphs (a) through (f), collectively the "Transferred Rights"), in each case without recourse or representation. Transferee hereby accepts the Transferred Rights as of the date hereof but, for the avoidance of doubt, is not assuming any obligation or liability of Transferor or any other person or entity relating to the Transferred Rights or otherwise.

Transferor hereby waives any objection to the transfer of the Transferred Rights to Transferee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules, or applicable law. Transferor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring to Transferee the Transferred Rights, recognizing Transferee as the sole owner and holder of the Transferred Rights, and directing that all payments or distributions of money or property in respect of the Transferred Rights be delivered or made to Transferee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIMS is executed this November 2, 2022.

**TRANSFEROR**
Patriarch Partners Agency Services, LLC

By: _____
Name: Lynn Tilton
Title: Manager

---

[1] *See Zohar III, Corp.*, Case No. 18-10512 (Bankr. D. Del. May 21, 2018), *Order Approving and Authorizing the Settlement Agreement by and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* [ECF No. 266].

**TRANSFEREE**

By: _____/s/ Ryan M. Roy_____
Name: Ryan M. Roy
Title: Senior Managing Director

## Schedule I

## THE CLAIMS

| Debtor | Case Number | Proof of Claim Number |
|---|---|---|
| TransCare Corporation | 16-10407 | 584 |
| TransCare New York, Inc. | 16-10408 | 73 |
| TransCare ML, Inc. | 16-10409 | 12 |
| TC Ambulance Group, Inc. | 16-10410 | 6 |
| TransCare Management Services, Inc. | 16-10411 | 7 |
| TCBA Ambulance, Inc. | 16-10412 | 6 |
| TC Billing and Services Corporation | 16-10413 | 29 |
| TransCare Westchester, Inc. | 16-10414 | 9 |
| TransCare Maryland, Inc. | 16-10415 | 21 |
| TC Ambulance North, Inc. | 16-10416 | 6 |
| TransCare Harford County, Inc. | 16-10417 | 12 |
| TransCare Pennsylvania, Inc. | 16-11057 | 16 |
| TC Ambulance Corporation | 16-11058 | 6 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 16 |

# Schedule II

## TRANSFERRED CLAIMS

The Transferred Claims consist of any and all loans held by the Asset Recovery Entities pursuant to the Credit Agreement, dated as of August 4, 2003 (as amended, restated, supplemented, or otherwise modified from time to time), among TransCare Corporation, the financial institutions and other investors from time to time party thereto as lenders and Patriarch Partners Agency Services, LLC as administrative agent, including, but not limited to, the loans identified below and any and all interest, fees, expenses, and other amounts accrued thereon.

| Facility | Phoenix II Recovery, LLC and Phoenix III Recovery, LLC (loans formerly held by Zohar CDO 2003-1, Limited) | Phoenix II Recovery, LLC (loans formerly held by Zohar II 2005-1, Limited) | Phoenix III Recovery, LLC (loans formerly held by Zohar III, Limited) |
|---|---|---|---|
| Term Loan A | | | $15,584,129.76 |
| Term Loan B | $3,500,000.00 | | |
| Term Loan D | | | $2,961,052.63 |
| Term Loan E | | $850,000.00 | |
| Delayed Draw Term Loan F | | | $2,000,000.00 |
| Delayed Draw Term Loan F.F. | | | $1,499,960.00 |
| Revolving Credit A Loan | | | $2,500,000.00 |
| Term Loan G | | $4,150,000.00 | |
| Term Loan H | $5,405.40 | $13,942.90 | $79,400.35 |