**SIDLEY AUSTIN LLP**
*Special Appellate Counsel for Salvatore Lamonica, as Chapter 7 Trustee*
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8200
Carter G. Phillips
William R. Levi
Aaron P. Haviland

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, et al.

                Debtors.
---------------------------------------------------------------x

Chapter 7
Case No. 16-10407 (DSJ)
(Jointly Administered)

**SUMMARY SHEET FOR FINAL APPLICATION OF SIDLEY AUSTIN LLP, SPECIAL APPELLATE COUNSEL FOR SALVATORE LAMONICA, THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF FULL PERMITTED AMOUNT FOR HOURLY COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2022, THROUGH NOVEMBER 20, 2023**

| | |
|---|---|
| Name of Applicant | Sidley Austin LLP |
| Authorized to Provide Services For: | Chapter 7 Trustee |
| Retention Date: | January 3, 2022 [Dkt. No. 716] |
| Prior Applications: | August 16, 2022 [Dkt. No. 727] |
| Time Period Covered by this Application: | April 1, 2022, through November 20, 2023 |

**This is a final application.**

| Total Fees Requested for Compensation Period: | |
|---|---|
| Amount of Compensation Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $1,125,898.50 |
| *Total Expenses Requested for Compensation Period:* | |
| Amount of Out-of-Pocket Expense Reimbursement Sought as Actual, Reasonable, and Necessary for the Compensation Period: | $19,664.24 |
| *Total Fees and Expenses Allowed Pursuant to Prior Applications:* | |
| Total Allowed Compensation Paid to Date: | $283,892.00 |
| Total Allowed Expenses Paid to Date: | $16,410.01 |
| Total Allowed Compensation and Expenses Paid to Date: | $300,302.01 |
| *Summary of Rates and Other Related Information:* | |
| Total Hours for All Timekeepers: | 952.3 |
| Number of Timekeepers Included in this Application: | 7 |
| Total Hours for All Attorneys | 905.7 |
| Number of Attorneys Included in this Application: | 4 |

**COMPENSATION BY PROFESSIONAL**

| Name of Professional, Title, Role in Case | Year Admitted in Second Circuit | Hours Billed | Rate | Total Billed |
|---|---|---|---|---|
| Carter G. Phillips Partner | 1991 | 201.8 | $1,800.00 | $363,240.00 |
| William R. Levi Partner (2022) | 2022 | 172.0 | $1,250.00 | $215,000.00 |
| William R. Levi Partner (2023) | 2022 | 71.6 | $1,350.00 | $96,660.00 |
| Aaron P. Haviland Associate (2022) | 2022 | 339.6 | $895.00 | $303,942.00 |
| Aaron P. Haviland Associate (2023) | 2022 | 114.2 | $1,060.00 | $121,052.00 |
| Michael Sabino Associate (2022) | N/A | 5.2 | $990.00 | $5,148.00 |
| Michael Sabino Associate (2023) | N/A | 1.3 | $1,125.00 | $1,462.50 |
| TOTAL BILLED | | 905.7 | | $1,106,504.50 |

## COMPENSATION BY PARA-PROFESSIONAL

| Name of Para-Professional | Hours Billed | Rate | Total Billed |
|---|---|---|---|
| John Meehan (2022) Paralegal | 29.6 | $435.00 | $12,876.00 |
| John Meehan (2023) Paralegal | 2.3 | $490.00 | $1,127.00 |
| Eileen A. McDonnell-O'Driscoll Paralegal | 3.9 | $510.00 | $1,989.00 |
| Danielle DeVillier Paralegal | 10.8 | $315.00 | $3,402.00 |

## EXPENSE SUMMARY

| **Expense Category** | **Total Amount** |
|---|---|
| Document Delivery Services | $182.87 |
| Document Production | $150.00 |
| Document Services | $987.50 |
| Duplicating Charges | $835.41 |
| Filing Fees | $618.00 |
| Ground Transportation | $502.61 |
| Legal Support Services | $175.50 |
| Meals | $141.78 |
| Meals – Out of Town | $109.78 |
| Pacer – Docket | $19.20 |
| Travel/Lodging | $2,808.75 |
| Westlaw research services | $13,132.84 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

TRANSCARE CORPORATION, <u>et al</u>.

Debtors.
------------------------------------------------------------x

Chapter 7
Case No. 16-10407 (DSJ)
(Jointly Administered)

**FINAL APPLICATION OF SIDLEY AUSTIN LLP, SPECIAL APPELLATE COUNSEL FOR SALVATORE LAMONICA, THE CHAPTER 7 TRUSTEE, FOR ALLOWANCE OF FULL PERMITTED AMOUNT FOR HOURLY COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD APRIL 1, 2022, THROUGH NOVEMBER 20, 2023**

Carter G. Phillips, together with other members and associates at the law firm of Sidley Austin LLP ("Sidley Austin"), special appellate counsel for Salvatore LaMonica (the "Trustee"), Chapter 7 Trustee of the jointly administered estates of TransCare Corporation; TransCare New York, Inc.; TransCare ML, Inc.; TC Ambulance Group, Inc.; TransCare Management Services, Inc.; TCBA Ambulance, Inc.; TC Billing and Services Corporation; TransCare Westchester, Inc.; TransCare Maryland, Inc.; TC Ambulance North, Inc.; TransCare Harford County, Inc.; TransCare Pennsylvania, Inc.; TC Ambulance Corporation; and TC Hudson Valley Ambulance Corp. (collectively, the "<u>Debtors</u>"), as and for its final application (the "Application") for entry of an Order, pursuant to 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York, allowing final compensation for services rendered and reimbursement of expenses for the period of April 1, 2022, through November 20, 2023, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of these cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. § 330 (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## PROCEDURAL BACKGROUND

4. On February 24, 2016 ("the Petition Date"), eleven of the fourteen Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in this Court. On April 25, 2016, Debtors TransCare Pennsylvania, Inc., TC Ambulance Corporation, and TC Hudson Valley Ambulance Corp. filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code in the United State Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

5. On February 25, 2016, Salvatore LaMonica was appointed as the interim Chapter 7 Trustee in each of the Debtors' cases, has since duly qualified, and is now the permanent Trustee of the Debtors' estates. The Debtors' cases are being jointly administered in accordance with orders of this Court [Dkt. No. 9 in Case No. 16-10407; Dkt. No. 26 in Case No. 16-11057; Dkt. No. 37 in Case No. 16-11058; Dkt. No. 38 in Case No. 16-11059].

6. By Order dated January 3, 2022 (the "Employment Order") [Dkt. No. 716 in Case No. 16-10407], the Court approved the employment of Applicant as special appellate counsel for the Trustee for the purpose of representing the Trustee in an appeal to the U.S. Court of Appeals for the Second Circuit (the "Court of Appeals"). A copy of the Employment Order is annexed as Exhibit A.

7. By Amended Order dated October 7, 2022 [Dkt. No. 738 in Case No. 16-10407], the Bankruptcy Court approved Applicant's First Application for Allowance of Interim Compensation and Reimbursement of Expenses [Dkt. No. 727 in Case No. 16-10407]. Applicant was awarded payment of $283,892.00 in hourly fees and $16,410.01 in expenses.

8. On August 28, 2023, the Court of Appeals issued its opinion in this matter.

9. On October 27, 2023, the Court of Appeals issued its order denying the appellants' Petition for Panel Rehearing and Rehearing En Banc.

10. On November 8, 2023, the Court of Appeals issued its mandate, returning jurisdiction over this matter to the U.S. District Court for the Southern District of New York (the "District Court").

## RELIEF REQUESTED

11. By this Application, Applicant seeks: (i) an allowance of final compensation for legal services rendered as special counsel to the Trustee for the period April 1, 2022, through November 20, 2023 (the "Compensation Period") in the amount of $1,125,898.50 (the "Fee Request") representing 952.3 hours in professional services, and (ii) reimbursement of actual and necessary expenses incurred during the Compensation Period in the amount of $19,664.24 (the "Expense Request" and, together with the Fee Request, the "Request").

12. This is Applicant's second and final application for allowance of fees and expenses in connection with its representation of the Trustee as special counsel. All of the services for which interim compensation is sought herein were rendered for and on behalf of the Trustee and not on behalf of any other person or entity.

## BASIS FOR COMPENSATION

13. Applicant maintains written records of time spent by attorneys performing legal services on behalf of the Trustee. Such time records are made contemporaneously with the rendering of services by the person rendering such services and in the ordinary course of the Applicant's practice. The records reflect the name of the attorney or paraprofessional, the date on which the services were performed, the services rendered and the amount of time spent performing the services during the Compensation Period. Copies of Applicant's time records are included in the invoices that are annexed as Exhibits B through P. Included in Applicant's time records is a list of the attorneys who worked on this case during the Compensation Period, the aggregate time spent, current hourly billing rates and the value of the total time expended. The Trustee has reviewed the time entries as well as this Fee Application, and has approved Applicant's requested fees and expenses.

14. Applicant also maintains records of all actual and necessary out-of-pocket expenses it incurs. Schedules reflecting the categories of expenses and amounts for which reimbursement is requested are included in the invoices that are annexed as Exhibits B through P.

**SUMMARY OF SERVICES RENDERED**

15. The legal services performed by Sidley Austin on behalf of the Trustee during the time period covered by this Application are set forth below.

**I.     Trustee's Answering Brief (April–June 2022) (402.7 hours/$453,810.50)**

16. Lynn Tilton and her investment companies (the "Appellants") filed their opening brief in the Court of Appeals on March 29, 2022. For the appeal, they were represented by Mark A. Perry, a veteran Supreme Court advocate who is recognized as one of the leading appellate attorneys in the country. The opening brief was 63 pages long and contained numerous, complex

4

legal arguments that challenged the Bankruptcy and District Courts' determinations as to both liability and damages.

17. Over the next three months, Sidley Austin familiarized itself with the case; studied the voluminous record citations and legal arguments in the Appellants' opening brief; outlined responses to each of the arguments; and drafted and revised the Trustee's answering brief. Sidley Austin filed the answering brief, consisting of 70 pages, on June 28, 2022.

18. During this period, Sidley Austin regularly communicated with the Trustee and his trial counsel about the status of the answering brief, as well as other matters related to the appeal.

## II. Oral Argument and Preparation (July–December 2022) (312.5 hours/$381,964.50)

19. After filing the answering brief, Sidley Austin began preparing for the oral argument in this appeal. This involved drafting research memos on specific topics likely to be raised by the Court of Appeals. After the Appellants filed their reply brief on August 2, 2022, indicating the issues that they were most likely to focus on at the oral argument, Sidley Austin outlined responses to the factual and legal arguments made in that brief.

20. After the Appellants filed their reply brief, the Court of Appeals scheduled the oral argument for December 16, 2022, in New York, NY. Sidley Austin continued its preparation through standard Q&A and moot sessions. On December 13, 2022, Sidley Austin participated in a final prep session and conference call with the Trustee and the trial counsel.

21. Three Sidley Austin attorneys—Carter Phillips, Will Levi, and Aaron Haviland—traveled to New York to appear in person at the oral argument on December 16, 2023. Carter Phillips argued on behalf of the Trustee. The Appellants were represented by Mark Perry, who, as noted above, is a highly skilled and seasoned appellate advocate. The Court of Appeals panel

5

consisted of Circuit Judges Steven Menashi, Alison Nathan, and Sarah A. L. Merriam. Both sides were allotted 20 minutes for argument.

22. During this period, Sidley Austin regularly communicated with the Trustee and the trial counsel about the Appellants' reply brief, the preparation for the oral argument, and other matters related to the appeal.

### III. Supplemental Briefing (January–March 2023) (179.1 hours/$209,218.00)

23. On January 24, 2023, the Court of Appeals ordered the parties to file five-page supplemental letter briefs addressing: (1) whether the damages awards resulted in a double recovery to the Trustee for the value of the Certificates of Need ("CONs"); (2) whether the damages awards should have been offset by the liquidation value of the CONs; and (3) whether the Appellants forfeited any argument about double-counting the value of the CONs by failing to raise the issue before either the Bankruptcy Court, the District Court, or the Court of Appeals. The deadline for the Appellants' brief was February 21, 2023, and the deadline for the Trustee's brief was February 27, 2023.

24. Sidley Austin immediately began outlining and drafting the Trustee's supplemental letter brief, which required significant additional research into the damages expert's report and other aspects of the record in order to answer the questions posed by the Court of Appeals. After the Appellants filed their brief on February 21, Sidley Austin revised the Trustee's brief to respond to the specific record and legal citations in the Appellants' brief. Sidley Austin finalized and filed the Trustee's supplemental letter brief on February 27, 2023.

25. During this period, Sidley Austin frequently communicated with the Trustee and the trial counsel about the supplemental letter brief, including extensive discussions about the damages expert's report, as well as other matters related to the appeal.

**IV.     The Court's Opinion (August 2023) (20.9 hours/$27,476.50)**

26.     The Court of Appeals published its opinion in this matter on August 28, 2023. *See In re TransCare Corp.*, 81 F.4th 37 (2d Cir. 2023). It affirmed the judgments of the District Court in their entirety, including the award of damages. Judge Menashi joined the opinion with regard to the Appellants' liability and dissented in part on the narrow ground that he would have deducted $1.9 million from the damages award based on the apparent double-counting of the CONs. The majority opinion, however, concluded that the Appellants had forfeited the issue by failing to raise it before the Bankruptcy Court, the District Court, and the Court of Appeals.

27.     Sidley Austin consulted with the Trustee on the opinion and the next steps forward, including the likelihood that the Appellants would seek rehearing en banc and the possibility of settling the dispute to avoid the rehearing process.

**V.      The Petition for Rehearing and Collecting on the Judgment (September–November 2023) (37.1 hours/$53,429.00)**

28.     After obtaining a 30-day extension of the deadline to ask for rehearing, the Appellants filed a Petition for Panel Rehearing and Rehearing En Banc on October 11, 2023. Sidley Austin studied the arguments made in the petition and consulted with the Trustee on the likelihood that the Court of Appeals would ask the Trustee to file a response.

29.     On October 27, 2023, the Court unanimously denied the Petition for Panel Rehearing and Rehearing En Banc, without asking the Trustee for a response. The Court of Appeals issued its mandate on November 8, 2023.

30.     Following the issuance of the mandate, Sidley Austin conferred with the Trustee and the trial counsel on the next steps for collecting on the judgment. The Appellants' counsel argued that the Trustee was required to consult with Lynn Tilton before collecting on the

7

supersedeas bond. Sidley Austin researched this claim and found no legal support for it. Accordingly, on November 13, 2023, the Trustee moved for an order in the District Court to enforce the liability of the bond company. On November 16, 2023, the District Court ordered the bond company to pay the Trustee $51,794,847.07, the judgment amount plus accrued interest, no later than November 29, 2023. That order was complied with by the bond company and the Trustee has received the full amount of the judgment.

## BASIS FOR RELIEF REQUESTED

31. Applicant respectfully submits that, in light of the applicable statutory provisions and case law, an examination of the specific services rendered on behalf of the Trustee during the Compensation Period demonstrates that this Application should be granted.

**I.     The Request for a Final Compensation Should Be Approved**

32. Pursuant to Bankruptcy Code § 330, after notice and a hearing the Bankruptcy Court may award a professional person employed under Bankruptcy Code § 327 "(A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). The statute further provides:

> In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A)     the time spent on such services;
>
> (B)     the rates charges for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

8

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

33. To determine whether an allowance of compensation and reimbursement of expenses is warranted under Bankruptcy Code § 330, the Court must inquire into the following three general areas:

a. Are the services that are the subject of the application properly compensable legal services?

b. If so, were they necessary and is the performance of necessary tasks adequately documented?

c. If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

*In re Navis Realty, Inc.*, 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citations omitted); *see In re Poseidon Pools of Am.*, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary").

### A. Properly Compensable Legal Services

34. The services rendered by Applicant during the Compensation Period, as outlined herein, were legal services and are properly compensable as such. In making this determination, "the threshold question should be whether the services performed were those which one not

licensed to practice law could properly perform for another for compensation." *In re Shades of Beauty, Inc.*, 56 B.R. 946, 949 (Bankr. E.D.N.Y. 1986), *aff'd in part*, 95 B.R. 17 (E.D.N.Y. 1988).

35. Applicant performed legal services relating to discrete legal tasks on behalf of the Trustee. The services for which Applicant seeks compensation "are not those generally performed by a trustee without the assistance of an attorney." *In re Minton Group, Inc.*, 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

### B. Necessary and Actual Services

36. Applicant submits that the legal services it performed were also "actual" and "necessary" within the meaning of Bankruptcy Code § 330(a)(1). *See* 11 U.S.C. § 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); *see also In re Wildman*, 72 B.R. 700, 707–08 (Bankr. N.D. Ill. 1987) ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary." (citation omitted)). As the detailed Time Records indicate, Applicant "actually" performed the legal services for which it is now seeking compensation. *See In re Wildman*, 72 B.R. at 707; *In re Shades of Beauty, Inc.*, 56 B.R. at 950.

37. It is incumbent on the attorney seeking compensation to prove the necessity of his or her services by addressing such issues as: (a) the cost of the legal services in relation to the size of the estate and maximum probable recovery; (b) the extent the estate will suffer if the services are not rendered; and (c) the extent the estate may benefit if the services are rendered and the likelihood of the disputed issues being resolved successfully. *See In re Wildman*, 72 B.R. at 707; *In re Shades of Beauty, Inc.*, 56 B.R. at 950. Here, all of the services performed by Applicant were necessary and beneficial to the Trustee.

38. Based on the above, as well as the detailed time records annexed to this Application, Applicant respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Trustee during the Compensation Period were rendered and that such services were "actual" and "necessary".

### C. Value of Services/Extent of Compensation

39. In determining the value of legal services and the extent of compensation, this Court should consider: whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and, the cost of comparable services performed in non-bankruptcy cases. *See* 11 U.S.C. § 330(a)(3)(A)–(F). Legal services for which a firm seeks compensation should be judged by a "standard of economy", which rewards attorneys for efficiency. *In re Shades of Beauty, Inc.*, 56 B.R. at 951.

40. Applicant submits that the Fee Request is the customary compensation charged by comparably skilled practitioners. Applicant has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. To that end, Applicant endeavored to eliminate duplication of efforts by giving responsibility for the day-to-day conduct of the case to three attorneys and involving other attorneys and para-professionals only when necessary. Applicant respectfully submits that the Request is reasonable. *See In re Wiedau's, Inc.*, 78 B.R. 904, 909 (Bankr. N.D. Ill. 1987) (citing a variety of factors applied in determining "reasonableness of the number of hours and the hourly rate," including: the time and labor required; the skill necessary to perform the legal services properly; the preclusion of other employment by the attorney due to the case; time limitations imposed by circumstances; and the

11

experience, reputation and ability of the attorney); *see also In re Shades of Beauty, Inc.*, 56 B.R. at 951.

## II. Reimbursement of Expenses

41. It is respectfully submitted that the Court should also allow Applicant reimbursement for its expenses in the amount of $19,664.24. *See In re Poseidon Pools*, 216 B.R. at 101 ("Bankruptcy Courts . . . often allow reimbursement of expenses[.]").

42. The charges for which Applicant seeks reimbursement are not included in Applicant's overhead and are attributable to Applicant's work for the Trustee, and none of the charges for which Applicant seeks reimbursement are being charged above cost to Applicant. Accordingly, allowing such reimbursement will not result in an "estate [being] unnecessarily burdened, and a law firm undeservedly benefitted." *See In re Croton River Club, Inc.*, 162 B.R. 656, 662 (Bankr. S.D.N.Y. 1993). Rather, Applicant is asking only to be reimbursed for the actual out-of-pocket expenses incurred in its representation of the Trustee with respect to administration of this bankruptcy estate. On that basis, reimbursement for the requested expenses is appropriate and should be allowed.

## CONCLUSION

43. Applicant submits that the services it performed during the Compensation Period for the Debtors were comprehensive, economical, and necessary.

44. No agreement or understanding exists between Applicant and any other person for the sharing of compensation received for services rendered in connection with the representation of the Trustee.

45. No division of compensation will be made by Applicant and no action prohibited by Bankruptcy Code § 504 has been made or will be made by Applicant.

46. Except as set forth above, no prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE**, Applicant respectfully requests entry of an order:

(a) awarding $1,125,898.50 as final compensation for Applicant's services rendered during the Compensation Period;

(b) allowing reimbursement of the Applicant's expenses in the amount of $19,664.24;

(c) authorizing payment of such compensation and expenses; and

(d) granting such other and further relief as this Court may deem just and proper.

Dated: January 9, 2024
       Washington, D.C.

**SIDLEY AUSTIN LLP**
*Special Appellate Counsel for Salvatore Lamonica, as Chapter 7 Trustee*

/s/ Carter G. Phillips
Carter G. Phillips
William R. Levi
Aaron P. Haviland
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000