**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| TRANSCARE CORPORATION, *et al.*, | Case No. 16-10407 (DSJ) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF THE STIPULATION AND ORDER BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND ARK INVESTMENT PARTNERS II, L.P. GRANTING AN ALLOWED CLAIM**

**PLEASE TAKE NOTICE** that on **Wednesday, September 17, 2025 at 10:00 a.m.**, Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the jointly administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, will present the annexed Stipulation and Order ("Stipulation") by and between the Trustee, on behalf of the estate, and Ark Investment Partners II, L.P. ("AIP II"), by and through their undersigned counsel, allowing the claim of AIP II as set forth in the Stipulation to the Honorable David S. Jones, United States Bankruptcy Court Judge, United States Bankruptcy Court, Southern District of New York ("Court"), One Bowling Green, Courtroom 701, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation must be in writing, conform with Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court, with a courtesy

1

copy to the Chambers of the Honorable David S. Jones, United States Bankruptcy Court Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., no later than **Wednesday, September 10, 2025 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

      **PLEASE TAKE FURTHER NOTICE** that if no objections to the Stipulation are filed by the Objection Deadline, the Court may so-Order the Stipulation annexed hereto.

      **PLEASE TAKE FURTHER NOTICE that if an objection is timely filed to the relief requested in the Stipulation, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the Trustee.**

Dated: August 26, 2025
      Wantagh, New York

                **LAMONICA HERBST & MANISCALCO, LLP**
                *Counsel to Salvatore LaMonica, Chapter 7 Trustee*

      By:    *s/ Gary F. Herbst*
             Gary F. Herbst, Esq.
             3305 Jerusalem Avenue, Suite 201
             Wantagh, New York 11793
             Telephone: 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| TRANSCARE CORPORATION, *et al.*, | Case No. 16-10407 (DSJ) |
| Debtors. | (Jointly Administered) |

## STIPULATION AND ORDER BY AND BETWEEN THE TRUSTEE AND ARK INVESTMENT PARTNERS II, L.P. GRANTING AN ALLOWED CLAIM

This *Stipulation and Order* (this "Stipulation") is made by and between Salvatore LaMonica, solely as the Chapter 7 Trustee (the "Trustee") of the jointly-administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, the "Debtors"), on the one hand, and Ark Investment Partners II, L.P. ("AIP II") on the other hand, acting by and through their undersigned counsel.

## RECITALS

A.      On February 24, 2016 and April 25, 2016, the Debtors filed for protection under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with this court (the "Court").

B.      As of the Petition Date, Patriarch Partners Agency Services, LLC ("PPAS") filed numerous claims against the Transcare Debtors asserting that each of the Debtors were liable on a senior secured term loan credit facility (the "TransCare Facility") in the amount of not less than

$45,090,492.76 under which (i) PPAS was the administrative agent, and (ii) AIP II and certain other parties were the secured lenders (collectively, the "TransCare Lenders").

  C.  As of the Petition Date, AIP II was owed no less than $2,917,226.53 on account of its participation in the Tranche A Term Loan of the TransCare Facility. Interest has continued to accrue on that amount pursuant to the terms of the TransCare Facility.

  D.  On October 9, 2017, PPAS filed the following secured claims on behalf of the TransCare Lenders in the amount of not less than $35,090,492.76 (the "Lender Claims"):

| Debtor | Case Number | Proof of Claim Number |
|---|---|---|
| TransCare Corporation | 16-10407 | 584 |
| TransCare New York, Inc. | 16-10408 | 73 |
| TransCare ML, Inc. | 16-10409 | 12 |
| TC Ambulance Group, Inc. | 16-10410 | 6 |
| TransCare Management Services, Inc. | 16-10411 | 7 |
| TCBA Ambulance, Inc. | 16-10412 | 6 |
| TC Billing and Services Corporation | 16-10413 | 29 |
| TransCare Westchester, Inc. | 16-10414 | 9 |
| TransCare Maryland, Inc. | 16-10415 | 21 |
| TC Ambulance North, Inc. | 16-10416 | 6 |
| TransCare Harford County, Inc. | 16-10417 | 12 |
| TransCare Pennsylvania, Inc. | 16-11057 | 16 |
| TC Ambulance Corporation | 16-11058 | 6 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 16 |

E.    The Parties have been in discussion regarding the allowance of the Lender Claims. To avoid the time and costs of litigating the various issues and disputes, the Parties have agreed to enter into this Stipulation, subject to approval by this Court.

## TERMS AND CONDITIONS

1.    AIP II shall have an allowed, non-priority general unsecured claims against each of the Debtors in the amount of $2,917,226.53, without any objection, reduction, deduction, or setoff, which shall be paid by the Trustee pro rata with all other non-priority, general unsecured claims at the same time such other claims are paid ("Allowed AIP II Claim").

2.    The Allowed AIP II Claim shall be allowed in the following amounts in the following estates:

| Debtor | Case Number | New Proof of Claim Number | Allowed Claim Amount |
|---|---|---|---|
| TransCare Corporation | 16-10407 | 675 | $2,917,226.53 |
| TransCare New York, Inc. | 16-10408 | 87 | $2,917,226.53 |
| TransCare ML, Inc. | 16-10409 | 19 | $2,917,226.53 |
| TC Ambulance Group, Inc. | 16-10410 | 12 | $2,917,226.53 |
| TransCare Management Services, Inc. | 16-10411 | 12 | $2,917,226.53 |
| TCBA Ambulance, Inc. | 16-10412 | 12 | $2,917,226.53 |
| TC Billing and Services Corporation | 16-10413 | 36 | $2,917,226.53 |
| TransCare Westchester, Inc. | 16-10414 | 16 | $2,917,226.53 |
| TransCare Maryland, Inc. | 16-10415 | 26 | $2,917,226.53 |
| TC Ambulance North, Inc. | 16-10416 | 12 | $2,917,226.53 |
| TransCare Harford County, Inc. | 16-10417 | 17 | $2,917,226.53 |
| TransCare Pennsylvania, Inc. | 16-11057 | 21 | $2,917,226.53 |
| TC Ambulance Corporation | 16-11058 | 14 | $2,917,226.53 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 24 | $2,917,226.53 |

3. AIP II shall be treated the same as the other TransCare Lenders in terms of allowance, priority, and distribution, including with respect to the allowance of post-petition interest. If and to the extent any of the other TransCare Lenders are allowed to recover post-petition interest, or are allowed a claim in a priority other than a non-priority, general unsecured claim, the Trustee shall provide notice to AIP II and AIP II shall be afforded the same treatment without the need for any additional litigation or action by the Court.

4. The Parties expressly agree and acknowledge that entry into this Stipulation shall not in any way constitute or be deemed to be an admission or concession by any Party as to any matter.

5. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, *provided that*, with respect to the Trustee, this Stipulation requires approval of this Court.

6. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

7. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

9.	This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

*[remainder of page intentionally left blank]*

This Stipulation shall not be effective until it is so ordered by this Court.

Dated: August 20, 2025
Wantagh, New York

LaMONICA HERBST & MANISCALCO, LLP

Gary Herbst, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

*Counsel to Salvatore LaMonica, as Trustee*

Dated: August 20, 2025
Washington, D.C.

Weil, Gotshal & Manges LLP

Mark A. Perry, Esq.
2001 M Street NW Suite # 600
Washington, D.C. 20036
Telephone: (202) 682-7000

*Counsel to Ark Investment Partners II, L.P.*

IT IS SO ORDERED:

-6-