UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br> TRANSCARE CORPORATION, *et al.*, <br> Debtors. | Chapter 11 <br> Case No. 16-10407 (DSJ) <br> (Jointly Administered) |

**NOTICE OF PRESENTMENT OF THE STIPULATION AND ORDER GRANTING
ANKURA ON BEHALF OF THE PHOENIX RECOVERY ENTITIES
<u>ALLOWED CLAIMS</u>**

**PLEASE TAKE NOTICE** that on <u>**Wednesday, September 17, 2025 at 10:00 a.m.**</u>, Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the jointly administered estates of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. (collectively, "<u>Debtors</u>"), by his counsel, LaMonica Herbst & Maniscalco, LLP, will present the annexed Stipulation and Order ("<u>Stipulation</u>") by and between the Trustee, on behalf of the estate, Ankura Trust Company, LLC, as the administrative agent under the TransCare Facility with respect to the Zohar Claims (in such capacity, "<u>Ankura</u>"), and the Phoenix Recovery Entities, as successors in interest to Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd., acting by and through their undersigned counsel, granting Anakura allowed claims as set forth in the Stipulation to the Honorable David S. Jones, United States Bankruptcy Court Judge, United States Bankruptcy Court, Southern District of New York ("<u>Court</u>"), One Bowling Green, Courtroom 701, New York, New York 10004-1408.

1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation must be in writing, conform with Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable David S. Jones, United States Bankruptcy Court Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., no later than **Wednesday, September 10, 2025 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Stipulation are filed by the Objection Deadline, the Court may so-Order the Stipulation annexed hereto.

**PLEASE TAKE FURTHER NOTICE that if an objection is timely filed to the relief requested in the Stipulation, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the Trustee.**

Dated: August 27, 2025
      Wantagh, New York

                                        **LAMONICA HERBST & MANISCALCO, LLP**
                                        *Counsel to Salvatore LaMonica, Chapter 7 Trustee*

By:    *s/ Gary F. Herbst*
          Gary F. Herbst, Esq.
          3305 Jerusalem Avenue, Suite 201
          Wantagh, New York 11793
          Telephone: 516.826.6500

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| TRANSCARE CORPORATION, *et al.*, | Case No. 16-10407 (DSJ) |
| Debtors. | (Jointly Administered) |

**STIPULATION AND ORDER GRANTING ANKURA ON BEHALF OF**
**THE PHOENIX RECOVERY ENTITIES ALLOWED CLAIMS**

This *Stipulation and Order Granting Ankura on Behalf of the Phoenix Recovery Entities Allowed Claims* (this "Stipulation") is made by and between Salvatore LaMonica, solely as the Chapter 7 Trustee (the "Trustee") of the jointly-administered estates (these "Chapter 7 Cases") of TransCare Corporation, TransCare New York, Inc., TransCare ML, Inc., TC Ambulance Group, Inc., TransCare Management Services, Inc., TCBA Ambulance, Inc., TC Billing and Services Corporation, TransCare Westchester, Inc., TransCare Maryland, Inc., TC Ambulance North, Inc. and TransCare Harford County, Inc. (collectively, the "Initial TransCare Debtors") and the Trustee of the estates of TransCare Pennsylvania, Inc., TC Ambulance Corporation and TC Hudson Valley Ambulance Corp. collectively, the "Subsequent TransCare Debtors", along with the Initial TransCare Debtors are collectively referred to herein as the "TransCare Debtors"), Ankura Trust Company, LLC, as the administrative agent under the TransCare Facility with respect to the Zohar Claims (in such capacity, "Ankura"), and the Phoenix Recovery Entities (defined below and together with the Trustee and Ankura, the "Parties"), as successors in interest to Zohar CDO 2003-1, Ltd., Zohar II 2005-1, Ltd., and Zohar III, Ltd. (collectively, the "Zohar Funds"), acting by and through their undersigned counsel.

31866821.12

# RECITALS

A. On February 24, 2016 and April 25, 2016 (together, the "Transcare Petition Date"), the TransCare Debtors filed for protection under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with this court (the "Court").

B. As of the TransCare Petition Date, the Transcare Debtors were liable on a senior secured term loan credit facility (the "TransCare Facility") in the amount of not less than $45,090,492.76 under which (i) Patriarch Partners Agency Services, LLC ("PPAS") was the administrative agent, and (ii) the Zohar Funds, Ark Investment Partners II, L.P. ("AIP"), Credit Suisse Alternative Capital, Inc. ("CS") and First Dominion Funding I ("FDF", and together with CS and AIP, the "Non-Zohar Lenders," and the Non-Zohar Lenders and the Zohar Funds collectively, the "TransCare Lenders") were the lenders.

C. As of the TransCare Petition Date, the Zohar Funds were owed not less than $33,143,891.04 under the TransCare Facility (the "Zohar Claims").

D. On October 9, 2017, PPAS, in its capacity as administrative agent under the TransCare Facility, filed the following secured claims on behalf of the TransCare Lenders in the amount of not less than $35,090,492.76 (the "PPAS Claims"):

| Debtor | Case Number | Proof of Claim Number |
|---|---|---|
| TransCare Corporation | 16-10407 | 584 |
| TransCare New York, Inc. | 16-10408 | 73 |
| TransCare ML, Inc. | 16-10409 | 12 |
| TC Ambulance Group, Inc. | 16-10410 | 6 |
| TransCare Management Services, Inc. | 16-10411 | 7 |
| TCBA Ambulance, Inc. | 16-10412 | 6 |
| TC Billing and Services Corporation | 16-10413 | 29 |
| TransCare Westchester, Inc. | 16-10414 | 9 |
| TransCare Maryland, Inc. | 16-10415 | 21 |
| TC Ambulance North, Inc. | 16-10416 | 6 |
| TransCare Harford County, Inc. | 16-10417 | 12 |
| TransCare Pennsylvania, Inc. | 16-11057 | 16 |
| TC Ambulance Corporation | 16-11058 | 6 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 16 |

E. On March 11, 2018, the Zohar Funds commenced their own bankruptcy cases (the "Zohar Bankruptcy Cases") before the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

F. Pursuant to a settlement approved by the Delaware Bankruptcy Court on May 21, 2018 (with PPAS's consent) (the "Zohar-Patriarch Settlement"), Ankura replaced PPAS as administrative agent on the TransCare Facility with respect to the Zohar Claims. PPAS's administrative agency role for the Non-Zohar Lenders was not altered by the settlement in the Zohar Bankruptcy Cases and, upon information and belief, PPAS remains as administrative agent for the Non-Zohar Lenders to this day. Accordingly, from and after Ankura's appointment, the PPAS Claims was effectively split into two separate claims: the Zohar Claims that was controlled by Ankura and the Zohar Funds, and the claims of the Non-Zohar Lenders (the "Non-Zohar Claims") which was controlled by PPAS and the Non-Zohar Lenders.

G. On July 6, 2020, this Court entered a judgment (the "Judgment") against Lynn Tilton and PPAS, among other things, avoiding a pre-petition fraudulent conveyance to PPAS and temporarily disallowing the PPAS Claims under 11 U.S.C. § 502(d), subject to reinstatement upon recovery on the Judgment. Lynn Tilton and PPAS appealed entry of the Judgment.

H. On June 21, 2021, the Delaware Bankruptcy Court confirmed the Zohar Funds' chapter 11 plan of liquidation (the "Zohar Plan"), and on August 1, 2022, the Delaware Bankruptcy Court entered an order that, among other things, (1) approved certain modifications to the Zohar Plan, which became part of the Zohar Plan, and (2) confirmed such modifications as part of the Zohar Plan.

I. On August 2, 2022, the Zohar Plan went effective. Pursuant to the Zohar Plan, the Zohar Funds' interests in the TransCare Facility were transferred to Phoenix II Recovery, LLC and Phoenix III Recovery, LLC (the "Phoenix Recovery Entities").

J. On November 2, 2022, consistent with the Zohar-Patriarch Settlement and Ankura's replacement of PPAS as the Zohar Funds' agent under the TransCare Facility, Ankura filed the *Transfer of Claims Other Than for Security* [Docket No. 742] (the "Notice of Transfer") evidencing the transfer of the Zohar Claims from PPAS to Ankura.

K. On August 28, 2023, the Judgment was affirmed by the United States Court of Appeals for the Second Circuit.

L. On December 7, 2023, the Judgment was satisfied.

M. The Parties have been in discussion over the course of several years regarding various issues and positions relating to the Zohar Claims, the impact of the Judgment on the Zohar Claims, the priority of the Zohar Claims, the allowance of the Zohar Claims and various other

issues. In order to avoid the time and costs of litigating the various issues and disputes, the Parties have agreed to enter into this Stipulation, subject to approval by this Court.

## TERMS AND CONDITIONS

1. The Parties agree that Ankura, on behalf of itself and the Phoenix Recovery Entities, as successors in interest to the Zohar Funds, shall have allowed, non-priority general unsecured claims against each Debtor in the following amounts, without any objection, reduction, deduction or setoff, which shall be paid by the Trustee pro rata with all other non-priority, general unsecured claims at the same time such other claims are paid (the "Allowed Zohar Claims"):

| Facility | Phoenix II Recovery, LLC and Phoenix III Recovery, LLC (loans formerly held by Zohar CDO 2003-1, Limited) | Phoenix II Recovery, LLC (loans formerly held by Zohar II 2005-1, Limited) | Phoenix III Recovery, LLC (loans formerly held by Zohar III, Limited) |
|---|---|---|---|
| Term Loan A | | | $15,584,129.76 |
| Term Loan B | $3,500,000.00 | | |
| Term Loan D | | | $2,961,052.63 |
| Term Loan E | | $850,000.00 | |
| Delayed Draw Term Loan F | | | $2,000,000.00 |
| Delayed Draw Term Loan F.F. | | | $1,499,960.00 |
| Revolving Credit A Loan | | | $2,500,000.00 |
| Term Loan G | | $4,150,000.00 | |
| Term Loan H | $5,405.40 | $13,942.90 | $79,400.35 |
| **Total** | **$3,505,405.40** | **$5,013,942.90** | **$24,624,542.74** |

2.  The Allowed Zohar Claims shall be allowed in the following amounts in the following estates:

| Debtor | Case Number | New Proof of Claim Number | Allowed Claim Amount |
|---|---|---|---|
| TransCare Corporation | 16-10407 | 673 | $33,143,891.04 |
| TransCare New York, Inc. | 16-10408 | 85 | $33,143,891.04 |
| TransCare ML, Inc. | 16-10409 | 17 | $33,143,891.04 |
| TC Ambulance Group, Inc. | 16-10410 | 10 | $33,143,891.04 |
| TransCare Management Services, Inc. | 16-10411 | 10 | $33,143,891.04 |
| TCBA Ambulance, Inc. | 16-10412 | 10 | $33,143,891.04 |
| TC Billing and Services Corporation | 16-10413 | 34 | $33,143,891.04 |
| TransCare Westchester, Inc. | 16-10414 | 14 | $33,143,891.04 |
| TransCare Maryland, Inc. | 16-10415 | 24 | $33,143,891.04 |
| TC Ambulance North, Inc. | 16-10416 | 10 | $33,143,891.04 |
| TransCare Harford County, Inc. | 16-10417 | 15 | $33,143,891.04 |
| TransCare Pennsylvania, Inc. | 16-11057 | 19 | $33,143,891.04 |
| TC Ambulance Corporation | 16-11058 | 12 | $33,143,891.04 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 22 | $33,143,891.04 |

3.  Any and all payments on account of the Allowed Zohar Claims shall be paid directly to:

>   Bank Name: Huntington National Bank
>   Bank Address: 41 South High St. Columbus, OH 43287
>   Account Number: 01893484573
>   Routing Number: 044000024
>   Account Name: ANKURA TRUST COMPANY LLC
>   SWIFT Code: HUNTUS33

4.  If and to the extent any of (a) PPAS, (b) Lynn Tilton, (c) Patriarch Partners Management Group, LLC, (d) any Non-Zohar Lender, or (e) any affiliate of (a)-(d), is allowed to recover post-petition interest or is allowed a claim in a priority other than a non-priority, general unsecured claim, the Phoenix Recovery Entities shall have the right to, at their option, either

(i) terminate this Stipulation in full and return the Parties to the status quo ante as if this Stipulation were never executed or approved by the Court or (ii) elect to be afforded, on account of the claims held by Ankura on behalf of itself and the Phoenix Recovery Entities, the same treatment without the need for any additional litigation or action by the Court. If and to the extent the Phoenix Recovery Entities terminate this Stipulation in accordance with this paragraph 4, the recitals and provisions of this Stipulation shall be inadmissible in any subsequent litigation involving the Parties.

5. Nothing set forth herein is intended to, nor shall it, affect the claims of the Non-Zohar Lenders (including the Non-Zohar Claims) or any rights, claims, objections, or defenses the Trustee may have to such claims. Upon entry of the order approving this Stipulation, the Trustee shall be entitled to treat the following claims as reduced to the following amounts giving effect to the Notice of Transfer and this Stipulation, subject to the rights of the Trustee to object such reduced claims:

| **Debtor** | **Case Number** | **Proof of Claim Number** | **Reduced Claim Amount** |
|---|---|---|---|
| TransCare Corporation | 16-10407 | 584 | $11,946,601.72 |
| TransCare New York, Inc. | 16-10408 | 73 | $11,946,601.72 |
| TransCare ML, Inc. | 16-10409 | 12 | $11,946,601.72 |
| TC Ambulance Group, Inc. | 16-10410 | 6 | $11,946,601.72 |
| TransCare Management Services, Inc. | 16-10411 | 7 | $11,946,601.72 |
| TCBA Ambulance, Inc. | 16-10412 | 6 | $11,946,601.72 |
| TC Billing and Services Corporation | 16-10413 | 29 | $11,946,601.72 |
| TransCare Westchester, Inc. | 16-10414 | 9 | $11,946,601.72 |
| TransCare Maryland, Inc. | 16-10415 | 21 | $11,946,601.72 |
| TC Ambulance North, Inc. | 16-10416 | 6 | $11,946,601.72 |
| TransCare Harford County, Inc. | 16-10417 | 12 | $11,946,601.72 |
| TransCare Pennsylvania, Inc. | 16-11057 | 16 | $11,946,601.72 |
| TC Ambulance Corporation | 16-11058 | 6 | $11,946,601.72 |
| TC Hudson Valley Ambulance Corp. | 16-11059 | 16 | $11,946,601.72 |

6. Ankura has been directed in accordance with the loan documentation governing the TransCare Facility to enter into this Stipulation. Ankura shall neither have nor incur any liability to any person or entity arising from or relating to any act or omission taken in accordance with this Stipulation.

7. The Parties expressly agree and acknowledge that entry into this Stipulation shall not in any way constitute or be deemed to be an admission or concession by any Party as to any matter.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, *provided that*, with respect to the Trustee, this Stipulation requires approval of this Court.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so ordered by this Court.

Dated: August 27, 2025  
       Wantagh, New York

LaMONICA HERBST & MANISCALCO, LLP

*/s/ Gary F. Herbst*
Gary Herbst
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

*Counsel to Salvatore LaMonica, as Trustee*

Dated: August 27, 2025
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joseph Barry*
Joseph Barry
Rockefeller Center
1270 Avenue of the Americas, Suite 2210
New York, New York 10020
Telephone: (212) 332-8840

*Counsel to the Phoenix Recovery Entities, as successors in interest to the Zohar Funds*

Dated: August 27, 2025
       Fairfield, Connecticut

ANKURA TRUST COMPANY, LLC

*/s/ Andrew Harmeyer*
Andrew Harmeyer
55 Hudson Yards
New York, New York 10001
Attention: Andrew Harmeyer
Telephone: (212) 530-5865

*Counsel to Ankura, as Agent*

IT IS SO ORDERED: